**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GREGORY BOYD et al.**, | CIVIL NO. 26-1066-MAJ |
| Plaintiffs, | |
| v. | |
| **BANCO POPULAR DE PUERTO RICO et al.**, | |
| Defendants. | |

**MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 4(m)**

**TO THE HONORABLE COURT:**

**COMES NOW** PCC Sub-Cde 13, LLC ("PCC"), through the undersigned counsel, and without submitting to the Court's jurisdiction or waiving any argument or defense, respectfully states and prays as follows:

## I.     INTRODUCTION

PCC moves to dismiss the Civil RICO Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 4(m) for untimely service of process. The Complaint was filed on February 7, 2026, see Docket No. 1, giving Plaintiffs until May 8, 2026—ninety (90) days from filing—to serve all defendants. Despite this clear deadline, Plaintiffs failed to serve PCC within the prescribed period. Instead, they attempted to effect service on May 17, 2026, nine days after the deadline expired. See Docket No. 82.[1] At no point did Plaintiffs seek an extension of time, either before or after the deadline passed, much less show cause why such an extension was

---

[1] When Plaintiffs noticed the summons as returned executed, seemingly aware of the untimeliness, they falsely stated in the CM/ECF system upon filing that the service date was May 1, 2026. See docket text entry at Docket No. 82. However, the Proof of Service filed reflects the service date as May 17, 2026. See Docket No. 82 at 2. Plaintiffs' purposeful misrepresentation should not go unsanctioned.

warranted. Dismissal is therefore mandatory, absent a showing of good cause, which Plaintiffs cannot make. Nor should this Court exercise its discretion to grant additional time, as the relevant factors weigh decisively against Plaintiffs. Plaintiffs' counsel are experienced federal practitioners who have been aware of PCC since at least 2022, when they filed the original RICO complaint in Civil No. 22-1190 against substantially the same parties and based on the same alleged overarching facts and claims. Their failure to timely serve PCC is not an isolated oversight. There are over twenty named defendants in this action, excluding conjugal partnerships, yet the case docket reflects that timely service was purportedly effected on only seven of them. Plaintiffs have thus not merely committed a technical error as to PCC; they have systematically failed to discharge their service obligations across the board. Under these circumstances, Rule 4(m) warrants dismissal of the Complaint as to PCC.

## II.    DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Failure to properly serve process within Rule 4(m)'s deadline results in dismissal of the action without prejudice against that defendant unless the plaintiff shows good cause for the failure. Id. Without proper service of process on a defendant named in a complaint, the court is barred from exercising jurisdiction over it. Díaz-Rivera v. Supermercados Econo Inc., 18 F. Supp. 3d 130, 132-33 (D.P.R. 2014) (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)).

**A.    Plaintiffs Cannot Establish Good Cause for Their Failure to Timely Serve PCC.**

The burden of establishing good cause rests with the plaintiff. Moreno-Pérez v. Toledo-Dávila, 266 F.R.D. 46, 49 (D.P.R. 2010). Good cause is typically found only in limited circumstances: where the plaintiff's failure to complete service in a timely manner resulted from the conduct of a third party, typically the process server; where the defendant evaded service or

engaged in misleading conduct; where the plaintiff has acted diligently in attempting to effect service despite understandable mitigating circumstances; or where the plaintiff is proceeding *pro se* or in *forma pauperis*. Id. at 49-50. Mere inadvertence, neglect, or mistake of counsel does not constitute good cause. See Barco Arroyo v. Fed. Emergency Mgmt. Agency, 113 F.R.D. 46, 48 (D.P.R. 1986). None of these circumstances are present here.

Critically, this district court has repeatedly held that a plaintiff's failure to seek an extension of time weighs heavily, and often dispositively, against any attempt to show good cause, particularly when the plaintiff is or should be aware that service will not be timely. See Díaz-Rivera, 18 F. Supp. 3d at 134 (explaining that it was plaintiff's "duty to ensure timely service of the summons on [defendant] by requesting an extension" and "[h]aving neglected to do so, [plaintiff] fail[ed] to establish good cause to excuse a Rule 4(m) violation."); Yordan v. Am. Postal Workers Union, AFL-CIO, 293 F.R.D. 91, 95 (D.P.R. 2013) ("Failure to seek an extension of time may also weigh against a plaintiff's showing of good cause when the plaintiff is aware that service will not be timely."); Padilla Cintrón v. Rosselló González, 247 F. Supp. 2d 48, 61 (D.P.R. 2003) ("[T]he Court is puzzled as to why Plaintiff did not seek an extension of time to serve Defendants. […] Ultimately, the Court finds that Plaintiff has not demonstrated 'good cause' for the delay in serving."); Barco Arroyo, 113 F.R.D. at 48 (explaining that "inadvertent or heedless nonservice" is precisely what the time limitation of Rule 4 was designed to prevent).

Here, the record conclusively establishes that Plaintiffs cannot demonstrate good cause. The Complaint was filed on February 7, 2026. See Docket No. 1. Accordingly, Plaintiffs had until May 8, 2026—a full ninety days—to serve all defendants. Yet Plaintiffs did not serve PCC until May 17, 2026, after the deadline had expired. See Docket No. 82. Plaintiffs have not shown that they made any reasonable efforts to serve PCC within the deadline, even though other defendants

had been served or asked to waive service during the same period. At no point did Plaintiffs seek an extension of time. This failure is fatal to any claim of good cause. See Díaz-Rivera, 18 F. Supp. 3d at 134.

Moreover, Plaintiffs' counsel have been actively prosecuting multiple related federal actions since April 2022. See Civil No. 22-1190 (GMM) and Civil No. 24-1569 (PAD). The operative complaints in those cases already contained detailed allegations regarding PCC and the New Market Tax Credit financing at issue here, dating back to 2020. See, e.g., Civil No. 22-1190, Docket No. 147 ¶¶ 71-82, 479; Civil No. 24-1569, Docket No. 57, p. 5, ¶¶ 39, 63, 87, 150 (referring to the "New Market Tax Credit loan"). Plaintiffs thus had full knowledge of PCC's identity and role for years before filing the instant Complaint yet still failed to serve PCC within the prescribed period. This is not a case of excusable oversight; it is a case of inexcusable neglect by seasoned litigators who were well aware of both the deadline and the defendant. Their failure to seek a timely extension weighs heavily against any showing of good cause and compels dismissal.

**B.      The Court Should Not Expand Plaintiffs' Time to Effect Service.**

The relevant factors weigh decisively against exercising discretion to reopen or extend the time to effect service. Crucially, Plaintiffs have made no effort to shoulder their burden of persuading the Court that an extension is warranted. Far from it, they misrepresented the service date in the CM/ECF docket text, suggesting they had served earlier (within the 90 days of Rule 4m) and made no request for an extension in a timely manner (or at all).

In any event, in determining whether to grant a discretionary extension, courts in this district consider, among other factors: (a) whether the party to be served received actual notice of the lawsuit; (b) whether the plaintiff would be severely prejudiced if his complaint were dismissed; and (c) whether the defendant would suffer prejudice. Moreno-Pérez, 266 F.R.D. at 50. These factors counsel against granting Plaintiffs additional time.

Recognizing the practical nature of this inquiry, we begin by the prejudice factors. Dismissal does not severely prejudice Plaintiffs. Dismissal under Rule 4(m) is without prejudice, meaning Plaintiffs could refile and properly serve PCC, assuming they have a viable claim against PCC. It is also notable that even taking as true the scarce well-pleaded facts in Plaintiffs' bloated complaint, PCC's purported role in this action is, at best, peripheral. PCC is named in the Complaint as a wholly-owned subsidiary of BPPR that served as the New Market Tax Credit ("NMTC") lender for the project at El Coquí Landfill. The Complaint's core allegations focus on other defendants. Hence, dismissal without prejudice of the claims against PCC would not severely impact Plaintiffs nor prevent them from litigating their claims against other defendants who were timely served.[2]

Further, even if service had been timely, the claims against PCC would be subject to dismissal for other reasons, including as set forth by the BPPR Defendants at Docket No. 62 and statute of limitations. As Plaintiffs themselves have posited in the multiple, repetitive cases they have filed before this district court, the financing which they seek to portray as somehow unlawful dates back to September 2020. This includes the NMTC financing by PCC. See, *e.g.*, Civil No. 22-1190, Docket No. 147 at ¶ 71 ("On September 15, 2020, PCE-SUB CDE 13, LLC, which is a wholly-owned subsidiary of Banco Popular, along with Capital One, lent BGF $7.2 million through the Federal New Markets Tax Credit program for the purchase of the equipment for the biorefinery."). Because both the Bank Holding Company Act's (BHCA) and RICO have a four-year statute of limitations, that means any claims against PCC allegedly based on those laws—the jurisdictional  hooks for the captioned case—are time-barred. See 12 U.S.C. § 1977; Álvarez-Maurás v. Banco Popular de Puerto Rico, 919 F.3d 617, 622 (1st Cir. 2019). Given these circumstances,

---

[2] The claims against other defendants may be separately barred or subject to dismissal for different reasons, however, as the BPPR Defendants pointed out at Docket No. 62.

dismissal under Rule 4m is clearly not prejudicial to Plaintiffs. Their claims are subject to dismissal under multiple grounds.

It bears noting, moreover, that any prejudice to Plaintiffs flows directly from their own litigation choices, and not the enforcement of a straightforward procedural deadline. Despite their obvious knowledge of PCC and its alleged role for the past 4+ years,[3] Plaintiffs chose not to sue it in the prior actions they filed, only to include it as a defendant in this third repetitive action and then drag their feet with service. In short, Plaintiffs face no cognizable prejudice from dismissal that they have not brought upon themselves through years of dilatory and procedurally deficient litigation conduct.

Conversely, PCC would be materially prejudiced by a discretionary extension. Allowing late service to stand would force PCC to litigate a complaint that is, on its face, barred by the applicable statute of limitations, precluded by prior adjudications, duplicative of previously dismissed claims, and legally deficient. PCC has a cognizable interest in repose, and that interest is particularly strong where, as here, the underlying claims have already been adjudicated and found wanting by two separate federal courts. This is the third federal action Plaintiffs have filed arising from the same nucleus of facts and transactions. Subjecting PCC to the burden and expense of defending yet another meritless action, requiring it to retain counsel, go through the motions, and expend resources on claims that should never have survived the service stage, solely because

---

[3] Plaintiffs chose not to include PCC as a defendant in the prior RICO and BHCA cases dismissed by this Court, but nonetheless included multiple allegations concerning PCC and the NMTC financing in those cases. See, e.g., Civil No. 22-1190, Docket No. 1 at ¶ 230 ("By fraudulently diverting time, expenses, money, and funding from the Project into the Dominican Republic, López Vidal has violated his fiduciary duty to BGF and its investors, violated the terms of the Banco Popular and Capital One loan and has illegally used the proceeds of the Federal New Market Tax Credit loan in violation of 18 U.S.C. §§ 1344, and 1957 and Section 45 of the Internal Revenue Code."); Docket No. 147 at ¶ 71 ("On September 15, 2020, PCE-SUB CDE 13, LLC, which is a wholly-owned subsidiary of Banco Popular, along with Capital One, lent BGF $7.2 million through the Federal New Markets Tax Credit program for the purchase of the equipment for the biorefinery."), ¶ 76 ("The Lópezes have produced only one quarterly report filed since PCE-SUB CDE 13 issued the NMTC loan and in September 2020 Banco Popular's PPC SUB CDE-13, LLC has not raised red flags despite being eight reports behind.").

Plaintiffs failed to comply with a straightforward procedural deadline constitutes cognizable prejudice that cuts against a discretionary extension. Courts have inherent authority to manage their dockets and deter vexatious and repetitive litigation. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991). PCC respectfully submits that the Court should, in the exercise of such authority, dismiss the claims against it under Fed. R. Civ. P. 4(m).

Finally, the notice prong does not assist Plaintiffs either. Even assuming, arguendo, that PCC had some form of notice, this factor alone cannot overcome the remaining considerations, particularly where Plaintiffs themselves were fully aware of the service deadline and took no action to comply with it. The ninety-day deadline imposed by Rule 4(m) is a well-established, bright-line rule with which experienced federal litigants are expected to comply. This deadline was expressly documented in the docket text of Docket No. 1. See Docket No. 1 text ("(Service due by 5/8/2026)"). Despite this, Plaintiffs made no attempt to seek an extension before the deadline expired on May 8, 2026, and served PCC nine days too late. Plaintiffs' complete inaction in the face of a known deadline undercuts any argument that the Court should exercise its discretion in their favor.

Rewarding Plaintiffs' failure to comply with basic procedural rules, in the context of a complaint that two prior federal courts have already found to be legally deficient, would undermine the orderly administration of justice, incentivize further procedural carelessness, and signal that serial litigants may disregard court-imposed deadlines with impunity. Considerations of judicial economy further militate against an extension, as permitting this action to proceed against PCC would consume scarce judicial resources on claims that are substantively foreclosed. Accordingly, this Honorable Court should decline to exercise its discretion to extend the time for service and should dismiss the claims against PCC.

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against PCC. Dismissal is warranted under Rule 4(m) because Plaintiffs failed to effect timely service, have not demonstrated good cause for the failure, and the relevant discretionary factors weigh decisively against granting an extension of time.

**WHEREFORE**, PCC respectfully requests that the Court dismiss the Complaint as to PCC pursuant to Rule 4(m) for untimely service.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 8th day of June 2026.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

*/s/ María Dolores Trelles Hernández*
María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

*/s/ María Elena Martínez Casado*
María Elena Martínez Casado
USDC-PR Bar No. 305309
mmartinez@pmalaw.com

*/s/ Marielena Melero Pardo*
Marielena Melero Pardo
USDC-PR Bar No. 310113
mmelero@pmalaw.com