**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Gregory Boyd, et. al. | Civil No.: 26-cv-1066 (MAJ) |
| Plaintiffs | |
| v. | |
| Banco Popular de Puerto Rico, et. al. | |
| Defendants | |

## MOTION TO HOLD IN ABEYANCE A RULING ON PLAINTIFFS' MOTIONS AT ECF NO. 74-75 AND FOR DISMISSAL UNDER FED. R. CIV. P. 4(m)

**TO THE HON. MARÍA ANTONGIORGI-JORDÁN, U.S. DISTRICT JUDGE:**

Nominal defendants GFC Holdings Limited Liability Company ("GFC") and Biomass Green Fuels, LLC ("BGF") (collectively, the "Companies"), appearing specially and without submitting to the Court's jurisdiction[1], respectfully move this Court to hold in abeyance any ruling on Plaintiffs' Motion to Disqualify (ECF No. 74) and Plaintiffs' companion Motion for Limited Pre-Conference Discovery (ECF No. 75) until the Court has first resolved the threshold questions that may dispose of this case in its entirety. The Companies further move for an order dismissing the complaint against them under Fed. R. Civ. P. 4(m).[2] In support of this motion, the Companies respectfully state and pray as follows:

---

[1] The Companies appear specially, and without submitting to the Court's jurisdiction, because they have neither been served with process nor waived service of summons. Nothing in this motion is intended as or should be construed as a general appearance or a submission of the Companies to the Court's jurisdiction, and the Companies expressly reserve all defenses. The Companies' Special Appearance filed at ECF No. 49 was done to comply with the Court's order at ECF No. 36 and considering the extraordinary and unusual request made by the Plaintiffs at ECF No. 41.

[2] Rule 4(m) reads: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."

## I.    INTRODUCTION

Plaintiffs' motion to disqualify the Companies' counsel and their request for discovery (ECF No. 74-75) is a litigation tactic that shifts the Court's and parties' attention away from the merits and onto collateral disputes.  When a disqualification motion, with its attendant discovery, is interposed before threshold, case-dispositive questions are resolved, there is serious risk that the disqualification issue will displace the merits as the kind of satellite litigation that district courts are cautioned to avoid. The logical and orderly course is to resolve case-ending questions first.

Two threshold questions stand to dispose of this action against the Companies. The first is already before the Court. Through its April 14, 2026 Order to Show Cause (ECF No. 45), the Court has directed Plaintiffs to address why this action should not be dismissed in light of Boyd v. López Vidal, No. 3:22-cv-01190-GMM, 2026 WL 771966 (D.P.R. Mar. 18, 2026), which dismissed materially identical claims as a matter of law. The second one is that the Court lacks personal jurisdiction over the Companies because they were never served within the ninety days Fed. R. Civ. P. 4(m) allows, a period that expired on May 8, 2026. Either question, resolved in the Companies' favor, ends this action and moots Plaintiffs' Motion to Disqualify (ECF No. 74) and their companion Motion for Limited Pre-Conference Discovery (ECF No. 75).

The disqualification motion and its companion request for discovery would draw the Court and the parties into a collateral contest over the Companies' counsel, and into intrusive discovery concerning the attorney-client relationship, before the Court has examined the legal sufficiency of Plaintiffs' claims or confirmed its jurisdiction over the Companies. That is the precise inversion of priorities that Fed. R. Civ. P. 1 counsels against to avoid satellite litigation. And deferral of Plaintiffs' motions at ECF No. 74-75 imposes no cognizable prejudice on Plaintiffs if their claims and this Court's jurisdiction are sustained.  Quite the contrary, it conserves the resources of the Court and the parties if they are not. The orderly course, and the one that protects this Court's docket, is to decide the case-ending questions first.

## II. ARGUMENT

**A. The Court Has Broad Inherent Authority to Control the Sequence of Its Docket and to Hold Collateral Motions in Abeyance.**

Since <u>Landis v. North American Co</u>., 299 U.S. 248 (1936), it is well settled that the power to stay or defer proceedings is incidental to the power inherent in every district court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In assessing whether to defer, courts weigh the prejudice (if any) to the non-moving party, the hardship to the moving party if forced to go forward, whether deferral will simplify the issues, and the stage of the litigation. <u>Id</u>., at 254.

Here, every consideration favors abeyance because the disqualification dispute is collateral, the case-ending questions are already pending, deferral will simplify (and may eliminate) the disqualification and discovery issues, and the litigation is at its earliest stage.

**B. A Motion to Disqualify Counsel Becomes Moot When the Underlying Case Is Dismissed.**

A motion to disqualify counsel presents a live controversy only so long as the underlying case survives. The Seventh Circuit so held in <u>Weigel v. Shapiro</u>, 608 F.2d 268 (7th Cir. 1979), explaining that "the motion to disqualify is a live issue only if the cause of action itself survives," that the motion "depends on some adverse relationship between defendants and the Corporation," and that "the dismissal of the amended complaint would render any opinion on the merits of the disqualification motion merely advisory." <u>Id</u>., at 272. By the same token, in <u>CS Stars LLC v. First Allmerica Financial Life Insurance Co</u>., 522 F. Supp. 2d 1018 (N.D. Ill. 2007), the district court concluded that because "[a]ll of Plaintiff's claims have been dismissed," the motion to disqualify "should be denied as moot." <u>Id</u>., at 1020; see also <u>Whelan v. Pascale</u>, No. 13-CV-6998 JFB AKT, 2014 WL 4638851, at *3 n. 2 (E.D.N.Y. Sept. 16, 2014), *aff'd*, 610 F. App'x 19 (2nd Cir. 2015) ("Plaintiffs' motion to disqualify defendants' counsel is mooted by the Court's dismissal of the complaint in its entirety. As discussed *infra,* the claims fail as a matter of law and, thus, the disqualification issue raised by plaintiffs' motion (relating to defendants' counsel being a

3

potential witness) is irrelevant and moot"); In re Hansel, No. ADV 08-3177, 2012 WL 3113849, at *15 (Bankr. D. Minn. June 15, 2012) ("Because the Defendants' motion for dispositive relief should be granted, this portion of the motion [to disqualify] should be held moot, and denied").

The rationale is straightforward. Disqualification serves to protect the integrity of an ongoing proceeding. When there is no surviving proceeding to protect, there is nothing left for a disqualification ruling to accomplish, and any decision on the merits would be advisory. Weigel, 608 F.2d at 272.

Two independent paths lead to dismissal here, and either one would moot the disqualification motion and its discovery.

First, the Order to Show Cause (ECF No. 45). On April 14, 2026, the Court directed Plaintiffs to show cause why this action should not be dismissed in light of Boyd v. López Vidal, No. 3:22-cv-01190-GMM, 2026 WL 771966. That concern is well founded because in López-Vidal the district court dismissed the same federal theories, RICO and securities fraud, pressed by the same Plaintiffs concerning the same biorefinery project, holding that those claims "fail as a matter of law" and that the diminished value of GFC and BGF is not a cognizable injury, derivatively or individually, for Boyd or Lassers. 2026 WL 771966, at *5 and *11. And, although Plaintiffs have appealed López-Vidal, "[a] pending appeal does not reduce the preclusive effect of a prior judgment." Univ. of Colorado Health at Mem'l Hosp. v. Burwell, 233 F. Supp. 3d 69, 87 (D.D.C. 2017).

If the federal claims here fail for the same reasons and supplemental jurisdiction is declined, the action should be dismissed in its entirety, and no cause of action would remain to which a disqualification motion could attach. The disqualification motion would then be moot. To adjudicate that motion before the Court has satisfied itself of the legal sufficiency of Plaintiffs' claims would risk an advisory ruling on a collateral question that the threshold dismissal may render academic.

Second, the complaint was filed on February 7, 2026, and the Rule 4(m) service window expired on or about May 8, 2026 without service on the Companies. Rule 4(m) provides that if a defendant is not served within ninety days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[3] Absent a showing of good cause under Rule 4(m) that Plaintiffs have not made, the complaint against the Companies should be dismissed without prejudice for lack of timely service. "This was a case not of defective service but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure [to timely serve them]." Burke v. City of Bos., 201 F.3d 426 (1st Cir. 1999).[4] It was Plaintiffs' obligation to show personal jurisdiction exists against the Companies and ensure that service is timely and properly done. Pérez-Sánchez v. Pub. Bldg. Auth., 557 F. Supp. 2d 224, 226–227 (D.P.R. 2007). Valid service is a prerequisite to personal jurisdiction. Without it, the Court lacks authority to adjudicate claims against the Companies and, necessarily, to disqualify their counsel.

The Companies have appeared specially, and solely to comply with the Court's order at ECF No. 36 to respond to the unusual and extraordinary relief sought by Plaintiffs at ECF No. 41. In each of their filings, the Companies disclosed that Plaintiffs had not served them with the summons and complaint. The Companies have thus "promptly, plainly and consistently preserved

---

[3] On March 10, 2026, Attorney Héctor Pedrosa appeared on behalf of the Companies at Plaintiffs' request, voluntarily submitted them to the Court's jurisdiction without Board approval, and answered the complaint by admitting all of its allegations. See ECF No. 32. Such answer is a nullity and should not subject the Companies to the Court's jurisdiction since the Companies neither engaged attorney Héctor Pedrosa nor authorized said pleading as explained in ECF No. 49. Accordingly, the Court should allow the March 12, 2026 motion filed by Attorney Héctor Pedrosa to withdraw the answer to the complaint and from the legal representation of the Companies. See ECF No. 34.

[4] Good cause may exist when plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, when the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances or it's a case of a pro se plaintiff. Radfar v. Crowley, 568 F. Supp. 3d 113, 116 (D. Mass. 2021). None of these scenarios are present here.

[their] personal jurisdiction defense based on [lack of] service of process." <u>Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.</u>, 953 F.2d 21, 26 (1st Cir. 1992).[5]

Because the disqualification question is entirely derivative of the Companies' presence in this case, the resolution of either threshold question in the Companies' favor eliminates the controversy that Plaintiffs' motions at ECF Nos. 74 and 75 seek to litigate.

**C. Deferring the Collateral Disqualification Litigation and Especially the Discovery Sought in ECF No. 75 Serves Judicial Economy and Avoids Unnecessary, Unrecoverable Expense.**

The discovery Plaintiffs seek at ECF No. 75 is not discovery on the merits. By its terms, it is directed to the engagement of the Companies' counsel, the source of compensation for the representation, and counsel's communications with third parties. It is, in other words, discovery in aid of a single collateral motion, the Motion to Disqualify (ECF No. 74), and nothing else.[6] Because the disqualification motion itself should be held in abeyance for the reasons stated above, the discovery offered in its support should be held in abeyance with it. There is no good cause to compel collateral, attorney-client discovery in service of a motion the Court has not reached, against parties the Court has not confirmed are properly before it, while a pending Order to Show Cause may dispose of the action altogether.

Discovery is not warranted while a potentially dispositive motion remains pending. A district court has "broad discretion to stay discovery pending resolution of a motion to dismiss," an authority incidental to the inherent power recognized in <u>Landis</u>. <u>Channing Bete Co. v. Greenberg</u>, No. 3:19-cv-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021). A pending dispositive motion constitutes good cause for that stay, because deferring discovery in

---

[5] The Companies' request for the Court to evaluate whether Plaintiffs' conduct, and that of their counsel, is sanctionable, is not tantamount to a waiver of personal jurisdiction. <u>Chase v. Pan-Pac. Broad., Inc.</u>, 750 F.2d 131, 132 (D.C. Cir. 1984) (reversing a "district court's determination that a defendant who interposes a counterclaim thereby waives a simultaneously asserted personal jurisdiction defense"). And "the Court's lack of personal jurisdiction over [the Companies] does not preclude the Court from [sanctioning the Plaintiffs and their counsel]." <u>Mcmanus v. D.C.</u>, 545 F. Supp. 2d 129, 135 (D.D.C. 2008).

[6] Plaintiffs' attempt to justify discovery because of the Companies' request for the Court to evaluate their conduct and that of their counsel is meritless as Attorney Pedrosa recognized, after receiving the two District Court decisions (ECF No. 49-1), that he was not engaged by the Board of Managers and, thus, the reason for his withdrawal of the answer to complaint and his legal representation of the Companies.  ECF No. 34.

those circumstances "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." Id. The same is true of pre-conference discovery, to which a party is not entitled absent a court order and a showing of good cause measured by "the reasonableness of the request in light of all of the surrounding circumstances." Wilcox Indus. Corp. v. Hansen, 279 F.R.D. 64, 67 (D.N.H. 2012) (citation omitted); see Fed. R. Civ. P. 26(d)(1). Among the surrounding circumstances, the pendency of a potentially dispositive motion weighs against allowing such discovery to commence. Wilcox, 279 F.R.D. at 71–72.

Here, no good cause exists for two independent and reinforcing reasons. First, the Court has not confirmed personal jurisdiction over the Companies, who have not been served and appear only specially. Wilcox is directly on point. There, the court declined to order pre-conference discovery in part because a defendant had moved to dismiss for lack of personal jurisdiction, reasoning that it was "difficult to see how justice would be served by putting [that defendant] to the trouble of producing the information" sought before the court determined "whether [it] even has personal jurisdiction over [the defendant] in the first instance." Id. at 72. The Companies stand even in a stronger position than the defendant in Wilcox. In that case the defendant merely contested jurisdiction.  Here, the Companies have not been served at all, and the Rule 4(m) period has expired. To compel discovery from parties whose presence before the Court is unconfirmed would invert the proper order of decision.

Second, the Court has not ruled on its April 14, 2026 Order to Show Cause (ECF No. 45), which may dispose of the action. Channing Bete confirms that this alone supplies good cause to defer discovery, and that the prospect a single claim might survive does not change the result, because "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." 2021 WL 4398510, at *3 (citation omitted). The discovery sought by the Plaintiffs is collateral rather than directed to the merits, it intrudes upon the attorney-client relationship of parties not yet shown to be before the Court, and a separate threshold ruling may end the action entirely.

Nor would deferral prejudice Plaintiffs. The disqualification motion itself is a device the First Circuit views with disfavor for its potential as a tactical instrument, Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984), and the discovery in its support shares that collateral character. If the threshold questions are resolved in the Companies' favor, the disqualification motion and its discovery fall away as moot. Should the action be dismissed, whether on the merits or for lack of timely service, the discovery and the attendant intrusion will have served no purpose. The balance of equities therefore favors holding ECF No. 75 in abeyance together with the motion to disqualify (ECF No. 74) it serves.

### III. CONCLUSION

The Companies do not ask the Court to resolve the disqualification question against Plaintiffs at this juncture. They ask only that the Court first take up the two threshold questions that determine whether any controversy in which that question could arise will remain before it. For the foregoing reasons, the Companies respectfully request that the Court hold in abeyance any ruling on Plaintiffs' Motion to Disqualify (ECF No. 74) and Plaintiffs' Motion for Limited Pre-Conference Discovery (ECF No. 75) pending resolution of the Court's April 14, 2026 Order to Show Cause and the question of the Companies' dismissal under Federal Rule of Civil Procedure 4(m).

In the alternative, should the Court deny this motion, the Companies respectfully request that they be granted thirty (30) days from the date of such denial within which to file their oppositions to Plaintiffs' Motion to Disqualify (ECF No. 74) and Plaintiffs' Motion for Limited Pre-Conference Discovery (ECF No. 75), as well as any responsive pleading and/or dispositive motion if the Court finds that personal jurisdiction indeed exists.

WHEREFORE, it is respectfully requested that this motion be granted for the reasons set forth above and that the Court hold in abeyance any ruling on Plaintiffs' motions at ECF No. 74-75 and dismiss the action against the Companies without prejudice pursuant to Rule 4(m). Alternatively, the Companies request an extension as explained above.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, a true and exact copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to the attorneys and parties registered therewith.

**RESPECTFULLY SUBMITTED.**

Electronically filed on this 8th day of June 2026.

**ABESADA LAW OFFICES**
Counsel for GFC Holdings, LLC and
Biomass Green Fuels LLC
1357 Ashford Ave. 2-184
San Juan, Puerto Rico 00907
Tel. (787) 948-5131

*/s/ Roberto Abesada-Agüet*
USDC-PR No. 216706
ra@abesada.com