**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Gregory Boyd, et. al. | Civil No.: 26-cv-1066 (MAJ) |
| Plaintiffs | |
| v. | |
| Banco Popular de Puerto Rico, et. al. | |
| Defendants | |

## <u>REPLY TO PLAINTIFFS' OPPOSITION AT ECF NO. 73</u>

**TO THE HON. MARÍA ANTONGIORGI-JORDÁN, U.S. DISTRICT JUDGE:**

Nominal defendants GFC Holdings Limited Liability Company ("GFC") and Biomass Green Fuels, LLC ("BGF") (collectively, the "Companies"), appearing specially and without submitting to the Court's jurisdiction[1], respectfully submit this reply to Plaintiffs' Opposition (ECF No. 73) under Local Civil Rule 7(c) and state as follows:

## I. INTRODUCTION

The question that required the Companies' Special Appearance (ECF No. 49) is a narrow and already answered one: whether Plaintiffs' own attorneys may also represent the Companies in this action. Two judges of this District have considered that question, construing the same Operating Agreement (ECF No. 49-2), and twice answered no. Rather than accepting those rulings and proceeding to the merits of their claim, Plaintiffs have responded to the Companies' Special Appearance with a lengthy disqualification motion and request for discovery (ECF No. 73–75), which are litigation tactics disproportionate to the narrow question presented in Plaintiffs'

---

[1] The Companies appear specially, and without submitting to the Court's jurisdiction, because they have neither been served with process nor waived service of summons. They have appeared to comply with the Court's order at ECF No. 36 and in view of the extraordinary relief requested by the Plaintiffs at ECF No. 41. Nothing in this reply, and nothing in the Special Appearance, is intended as or should be construed as a general appearance or a submission of the Companies to the Court's jurisdiction, and the Companies expressly reserve all defenses.

motion to have their attorneys appear on behalf of the Companies (ECF No. 41).[2] The effect, if not the design, is to convert a discrete representation question that turns on the interpretation of the Operating Agreement and two District Court decisions into a sprawling collateral contest, the very "satellite litigation" the Supreme Court has cautioned district courts to avoid.[3]

Plaintiffs' main argument against the imposition of sanctions is that the Companies did not satisfy the "mandatory safe-harbor" of Fed. R. Civ. P. 11(c)(2). That contention rests on the premise that Rule 11 governs the conduct the Companies seek the Court to review against the Plaintiffs and their counsel. With respect, it does not. Rule 11 reaches only the content of signed papers filed with the Court. The conduct identified by the Companies in their Special Appearance (ECF No. 49) is not the content of any pleading. It concerns events that occurred *outside* the pleadings. That conduct comprises the non-disclosure of two dispositive decisions of this District to Attorney Héctor Pedrosa and to this Court, the engagement of Attorney Héctor Pedrosa without Board approval, the resulting submission of the Companies to this Court's jurisdiction prior to service of process, and the unauthorized admission of the complaint's allegations. That conduct lies beyond Rule 11. It falls squarely within the Court's inherent authority and 28 U.S.C. § 1927 to sanction bad-faith and vexatious litigation, neither of which carries a safe-harbor requirement.

Because Plaintiffs' leading arguments depend on a rule that does not apply, the Court should grant the Companies' Special Appearance (ECF No. 49). The remainder of the Opposition does not address the conduct that prompted the Special Appearance, and the questions it raises concerning undersigned counsel's representation of Banco Popular are not properly before the Court in ECF No. 41, 49, and 73.

---

[2]Motions to disqualify are "viewed with disfavor" in this Circuit precisely because of their potential for use as a tactical device. Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984). Plaintiffs' Motion to Disqualify at ECF No. 74 and for leave to perform discovery (ECF No. 75) are addressed in the Companies' separately filed Motion to Hold ECF No. 74-75 in abeyance.  Plaintiffs' lengthy motions filed at ECF No. 74-75 are themselves quintessential examples of vexatious litigation, which is sanctionable.  Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd., 760 F.2d 1045 (9th Cir. 1985) (affirming sanctions for vexatious litigation because of filing of frivolous motion to disqualify opposing counsel).

[3]"Satellite litigation" is the Supreme Court's own term for collateral disputes that proliferate around, and threaten to displace, the merits of a case. Chambers v. NASCO, Inc., 501 U.S. 32, 51 (1991) (cautioning against procedures that "serve only to foster extensive and needless satellite litigation"); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) (warning about "satellite litigation" in the Rule 11 context). Ironically, Plaintiffs invoke this same concern in their Opposition. See ECF No. 73 at 20.

Plaintiffs' motion at ECF No. 41 should be denied and the Court should determine, within its discretion, whether Plaintiffs' conduct and that of their counsel is sanctionable as explained in the Companies' Special Appearance at ECF No. 49.

## II. ARGUMENT

**A.   Rule 11 Does Not Apply, Because the Conduct at Issue Occurred Outside the Pleadings and Is Not the Content of Any Pleading.**

Rule 11 is, by its terms, a rule about papers. It imposes a certification standard on "every pleading, written motion, and other paper" that an attorney "present[s] to the court," and authorizes sanctions only when such a paper is filed for an improper purpose, advances frivolous contentions, or lacks evidentiary support. Fed. R. Civ. P. 11(b)–(c). The Supreme Court has accordingly held that Rule 11 "governs only papers filed with a court." Chambers v. NASCO, Inc., 501 U.S. 32, 41 (1991). Conduct that is not the content of a signed filing is beyond the Rule's reach.

The conduct the Companies ask the Court to address is of exactly that character. It involves two related matters, neither of which is a pleading or the content of a pleading.

First, there is the non-disclosure of two decisions of this District on the same representation issue. Before Attorney Héctor Pedrosa appeared for the Companies, the two decisions of this District holding that only GFC's Board of Managers may retain counsel for the Companies, and that Plaintiffs' attorneys may not, were not disclosed to him. Boyd v. Banco Popular de P.R., No. 24-1569 (PAD), 2025 WL 3705209 (D.P.R. Dec. 22, 2025); Boyd v. López-Vidal, No. 22-1190 (GMM), 2025 WL 2322439 (D.P.R. Aug. 12, 2025). Those same two decisions were likewise not disclosed to this Court in Plaintiffs' motion at ECF No. 41. The non-disclosure of directly adverse authority, to newly retained counsel and to the Court, is not a defect in the text of any pleading. It is a matter occurring in the course of the litigation, and Rule 11 does not reach it. And although the Plaintiffs have appealed these two decisions, a "pending appeal does not

3

reduce the preclusive effect of a prior judgment." Univ. of Colorado Health at Mem'l Hosp. v. Burwell, 233 F. Supp. 3d 69, 87 (D.D.C. 2017).

Second, the unauthorized engagement of Attorney Héctor Pedrosa and the voluntary submission of the Companies to the Court's jurisdiction before service. Without the benefit of the two District Court decisions, Attorney Pedrosa voluntarily submitted the Companies to this Court's personal jurisdiction before service of process and filed an answer admitting the factual allegations of the complaint. See ECF No. 32.  As the Special Appearance (ECF No. 49) explains, that step was taken without authority by the Companies' Board of Managers, which alone holds the power to retain counsel under the Operating Agreement, as two judges of this District have held. The concern the Companies raise is not the wording of the answer. It is the act of submission itself, undertaken by counsel who had not been informed that the representation had twice been foreclosed. That matter, too, lies outside the pleadings.

These matters fall within the domain of a district court's inherent authority rather than Rule 11. Chambers, on this point, is controlling. There, the district court found that the litigant had "(1) attempted to deprive th[e] Court of jurisdiction by acts of fraud . . . (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense" to defeat the opposing party. Chambers, 501 U.S. at 41. The Supreme Court explained that the conduct in the first and third categories "could not be reached by Rule 11, which governs only papers filed with a court," and that § 1927 likewise did not reach "acts which degrade the judicial system," including "attempts to deprive the Court of jurisdiction, fraud, [and] misleading and lying to the Court." Id. The district court, therefore, relied on its inherent power, and the Supreme Court affirmed, holding that a court "is not forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." Id., at 50. The matters at issue here, the non-disclosure of directly adverse authority to Attorney Héctor Pedrosa and to the Court, Attorney Héctor Pedrosa's engagement

4

without Board approval, and the submission of the Companies to jurisdiction before service and without Board authority, correspond to the categories Chambers held Rule 11 does not address.

The First Circuit follows the same principle, recognizing that courts exercising their inherent authority may "levy sanctions" for such varied purposes as "remedying fraud on the court" and "preventing the disruption of ongoing proceedings." In re Charbono, 790 F.3d 80, 86 (1st Cir. 2015). Because the matters at issue concern a course of conduct rather than a discrete filing, 28 U.S.C. § 1927, which addresses counsel who "multipl[y] the proceedings . . . unreasonably and vexatiously," supplies an independent basis to sanction counsel. Neither a district court's inherent authority nor § 1927 carries a safe-harbor requirement.

### B.  Because Rule 11 Does Not Apply, the Safe-Harbor Argument Fails.

Plaintiffs' "mandatory safe-harbor" argument (ECF No. 73 at 16–18) is pursuant to Rule 11 and it rises or falls with Rule 11's applicability. The safe harbor is a creature of Rule 11(c)(2) alone. It has no analogue in the Court's inherent authority or in § 1927. The Supreme Court held in Chambers that the sanctioning scheme of the Federal Rules and § 1927 does not "displace[]" the inherent power, precisely because that power operates independently of the Rules and their procedural prerequisites. Chambers, 501 U.S. at 46.  The First Circuit "has not ruled that in order to make a § 1927 claim, the movant must comply with the notice requirements of Rule 11." Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 552 F. Supp. 2d 137, 142 n.3 (D.N.H. 2008). The inherent power is governed instead by due process, "notice and the opportunity to be heard" which "may come from the party seeking sanctions, from the court, or from both." In re Charbono, 790 F.3d at 86–87. The distinction is not merely formal. Because "the safe harbor provisions in Rule 11 do not apply to § 1927 claims," a movant's decision not to proceed under Rule 11 does not waive a claim under § 1927. Nw. Bypass Grp., 552 F. Supp. 2d at 142–143. Rule 11 and § 1927 are distinct in kind: Rule 11 "does not apply to obnoxious conduct during litigation," while § 1927 "applies to unreasonable and vexatious multiplication of court proceedings" and "invites attention to a course of conduct." Id., at 143.

Plaintiffs have received that notice and that opportunity. The Companies' Special Appearance sets out the conduct at issue in detail, and Plaintiffs have responded fully. Accordingly, the Court may determine whether the conduct of the Plaintiffs and their counsel warrant sanctions under its inherent authority and § 1927.

**C.  The Special Appearance Does Not Seek "Merits Adjudication" but Seeks Denial of ECF No. 41.**

Plaintiffs also contend that the Companies' Special Appearance at ECF No. 49 seeks to convert disputed merits questions into a collateral sanction proceeding. See ECF No. 73 at 20. Respectfully, that characterization does not match the relief requested. The Special Appearance asks the Court to: (i) deny Plaintiffs' motion at ECF No. 41 to have their counsel represent the Companies; (ii) permit the withdrawal of Attorney Pedrosa and of the answer he filed as he specifically requested; and (iii) address the conduct described above of the Plaintiffs and their counsel. These requests are case-management determinations within the Court's authority. Indeed, the Court directed the Companies to respond to this question, which is the reason the Companies filed their Special Appearance. See ECF No. 36 and 49.

The question of who may speak for the Companies is a threshold question of representational authority, not a merits question requiring evidentiary development. Two judges of this District have addressed that question on the same Operating Agreement and the same theory Plaintiffs present here. Plaintiffs' reliance on a "June 2, 2025 Irrevocable Proxy" said not to have been before those courts does not convert the representation question into a trial on the merits. Whether the Proxy affects the analysis still depends on the Court's interpretation of the Operating Agreement.

**D.   The Opposition Does Not Address the Conduct Underlying the Special Appearance.**

Plaintiffs' Opposition does not address the conduct that prompted the Companies' Special Appearance. Plaintiffs acknowledge that they "acted hastily in seeking out Atty. Pedrosa's representation for the Companies." See ECF No. 73 at 6. The Opposition does not dispute that

the two District decisions were not disclosed to Attorney Pedrosa before he appeared, that he submitted the Companies to this Court's jurisdiction, and admitted the complaint's allegations. Nor does it dispute that those same two decisions were not disclosed to this Court in the motion at ECF No. 41. The non-disclosure of directly adverse authority to newly retained counsel and to the Court, together with Plaintiffs' instructions to submit the Companies to the Court's jurisdiction and to admit all of the complaint's allegations, is the conduct the Companies ask the Court to address within its inherent sanction authority.

### III. CONCLUSION

For the foregoing reasons, and those stated in the Companies' Special Appearance (ECF No. 49), the Companies respectfully request that the Court deny Plaintiffs' motion at ECF No. 41, permit the withdrawal of Attorney Pedrosa and of the answer to the complaint he filed, and grant such further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, a true and exact copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to the attorneys and parties registered therewith.

**RESPECTFULLY SUBMITTED.**

Electronically filed on this 9th day of June 2026.

**ABESADA LAW OFFICES**
Counsel for GFC Holdings, LLC and
Biomass Green Fuels LLC
1357 Ashford Ave. 2-184
San Juan, Puerto Rico 00907
Tel. (787) 948-5131

*/s/ Roberto Abesada-Agüet*
USDC-PR No. 216706
ra@abesada.com
