GREGORY BOYD, ET AL.,

    Plaintiffs,

        vs.

BANCO POPULAR DE PUERTO RICO, ET AL.,

    Defendants.

CIVIL NO. 26-1066 (MAJ)

**THE SEMILLERO DEFENDANTS' MOTION TO HOLD IN ABEYANCE
DEADLINE TO ANSWER OR OTHERWISE PLEAD PENDING THRESHOLD RULING,
AND FOR JOINDER IN CO-DEFENDANT COMPANIES' MOTION TO HOLD IN
ABEYANCE A RULING ON D.E. 74-75 (D.E. 88)**

TO THE HONORABLE COURT:

COME NOW Defendants Semillero Partners, LLC ("Semillero") and Alexander Borschow ("Borschow") (collectively, the "Semillero Defendants" or "Appearing Defendants"), through the undersigned counsel, and respectfully move, pursuant to the Court's inherent authority to manage its docket, to hold in abeyance their deadline to answer or otherwise plead to the Complaint, which is currently set for June 10, 2026, *see* D.E. 54, pending the Court's disposition of its April 14, 2026 *Order to Show Cause* (D.E. 45) and the relief requested in the Semillero Defendants' *Response in Opposition to Plaintiffs' Motion Showing Cause* (D.E. 64). The Semillero Defendants further move, pursuant to Fed. R. Civ. P. 10(c) and L.Civ.R. 7(f), to join in co-defendants GFC Holdings, LLC and Biomass Green Fuels, LLC's *Motion to Hold in Abeyance a Ruling on Plaintiffs' Motions at ECF No. 74-75 […]* (D.E. 88) (the "Companies' Motion"). In support, the Semillero Defendants state as follows:

1.      On April 14, 2026, the Court entered an *Order to Show Cause* directing Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction in light of the

*Opinion and Order* in *Boyd v. López Vidal*, No. 22-cv-01190 (GMM) (Mar. 18, 2026) (the "22-1190 Opinion"). D.E. 45. Plaintiffs responded on May 4, 2026. D.E. 50.

2.  On May 18, 2026, the Semillero Defendants filed their *Response in Opposition to Plaintiffs' Motion Showing Cause*, D.E. 64, demonstrating that this action should be dismissed as to Borschow and Semillero for lack of subject matter jurisdiction or, in the alternative, stayed pending the First Circuit's disposition of the appeal in Case No. 22-1190, now pending as *Boyd v. López Vidal*, No. 26-1424 (1st Cir.). *See* D.E. 64, Section IV.D. Plaintiffs have since moved for leave to file a reply addressing the Semillero Defendants' Response (D.E. 86), attaching a proposed reply (D.E. 86-1); that motion was granted today at D.E. 90. The Semillero Defendants intend to seek leave to file a sur-reply for good cause, since the permitted reply raises various new matters nowhere raised in the original motion. The threshold questions raised by the *Order to Show Cause* are therefore not yet fully briefed, much less resolved.

3.  By the Court's order at D.E. 54, the Semillero Defendants' deadline to answer or otherwise plead to the Complaint is currently set for June 10, 2026. Co-defendants Banco Popular de Puerto Rico and Javier Ferrer have likewise requested that their deadline to answer or otherwise plead be held in abeyance pending the Court's resolution of the threshold issues raised by the *Order to Show Cause*. *See* D.E. 62, Section III.E.

4.  The Court possesses broad inherent authority to control the disposition of the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (district courts possess inherent authority to manage their dockets). That authority comfortably encompasses a brief deferral of the Semillero Defendants' obligation to respond to the Complaint while a potentially case-dispositive, threshold jurisdictional question remains pending before the Court.

5.  Deferral is warranted here. The *Order to Show Cause* presents a threshold question of subject matter jurisdiction that, if resolved in the defendants' favor, will dispose of this action in its entirety as to the Semillero Defendants. Requiring the appearing defendants to prepare and file a response under Fed. R. Civ. P. 12 to a 269-page Complaint comprising more than one thousand paragraphs — before the Court has determined whether it may entertain the action at all— would impose substantial and unrecoverable expense on the parties and burden the Court with briefing it may never need to reach. The orderly and economical course is to resolve the jurisdictional question first.

6.  A brief abeyance would cause Plaintiffs no cognizable prejudice. The threshold questions of subject matter jurisdiction and preclusion must be resolved before any responsive pleading would meaningfully be due in any event. Moreover, Plaintiffs themselves elected to file this action only weeks before the 22-1190 Opinion issued, with the standing questions then *sub judice*, and have already noticed their appeal; awaiting the Court's threshold ruling prejudices no party.

7.  The efficiency rationale applies with particular force to the Semillero Defendants, who already defended an essentially identical set of allegations through nearly four years of litigation in Case No. 22-1190 and now confront the same theory of liability a second time. The present Complaint does not plead a fresh set of facts as to these Defendants; it carries forward against Borschow and Semillero the same allegations and theory of liability pleaded in the *Second Amended Complaint* dismissed in Case No. 22-1190 — a dismissal now pending on appeal. The only materially new matter the Complaint pleads against them concerns events postdating that pleading, as to which Plaintiffs were not allowed amendment in the prior case —chiefly the January 31, 2025 Asset Acquisition Agreement— and those allegations rest on the same facilitation theory the prior court held insufficient as a matter of law. The balance of the new transactions on which the Complaint relies involve other actors and have no connection to Borschow or Semillero. The matter the Semillero Defendants would be required to answer is therefore, in substance, the same matter already litigated to dismissal against Plaintiffs. Requiring

them to incur the expense of a full Rule 12 response in the interim would impose precisely the burden that the *Order to Show Cause* procedure is poised to avoid.

8.      The relief sought here is narrow and procedural —the deferral of a single pleading deadline— and is without prejudice to, and fully consistent with, the alternative stay relief the Semillero Defendants have already requested at D.E. 64, Section IV.D.

9.      Co-defendants GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies") have also moved to hold in abeyance any ruling on Plaintiffs' *Motion to Disqualify* (D.E. 74) and companion *Motion for Limited Pre-Conference Discovery* (D.E. 75) until the Court first resolves the threshold questions that may dispose of this action, including the *Order to Show Cause*. D.E. 88. Pursuant to Fed. R. Civ. P. 10(c) and L.Civ.R. 7(f), and the well-established practice in this District of permitting one party to join the arguments of another by reference, *see, e.g., Gonzalez-Camacho v. BPPR*, 318 F. Supp. 3d 461, 490-91 (D.P.R. 2018), the Semillero Defendants join and adopt the abeyance arguments advanced in the Companies' Motion to the extent they urge the Court to take up and resolve the threshold *Order to Show Cause* before reaching the collateral motions at D.E. 74-75. The unreasonably expansive discovery Plaintiffs seek at D.E. 75, by its terms, reaches the Semillero Defendants and entities related to them, giving the Semillero Defendants a direct interest in its deferral.

10.      Should the Court decline to hold Plaintiffs' motions at D.E. 74-75 in abeyance, the Semillero Defendants respectfully request, in the alternative, fourteen (14) days from the date of that ruling within which to file their opposition to Plaintiffs' *Motion for Limited Pre-Conference Discovery* (D.E. 75), which is substantively defective and procedurally improper under Fed. R. Civ. P. 26(d)(1).

WHEREFORE, the Semillero Defendants respectfully request that the Court (i) hold in abeyance their deadline to answer or otherwise plead to the Complaint, currently set for June 10, 2026 (D.E. 54), pending the Court's disposition of the *Order to Show Cause* (D.E. 45) and the relief requested at D.E. 64; *see also* D.E. 62; and (ii) provide that, should the action not be dismissed or stayed as to the Semillero

Defendants, they shall answer or otherwise plead within thirty (30) days of the entry of the Court's order. The Semillero Defendants further request that the Court grant their joinder in the Companies' Motion (D.E. 88), to the extent it seeks to hold Plaintiffs' motions at D.E. 74-75 in abeyance pending resolution of the *Order to Show Cause*, and grant the abeyance request at D.E. 88; or, in the alternative, should the Court decline to hold D.E. 74-75 in abeyance, grant the Semillero Defendants fourteen (14) days from the date of that order within which to oppose D.E. 75.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico, this 9th day of June, 2026.

CERTIFICATION: The undersigned counsel hereby certify that the instant document has been filed with the Court's CM/ ECF System, which will simultaneously serve notice on all counsel of record to their registered email addresses.

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
hburgos@cabprlaw.com
cloubriel@cabprlaw.com
dperez@cabprlaw.com

/s/ Heriberto J. Burgos Pérez
USDC-PR Bar No. 20721

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

/s/ Diana Pérez Seda
USDC-PR Bar No. 232014

*Counsel for Semillero Partners, LLC & Alexander Borschow*