**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GREGORY BOYD et al.,** | CIVIL NO. 26-1066-MAJ |
| Plaintiffs, | |
| v. | |
| **BANCO POPULAR DE PUERTO RICO et al.,** | |
| Defendants. | |

**BANCO POPULAR DE PUERTO RICO'S AND JAVIER FERRER'S**
**MOTION FOR JOINDER OF REQUEST TO HOLD IN ABEYANCE REQUESTS AT**
**DOCKET ENTRY 74 AND 75**

**TO THE HONORABLE COURT:**

**COME NOW** Banco Popular de Puerto Rico and Mr. Javier Ferrer (together, the "BPPR Defendants"), through the undersigned counsel, and without submitting to the Court's jurisdiction or waiving any argument or defense, respectfully state and pray as follows:

1.      Plaintiffs Boyd and Lassers requested that the Court disqualify Roberto Abesada, Esq. as attorney for Biomass Green Fuels, LLC and GFC Holdings, LLC ("Biomass" and "GFC", respectively, and jointly "the Companies"). On the pretext that such a request to disqualify requires discovery,[1] Plaintiffs request that the Court authorize what they self-servingly term limited discovery. See Docket No. 75.

2.      Among other items, they specifically request that the Court authorize Plaintiffs to move forward immediately with subpoenas directed at (a) BPPR, (b) Popular, Inc. (which is not even a party to this litigation or its previous iterations, Civil No. 22-1190 (as to RICO) and Civil

---

[1] Plaintiffs' argument is puzzling, to say the least, given that they already requested the disqualification, Docket No. 74, which suggests that Plaintiffs believe they already have the necessary information to support their motion for disqualification.

No. 24-1569 (as to BHCA)) and (c) the law firm of Pietrantoni Méndez & Alvarez LLC ("PMA"), counsel for the appearing defendants and for BPPR in the previous iterations of this case, *i.e.*, Civil No. 22-1190 and Civil No. 24-1569. See Docket No. 75.

3.      As the Companies and co-defendants Semillero Partners, LLC and Alexander Borschow ("Semillero" and "Borschow," respectively, and jointly "the Semillero Defendants") noted, both the disqualification and the discovery requests are, at best, collateral to the central issues currently before the Court. See Docket Nos. 88 and 92. Chief among those issues is whether this case can survive even to the answer/motion to dismiss stage given its obvious repetitive nature and the prior rulings by two District Court Judges finding that Plaintiffs Boyd and Lassers have no standing to assert RICO or BHCA claims based on the purported facts set forth in the complaints. Lacking standing and/or barred by preclusion, Plaintiffs cannot insist on litigating their claims, much less can they pretend to create additional and secondary controversies. This is a threshold issue, as is the dismissal of the claims against the Companies based on lack of service. See Docket No. 88. If the case is dismissed in light of the Court's prior rulings in Civil No. 22-1190 and Civil No. 24-1569, the purported disqualification and discovery controversies are automatically rendered moot.

4.      Moreover, the Court should take into account that Plaintiffs' requests for discovery and for disqualification of Mr. Abesada, Esq., Dockets No. 74 and 75, are premised on Biomass and GFC being legitimately represented by Ms. Becker and Mr. Miñana (attorneys for Mr. Boyd and Mr. Lassers). As such, they claim that (a) there would be no vacuum if the Court were to disqualify Mr. Abesada and (b) Ms. Becker and Mr. Miñana should have access to any document

shared with the companies or their counsel, Mr. Abesada.[2] That argument is proven wrong by Plaintiffs' own filings in this case.

5.      At Docket No. 41, Plaintiffs requested that the court allow Ms. Becker-Whitaker and Mr. Miñana to represent the Companies in all capacities. That motion is pending. In fact, Plaintiffs recognized that the motion should not be considered until the members of the Board of Managers for GFC had an opportunity to respond. See Docket No. 42. As Plaintiffs admitted, that required that the Board of Managers' members were served, something that had not occurred. Id. Per this Court's record, such service never occurred.[3]

6.      Because Mr. Miñana and Ms. Becker-Whitaker have not been authorized by the Court to represent the Companies, as requested at Docket No. 41, and because that request cannot even be considered without the members of the Board of Managers, as Plaintiffs posited at Docket No. 42, the requests for discovery and disqualification cannot be considered either.

7.      Accordingly, in order to avoid needless filings and preserve the parties' and the Court's resources, BPPR joins the Companies' and Semillero Defendants' request that the Court hold in abeyance the motions at Docket Nos. 74 and 75 until it has an opportunity to rule in

---

[2] See Docket No. 74 at 29 (claiming that "[t]he Companies are already represented by Attys. Becker-Whitaker and Miñana of record through the June 2, 2025 Irrevocable Proxy") and Docket No. 75 at 13 (arguing that plaintiffs "do not request -and have never requested- that the Court appoint replacement counsel for [GFC and BGF]. The June 2, 2025 Irrevocable Proxy authorized Attorneys Jane A. Becker-Whitaker and Luis E. Miñana to represent the Companies and those attorneys are already counsel of record in this action and in the related federal and Commonwealth proceedings") and 15 (claiming that communications between Mr. Abesada, Esq. and others are not privileged as to the client, BGF and GFC, such that they may through "their authorized counsel of record… demand production of those communications directly").

[3] In fact, the record suggests that the only defendants that were served within the time frame set by Fed. R. Civ. P. 4(m) for service were: (a) the two BPPR Defendants, (b) the two Semillero Defendants, and (c) four additional defendants- VRM Penzini Capital LLC, VRM Penzini Fund I LLC, VRM Penzini Fund I, LLC, Renewable Series II, and Star Power Systems, LLC. Plaintiffs have not filed summons returned executed for any other defendant, except with regards to the deficient and untimely attempt at serving PCC Sub-CDE 13, LLC. As such, Plaintiffs omitted service on a majority of the defendants, including most of the members of the Board of Managers, as described in the Complaint. See Docket No. 1 at p. 26, ¶38.

accordance with its Show Cause Order and/or decides whether the Companies should remain in the case given their lack of service.

8.      In the alternative that the Court does not hold in abeyance the motions at Docket Nos. 74 and 75, the BPPR Defendants respectfully request that the Court grant them the same term as the Semillero Defendants to respond to the request to allow discovery as to BPPR, its parent company, and its counsel of record, PMA.

**WHEREFORE**, the BPPR Defendants respectfully request that the Court HOLD IN ABEYANCE the motions at Docket Nos. 74 and 75 and, in the alternative, grant the BPPR Defendants 14 days from the date denying the request to hold in abeyance to respond to the request to authorize discovery.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of June 2026.

**IT IS HEREBY CERTIFIED** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

s/ MARÍA DOLORES TRELLES HERNÁNDEZ
María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

s/ MARÍA ELENA MARTÍNEZ CASADO
María Elena Martínez Casado
USDC-PR Bar No. 305309
mmartinez@pmalaw.com

4

MARIELENA MELERO PARDO
USDC-PR Bar No. 310113
mmelero@pmalaw.com