**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GREGORY BOYD et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BANCO POPULAR DE PUERTO RICO et al.,**<br><br>Defendants. | CIVIL NO. 26-1066-MAJ |

**BANCO POPULAR DE PUERTO RICO'S AND JAVIER FERRER'S
MOTION TO STRIKE PLAINTIFFS' UNTIMELY REPLY AND ALTERNATIVE
REQUEST FOR LEAVE TO FILE SUR-REPLY**

**TO THE HONORABLE COURT:**

**COME NOW** Banco Popular de Puerto Rico and Mr. Javier Ferrer (together, the "BPPR Defendants"), through the undersigned counsel, and without submitting to the Court's jurisdiction or waiving any argument or defense, respectfully state and pray as follows:

1.      On April 14, 2026, the Court issued an Order to Show Cause to Plaintiffs to show cause "why the instant case should not be dismissed without prejudice for lack of subject matter jurisdiction" pursuant to the Opinion and Order at Docket No. 874 in Boyd v. López Vidal, Civil No. 22-1190. See Docket No. 45.

2.      Plaintiffs filed a motion purporting to show cause on May 4, 2026. Docket No. 50.

3.      On May 18, 2026, the BPPR Defendants filed their Response to Plaintiffs' Motion to Show Cause and, in the Alternative, Request to Transfer Case. Docket No. 62.

4.      Local Rule 7(c) provides: "With prior leave of court and **within seven (7) days of the service of any objection to a motion**, the moving party may file a reply."

5.    Under Local Rule 7(c), Plaintiffs' deadline to seek leave and file any reply was May 25, 2026—seven days after service of the BPPR Defendants' opposition. Plaintiffs neither sought leave to reply nor requested an extension of time within that window. They allowed the deadline to pass without action.

6.    On June 4, 2026—seventeen days after the BPPR's filing and ten days after the deadline to seek leave to reply and reply had expired—Plaintiffs filed a belated Motion Instanter to File a Reply (Docket No. 84) and a Motion for Leave to File Excess Pages (Docket No. 83), attaching a Draft Reply as Exhibit 1 (Docket No. 84-1).

7.    Plaintiffs offered no explanation for their failure to comply with the seven-day deadline—no showing of good cause, no claim of excusable neglect, and no request for a nunc pro tunc extension. A motion for leave filed *after* the deadline has lapsed does not retroactively cure the failure to act within the time permitted by the rules.

8.    BPPR Defendants are aware that the Court granted Plaintiffs leave to file the Reply. However, because Plaintiffs failed to acknowledge to the Court that they were filing beyond the seven-day term and, indeed, failed to request the retroactive extension, the Court did not address this matter in its Order. The BPPR Defendants respectfully request that the Court strike the reply at Docket No. 84 as untimely.

9.    Plaintiffs' filing contains an additional irregularity. The Motion Instanter to File a Reply (Docket No. 84) was filed on June 4, 2026, yet its Certificate of Service states that "on May 30, 2026, the foregoing Plaintiffs' Rebuttal … was filed with the Clerk of the Court." See Docket No. 84 at 3. The motion was not filed on May 30, 2026.

10.    This untimely filing is not an isolated oversight; it reflects a recurring pattern of disregard for procedural rules that has characterized Plaintiffs' conduct throughout these

2

proceedings. In the original RICO case (Civil No. 22-1190), the Court denied Plaintiffs leave to amend their complaint for a fourth time, finding that undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility each independently warranted denial. In this case, Plaintiffs attempted to serve Co-defendant PCC-Sub-CDE-13 ("PCC") beyond the timeframe provided by Fed. R. Civ. P. 4m and misleadingly asserted in the text of the docket entry in CM/ECF that PCC had been served weeks earlier. See Docket No. 87.

11.     In the alternative, should the Court decline to strike the reply, the BPPR Defendants respectfully request that they be granted leave to file a surreply within fourteen (14) days of the Court's order. Plaintiffs' Draft Reply misrepresents and distorts the BPPR Defendants' arguments, and the BPPR Defendants require an opportunity to respond.

**WHEREFORE**, the BPPR Defendants respectfully request that the Court STRIKE Plaintiffs' Motion Instanter to File a Reply (Docket No. 84), Motion for Leave to File Excess Pages (Docket No. 83), and the Draft Reply (Docket No. 84-1) as untimely under Local Rule 7(c). In the alternative, if the Court is not inclined to strike the reply, it should grant the BPPR Defendants leave to file a surreply within fourteen (14) days of the Court's order.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of June 2026.

**IT IS HEREBY CERTIFIED** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

3

s/ MARÍA DOLORES TRELLES HERNÁNDEZ
María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

s/ MARÍA ELENA MARTÍNEZ CASADO
María Elena Martínez Casado
USDC-PR Bar No. 305309
mmartinez@pmalaw.com

MARIELENA MELERO PARDO
USDC-PR Bar No. 310113
mmelero@pmalaw.com