**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GREGORY BOYD and JONATHAN LASSERS, et al., | CIVIL NO.: 26-01066 MAJ |
| **Plaintiffs** | |
| v. | |
| BANCO POPULAR DE PUERTO RICO., et al. | |
| **Defendant** | |

**MOTION FOR JOINDER OF REQUEST TO HOLD IN ABEYANCE**
**DEADLINE TO ANSWER THE COMPLAINT OR OTHERWISE PLEAD**

**TO THE HONORABLE COURT:**

**COME NOW** VRM Penzini Capital L.L.C., VRM Penzini Fund I L.L.C., VRM Penzini Fund I, LLC, Renewable Series II, and Star Power Systems, LLC (collectively, the "Defendants"), through the undersigned counsel, and without submitting to the Court's jurisdiction or waiving any arguments or defenses, respectfully state and pray as follows:

1.      Plaintiffs filed the Complaint on February 7, 2026. (Dkt. 1.) The pleading spans 269 pages, names twenty-six (26) defendants, and asserts several causes of action arising out of a long-running business dispute concerning a landfill-gas-to-energy project that has been previously litigated in this Court.

2.      On March 11, 2026, the Defendants received Plaintiffs' requests for waiver of service of summons. The Defendants executed those waivers on April 10, 2026, fixing an initial deadline of May 11, 2026 to answer or otherwise plead. At the Defendants' request, that deadline was extended by thirty (30) days, up to and including June 10, 2026. (Dkt. 55.)

3.      On April 14, 2026, the Court entered an Order to Show Cause directing Plaintiffs to demonstrate why this action should not be dismissed for lack of subject-matter jurisdiction pursuant to the Court's ruling in *Boyd v. López Vidal*, Case No. 22-01190-GMM, which dismissed, as legally insufficient, materially identical claims pressed by the same Plaintiffs concerning the same project. (Dkt. 45.) Plaintiffs responded on May 4, 2026 (Dkt. 50), and the show-cause question remains pending and unresolved before the Court.

4.      Separately, on May 21, 2026, the Defendants filed a Motion for Rule 11 Sanctions (Dkt. 68), asking the Court to find the Complaint frivolous, precluded by prior judgments of this Court, and presented for an improper purpose. The Defendants requested the Court to impose sanctions together with attorney's fees and costs to Plaintiffs. The motion remains pending.

5.      On June 9, 2026, co-defendants Semillero Partners, LLC and Alexander Broschow (collectively, the "Semillero Defendants") moved to hold their corresponding deadline to answer the complaint in abeyance pending the Court's disposition of its April 14, 2026 Order to Show Cause. Co-defendants Banco Popular de Puerto Rico and Javier Ferrer have likewise sought deferral of their pleading obligation pending resolution of that threshold question. (Dkt. 62.)

6.      Pursuant to Fed. R. Civ. P. 10(c) and L. Civ. R. 7(f), the Defendants hereby join, adopt, and incorporate as though fully set forth herein the arguments advanced in the Semillero Defendants' motion at Dkt. 92 as to the request to hold in abeyance the deadline to file the answer to the Complaint or otherwise plead.

7.      The pending matters are not collateral skirmishes as each goes to whether this action may proceed at all. The Order to Show Cause squarely presents whether the Court has subject-matter jurisdiction over claims that have already been held legally insufficient when advanced by the same Plaintiffs concerning the same underlying project. If the Court resolves that

question in the manner the Order to Show Cause contemplates, the action will be dismissed and no responsive pleading will ever be required.

8.      The Defendants' Motion for Rule 11 Sanctions raises a parallel and reinforcing concern. That motion asks the Court to find frivolous and precluded the very pleading the Defendants would otherwise be compelled to answer. Requiring the Defendants to prepare and file a response to a 269-page Complaint, while simultaneously prosecuting a motion contending that the same Complaint should never have been filed, would compel precisely the wasteful expenditure that Rule 11 exists to deter. The orderly course is for the Court to address the legal sufficiency of the Complaint, through the Order to Show Cause and the Rule 11 motion alike, before the Defendants are put to the burden and expense of answering it.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court grant the present motion for joinder, hold in abeyance the Defendants' deadline to answer or otherwise plead to the Complaint pending the Court's disposition of its April 14, 2026 Order to Show Cause (Dkt. 45) and the Defendants' Motion for Rule 11 Sanctions (Dkt, 68), and provide that, should the Complaint not be dismissed, the Defendants shall answer or otherwise plead within thirty (30) days of the entry of the Court's order.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**: I certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice of such filing to all attorneys of record.

In Guaynabo, Puerto Rico, this 10th day of June 2026.

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco Street, Suite 1000
Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

*/s/ Alfredo Fernández-Martínez*
**ALFREDO FERNÁNDEZ-MARTÍNEZ**
USDC-PR No. 210511
afernandez@delgadofernandez.com

*/s/ Pedro A. Hernández Freire*
**PEDRO A. HERNANDEZ FREIRE**
USDC-PR No. 231702
phernandez@delgadofernandez.com

*/s/ Daniel Limés-Rodríguez*
**DANIEL LIMES RODRIGUEZ**
USDC-PR No. 307505
dlimes@delgadofernandez.com