## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS,       CIVIL NO. 3:26-cv-01066-MAJ

Plaintiffs,

v.                                          RE: RULE 11 SANCTIONS

BANCO POPULAR DE PUERTO RICO, et al.,

Defendants.

## PLAINTIFFS' OPPOSITION TO VRM PENZINI DEFENDANTS'

## MOTION FOR RULE 11 SANCTIONS (ECF NO. 68)

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 5

II. THE SEVEN FALSE STATEMENTS — REPEATED IN TWO FORA ................................. 6

III. THE RULE 11 STANDARD ................................................................................ 9

IV. THE COMPLAINT WAS NOT FRIVOLOUS WHEN FILED ........................................ 10

V. PRECLUSION DOES NOT APPLY ........................................................................ 10

    *A. None of the Movant Defendants was a party to the prior federal cases.* ............................ 10

    *B. The new Complaint pleads conduct that did not exist in the prior pleadings.* ..................... 10

    *C. The prior dismissals were standing rulings, not decisions on the merits.* ......................... 11

    D. Both judgments are on  appeal — yet the Motion calls them "final" for preclusion. .......... 11

VI. PLAINTIFFS' STANDING RESTS ON DIRECT, INDEPENDENT GROUNDS .............. 12

VII. THE MOTION'S MERITS ARGUMENTS BELONG IN A RULE 12 MOTION, NOT A RULE 11 MOTION ................................................................................................ 12

VIII. THE MOTION IS ITSELF DEFECTIVE ............................................................ 13

    *A. The motion filed is not the motion served — defeating the safe harbor.* ............................ 13

IX. REPETITION IS NOT CORROBORATION — THE CAPTURED-COUNSEL NETWORK ................................................................................................................... 14

X. CONCLUSION ................................................................................................ 16

## TABLE OF AUTHORITIES

**Cases**

Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576 (1st Cir. 1995) .............................. 11

Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635 (2009) .......................................................... 12

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) ................................................................ 12

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).............................................................. 10

Costello v. United States, 365 U.S. 265 (1961) ............................................................................ 12

Cruz v. Savage, 896 F.2d 626 (1st Cir. 1990)............................................................................... 10

Dundon Capital Partners, LLC v. Ebersol, No. 22-05077-CAG (Bankr. W.D. Tex. 2025)......... 14

Fiandaca v. Cunningham, 827 F.2d 825 (1st Cir. 1987)................................................................ 15

Hochendoner v. Genzyme Corp., 823 F.3d 724 (1st Cir. 2016).................................................... 12

Kevlik v. Goldstein, 724 F.2d 844 (1st Cir. 1984) ........................................................................ 15

Martin v. Wilks, 490 U.S. 755 (1989) .......................................................................................... 11

Med. Marijuana, Inc. v. Horn, 604 U.S. 593 (2025)....................................................................... 8

Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chi., 877 F.2d 1333 (7th Cir. 1989) ................. 13

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) ............................... 13

Nazario-Lugo v. Caribevisión Holdings, Inc., 670 F.3d 109 (1st Cir. 2012) .............................. 13

Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764 (6th Cir. 2014)........................................ 14

Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52 (1st Cir. 1999)

    ................................................................................................................................................ 10

Taylor v. Sturgell, 553 U.S. 880 (2008) ....................................................................................... 11

Triantos v. Guaetta & Benson, LLC, 91 F.4th 556 (1st Cir. 2024) ............................................. 10


**Statutes**

18 U.S.C. § 1964(c) ...................................................................................................................... 13

**Rules**

ABA Model Rule 1.13(a)...................................................................................................... 15

Fed. R. Civ. P. 11 .............................................................................................................. 10

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 6


**Other Authorities**

Fed. R. Civ. P. 11 advisory committee's note (1983)...................................................... 10

Fed. R. Civ. P. 11 advisory committee's note (1993)...................................................... 14

**TO THE HONORABLE COURT:**

**COME NOW,** Gregory Boyd and Jonathan Lassers on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the Companies) and EFB, LLC, through undersigned counsel, very respectfully state and pray:

## I. INTRODUCTION

Strip away the labels and this is what the Motion filed by four of the VRM Penzini Defendants is: the fourth time the same seven false statements have been filed against Plaintiffs about the same prior court orders — and the second different courthouse in which they have filed those statements. Even though no Court has described the allegations in the related litigation as frivolous, the Penzini Defendants cannot get that word out of their mouth. The same lawyer, Alfredo Fernández-Martínez, Esq., signed the version in this Court and the version in the Puerto Rico Court of Appeals. Banco Popular's own lawyers filed a matching version in the First Circuit. And the lawyer who claims to speak for the Plaintiff Companies, Roberto Abesada-Agüet, Esq. has represented Banco Popular in dozens of matters and filed the same theory here. When the same seven errors march through two courts in one voice, that voice is not an independent adversary testing a weak case. It is one coordinated interest — Banco Popular and the entities it released — repeating itself in a vain attempt to undermine a valid case.

A Rule 11 motion is supposed to be the cleanest paper in the case. This one is the opposite. It rests on misstatements of what two judges actually decided; it purposefully misapprehends that both of those decisions are on appeal; and it asks this Court to punish Plaintiffs for a complaint that was filed before the ruling the Motion leans on most. Worse, the Motion the Movant Defendants filed is not the Motion they served — defeating their own safe harbor.

Even if every characterization in the Motion were accepted for argument's sake, sanctions would still fail, for a number of independent reasons set out below. The Court should deny the Motion.

## II. THE SEVEN FALSE STATEMENTS — REPEATED IN TWO FORA

The same seven statements appear in the April 10, 2026 safe-harbor letter, Exhibit 1, and the May 21 Motion here, and in the March 24, 2026 Informative Motino filed by the same counsel in *Banco Popular de P.R. v. López Vidal*, Nos. TA2025AP00276 cons. TA2025AP00277 (P.R. Ct. App.) (Ex. 2). Each is wrong on the face of the record:

1. "Two federal courts decided the facts against Plaintiffs." False. Both courts accepted Plaintiffs' allegations as true and dismissed only on standing. The March 18, 2026 ruling says the allegations are "recited solely and accepted as true solely for purposes of resolving the Motions to Dismiss." Op. & Order, *Boyd v. López Vidal*, No. 3:22-cv-01190-GMM, ECF No. 874, at 5 (D.P.R. Mar. 18, 2026). The December 22, 2025 ruling applied "the plausibility standard applicable under Rule 12(b)(6) to standing determinations." Op. & Order, *Boyd v. Banco Popular de P.R.*, No. 3:24-cv-01569-PAD, ECF No. 131, at 15 (D.P.R. Dec. 22, 2025).

2. "The dismissals are 'final Judgments' with preclusive effect." False. Both are on appeal — *Boyd v. Banco Popular de P.R.*, No. 26-1357 (1st Cir.) (from 24-1569; see Notice of Appeal, No. 3:24-cv-01569-PAD, ECF No. 145 (D.P.R. Apr. 1, 2026)), and *Boyd v. López Vidal*, No. 26-1424 (1st Cir.) (from 22-1190; see Notice of Appeal, No. 3:22-cv-01190-GMM, ECF No. 877 (D.P.R. Apr. 17, 2026)). The Motion calls them "final Judgments for purposes of issue preclusion and/or claim preclusion" (Mot. ¶¶ 27, 36, 39–41, 44) ; then its footnotes mention the appeals only

to brand them "vexatious" (Mot. nn.2–3). The April 10 safe-harbor letter omitted the April 1 appeal altogether.

3. "The case is a 'business dispute masquerading as a purported RICO enterprise.'" False. The word "masquerading" appears nowhere in the 35-page Opinion. The Court wrote only that "the allegations describe serious business disputes" while performing its limited Rule 12 role. ECF No. 874 at 2. The Motion puts a derogatory word in the Court's mouth. Mot. at 2.

4. "650 of the 800 paragraphs are copied 'word for word.'" Atty. Fernandez also argues that the instant Complaint is "essentially copied" from the dismissed Second Amended Complaint and the rejected proposed Third Amended Complaint in *Boyd v. López Vidal*, No. 3:22-cv-01190-GMM. Mot. ¶ 8. If it were, that would not be shocking. The judge in 22-1190 rejected the amendment for tardiness, not futility. Plaintiffs herein disagree that the time that passed between the filing of the Second Amended Complaint and the Motion for leave to amend is attributable to them. That is one of the issues on appeal. Does the Complaint in this case seek to hold these Defendants liable for many of the same RICO felonies in the original case? Yes. Does the instant Complaint also allege additional RICO felonies? Also yes. This case alleges many of the same facts as earlier pleadings because those very facts constitute the rubric for holding Defendants accountable.

5. "Two courts ruled that Plaintiffs lack majority control of the Companies." False. Those rulings decided only whether a particular "Written Consent" document authorized counsel to appear for the Companies. ECF No. 131 at 14. The courts did not decide who controls the Companies. Plaintiffs' present authority rests on the June 2, 2025 Irrevocable Proxy, the validity of which no court has ever adjudicated.

6. "Operating Agreement § 6.2 gives the Board power independent of the Members." False. The authenticated text of § 6.2 (Ex. 5) begins, "Except as otherwise expressly required under this Agreement (including, without limitation, section 4.2(j))." The only subsections the Motion's source quotes, (c) and (d), direct the Board to act "to fulfill the determination of the *Members*" and "at the request of the *Members*." The quotation is selective and inverts the document.

7. "Plaintiffs lack standing for every claim." False and incomplete. The cases on appeal were not verified. This Complaint. For derivative standing, that makes all the difference. Plaintiffs' standing also rests on direct, personal grounds — Boyd's personal guaranty, the Asset Acquisition Agreement [which was not an issue in the other cases because it had not been executed when they were filed] that stripped the collateral behind that guaranty, and direct racketeering injury — none of which turns on derivative harm. The Supreme Court confirmed in 2025 that losing one's job or earnings is an injury to "business or property" under RICO, even when it flows from a job lost because an employee tested positive for cannabis. *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025). Judge Méndez-Miró recognized this. ECF No. 874 at 32.

Three firms — Pietrantoni Méndez & Álvarez (for Banco Popular), which emailed — but never filed — its own matching Rule 11 motion on April 16, 2026, Exhibit 6; Delgado & Fernández (for the Movant Defendants); and Abesada Law Offices (purporting to act for the Companies) — advanced these same statements in four filings across two fora within weeks. Independent advocates do not converge, word for word, on seven separate errors by chance. Section IX below explains why this matters.

The Penzini Defendants are mistaken when they state that Plaintiffs amended their Complaint multiple times. [There is no culpability, of course, in doing so when Defendants insist on continuing to break the law]. Plaintiffs filed their original Complaint on April 25, 2022. That very

day, the Lopez Defendants immediately emptied the Companies' accounts to pay suppliers who had not made their equipment operational, as their contracts required. The Lopezes apparently feared that their kickbacks were in danger. Banco Popular took advantage of the Companies' resulting situation to violate the Bank Holding Companies Act at that time, although Plaintiffs did not then realize it. Then District Court Judge presiding over the case, the Hon. Aida Delgado Colón, had not ruled on the Motion for the First Amended Complaint, when Plaintiff were forced to file a Second Amended Complaint to allege the numerous other ways the original Defendants doubled down on the RICO violations. For example, Semillero Partners sought to raise capital to cover the use of New Market Tax Credit money – earmarked for investment in the U.S. - in the Dominican Republican, a scheme the RICO perpetrators in 22-1190 (GMM) had devised. The Honorable Aida Delgado permitted the filing of the Second Amended Complaint a week after Plaintiffs sought leave to file it.22-1190 ECF 146.

## III. THE RULE 11 STANDARD

Rule 11(b) certifies, after a reasonable inquiry, that a paper is not filed for an improper purpose, that its legal contentions are warranted, and that its factual contentions have evidentiary support. The First Circuit applies "an objective standard of reasonableness under the circumstances," judged as of the time the paper was filed. *Cruz v. Savage*, 896 F.2d 626, 631 (1st Cir. 1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393–95 (1990).

Rule 11 is a tool to deter baseless filings, not to punish losing arguments. "The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999). The Rule "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

A Rule 11 motion is itself subject to Rule 11. A movant who files a sanctions motion containing false statements, unsupported contentions, or concealed record-defeating facts violates the Rule no less than the target. And Rule 11(c)(2)'s safe-harbor steps "are mandatory rather than suggested." *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024).

## IV. THE COMPLAINT WAS NOT FRIVOLOUS WHEN FILED

Rule 11 compliance is measured "at the time the paper was filed." *Cooter & Gell*, 496 U.S. at 393–95. Plaintiffs filed the 26-1066 Complaint on February 7, 2026 — thirty-nine days *before* the March 18, 2026 Opinion the Motion relies on most. No judgment existed in 22-1190 when Plaintiffs filed. Using a later ruling to brand an earlier complaint frivolous turns the rule upside down.

## V. PRECLUSION DOES NOT APPLY

### A. None of the Movant Defendants was a party to the prior federal cases.

Claim and issue preclusion require party identity (or privity). A person "is not bound by a judgment in personam in a litigation in which he is not designated as a party." *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989); *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008) (rejecting "virtual representation" and confining non-party preclusion to six narrow categories). None of the four Movant Defendants was a party to 22-1190 or 24-1569. The Motion does not cite *Taylor* or *Martin*, and does not analyze a single one of the six categories. Its preclusion theory has no foundation as to the parties seeking it.

### B. The new Complaint pleads conduct that did not exist in the prior pleadings.

Claim preclusion reaches only claims arising from the same "transaction" — the same "common nucleus of operative facts." *Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.*, 48 F.3d 576,

583–85 (1st Cir. 1995). The operative pleading in 22-1190 was filed January 31, 2023. The 26-1066 Complaint is built on conduct that came later: the January 31, 2025 Asset Acquisition Agreement; the 2025 loan assignment to an ineligible affiliate; the June 2, 2025 Irrevocable Proxy; and the August 21, 2024 Complaint VRM admissions (Ex. 7). New transactions, new parties, and new facts are not the same cause of action.

### C. The prior dismissals were standing rulings, not decisions on the merits.

A dismissal for lack of standing is not an adjudication on the merits. "[A] dismissal for lack of subject matter jurisdiction normally operates without prejudice," and "[c]ourts routinely apply this principle to dismissals for lack of Article III standing." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736 (1st Cir. 2016); *see Costello v. United States*, 365 U.S. 265, 285 (1961). Both courts accepted Plaintiffs' allegations as true and dismissed the federal claims on standing. They did not decide whether the predicate acts occurred or the enterprise existed. And both courts declined supplemental jurisdiction over the state-law claims, dismissing them without prejudice — not a merits ruling at all. ECF No. 874 at 35; ECF No. 131 at 22; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

### D. Both judgments are on appeal — yet the Motion calls them "final" for preclusion.

Plaintiffs appealed 24-1569 on April 1, 2026 (No. 26-1357) and appealed 22-1190 on April 17, 2026 (No. 26-1424). The 22-1190 Notice of Appeal expressly lists every order the Motion invokes for preclusion. Atty. Fernández-Martínez received electronic notice of the April 1 appeal nine days before he signed the April 10 safe-harbor letter calling the underlying ruling a "final Judgment." The filed Motion does mention the appeals — but only in footnotes that dismiss them as "vexatious" (Mot. nn.2–3), while the body keeps insisting the judgments are "final" for issue

and claim preclusion. Calling an on-appeal judgment "final" for preclusion, and omitting the April 1 appeal from the safe-harbor letter entirely, is a candor problem independent of the preclusion merits.

## VI. PLAINTIFFS' STANDING RESTS ON DIRECT, INDEPENDENT GROUNDS

The prior RICO and anti-tying rulings turned on a guarantor-as-contingent-creditor theory drawn from an out-of-circuit case, *Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chi.*, 877 F.2d 1333 (7th Cir. 1989). That theory does not control here. Boyd's standing in 26-1066 does not rest on derivative harm. It rests on direct injuries: the unauthorized expansion of his personal guaranty through Credit Agreement Amendments 2–7 without his consent; the January 31, 2025 Asset Acquisition Agreement that stripped the collateral standing behind that guaranty; and direct racketeering injury. The Supreme Court's 2025 decision confirms that lost employment and economic loss are injuries to "business or property" under 18 U.S.C. § 1964(c), even when they flow from a personal injury. *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025). Judge Méndez-Miró recognized the point. ECF No. 874 at 32. Whether these theories ultimately prevail is a merits question; at the Rule 11 stage they are, at minimum, warranted by existing law.

## VII. THE MOTION'S MERITS ARGUMENTS BELONG IN A RULE 12 MOTION, NOT A RULE 11 MOTION

Much of the Motion (¶¶ 48–57) argues that the RICO enterprise lacks structure, that the NDA's "Business Purpose" defeats the breach claim, and that the RSA accrues to a non-party. These are Rule 12(b)(6) arguments. They may be raised in a motion to dismiss, where the Court will take the allegations as true. They are not Rule 11 grounds. "The mere fact that a claim

ultimately proves unavailing … cannot support … Rule 11 sanctions." *Protective Life*, 171 F.3d at 58.

The abstention argument fails for the same reason. *Colorado River* authorizes a stay, not dismissal, and only in "exceptional" circumstances absent here. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *Nazario-Lugo v. Caribevisión Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2012). A motion seeking the wrong remedy cannot be a Rule 11 predicate against Plaintiffs.

## VIII. THE MOTION IS ITSELF DEFECTIVE

### A. The motion filed is not the motion served — defeating the safe harbor.

Rule 11 makes a simple trade: a party must serve its sanctions motion and then wait 21 days, and if the opponent withdraws or corrects the challenged paper in that window, the motion may not be filed. Fed. R. Civ. P. 11(c)(2). The drafters built this in to give the opponent a real chance to cure and so avoid sanctions. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. The First Circuit enforces those steps strictly—they are "inflexible rules governing the circumstances under which Rule 11 sanctions may be sought," and "informal notice is not a substitute" for serving the actual motion. *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 564 (1st Cir. 2024) (quoting *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 394 (4th Cir. 2004) (en banc))(Additional citation omitted.) "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014)(Citation omitted). It follows that the motion served and the motion filed must be the same motion. A bankruptcy court applied that rule to facts like these, holding that "[t]he Motion filed must be timely and must be the same motion served." *Dundon Capital Partners, LLC v. Ebersol*, No. 22-05077-CAG (Bankr. W.D. Tex. Sept. 25, 2025). Here,

the draft served with the April 10, 2026 safe-harbor letter (Ex. 8) is not the Motion the Movant Defendants filed on May 21, 2026 (ECF No. 68): the emailed draft named eight movants, the filed Motion names four; the filed Motion added a new ground the emailed draft never raised—that Plaintiffs' two pending appeals are themselves sanctionable—the very kind of added ground that, under *Dundon*, required re-service and a fresh 21 days. Because Plaintiffs never received the Motion that was actually filed, the safe harbor was never satisfied, and the Motion must be denied on that ground alone.

## IX. REPETITION IS NOT CORROBORATION — THE CAPTURED-COUNSEL NETWORK

The Motion invites the Court to treat the recurrence of these characterizations — across filings, parties, and courts — as if it confirmed their truth. It does not. Repetition corroborates only when its sources are independent. Here they are not. The same statements issue from a single, aligned interest: Banco Popular, which the challenged Asset Acquisition Agreement released for no consideration; the VRM-Penzini entities, which funded the transaction and own the vehicle that took the Companies' assets; and Atty. Abesada, who claims to speak for the Companies while advancing their adversaries' position, particularly that of Banco Popular, whom he represents.

The clearest illustration is Atty. Abesada himself. On April 28, 2026 he filed a Special Appearance (ECF No. 49) styled as "Counsel for GFC Holdings, LLC and Biomass Green Fuels, LLC" — the very Companies whose value Plaintiffs seek to vindicate — yet he argued the Movant Defendants' own positions: that two judges had "already decided" these issues, that Operating Agreement § 6.2 vests authority in the Board, and that Plaintiffs lack standing; and he asked the Court to sanction Plaintiffs — all while concurrently representing Banco Popular. Counsel for an entity owes loyalty to the entity, not to those adverse to it. ABA Model Rule 1.13(a). A lawyer's

loyalty to a client must be undivided; he may not let his duties to one client color his representation of another whose interests are adverse. *Fiandaca v. Cunningham*, 827 F.2d 825, 829 (1st Cir. 1987). And this Court has broad authority to supervise the conduct of the attorneys who appear before it. *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984). When the Companies' own lawyer prosecutes the adversaries' case against the Companies' controlling Members, his agreement with the Movant Defendants is alignment, not corroboration.

Two facts confirm the alignment. First, an adverse party cannot choose its opponent's lawyer — yet on May 7, 2026 Banco Popular's counsel told the First Circuit, in writing, that the Plaintiff Companies "are represented by counsel Roberto Abesada, Esq.," and asked that court to strip the Companies from the appeal on that basis. Informative Mot. to Correct Inaccuracies in Appellants' Docketing Statement & Case Caption, *Boyd v. Banco Popular de P.R.*, No. 26-1357, ¶ 12 (1st Cir. May 7, 2026). That same motion embraced the Movant Defendants' own framing — conceding that all three cases are "related" and describing the 26-1066 Complaint as filed "after a motion to amend the Second Amended Complaint in Case No. 22-1190 was denied." *Id.* ¶¶ 3, 8. Yet Mr. Abesada had not appeared in that appeal, the controlling Members had not chosen him, and the 55%-plus majority had already removed him on June 13, 2025 (Ex. 11) and engaged present counsel. Second, Mr. Abesada has represented Banco Popular in dozens of federal matters, two of them active alongside this case — see Notice of Appearance, *Catala-Del Valle v. NSSK San Juan, LLC*, No. 3:26-cv-01205-JAG, ECF No. 9 (D.P.R. Apr. 24, 2026) — and has stated on the record that the Companies "have no assets," meaning a third party pays his fees. A lawyer chosen and paid by the adversary is not an independent voice.

The Court is asked to weigh each of the statements against the record — the accepted-as-true language of the opinions, the authenticated Operating Agreement, and the parties' own contrary admissions — rather than to treat four copies of one account as four witnesses.

## X. CONCLUSION

The Motion should be denied. None of the Movant Defendants was a party to the prior cases; the new Complaint pleads later conduct; the prior dismissals accepted the allegations as true and rested on standing; both judgments are on appeal; the Complaint predated the ruling the Motion relies on; standing rests on this Complaint's verification and direct grounds confirmed by *Horn*; the Motion's merits arguments belong in a Rule 12 motion; and the Motion defeats its own safe harbor . Any one ground is enough. Together they are overwhelming.

WHEREFORE, Plaintiffs respectfully request that the Court DENY the Motion in its entirety; find that the Motion was presented for an improper purpose and rests on materially false statements of the record in violation of Rule 11(b)(1)–(3) — including the representation that the December 22, 2025 and March 18, 2026 standing dismissals are "final Judgments" for issue and claim preclusion, when both are on active direct appeal in Nos. 26-1357 and 26-1424 and the Motion acknowledges those appeals only to disparage them as "vexatious"; and order that all future filings accurately characterize ECF Nos. 874 and 131 as standing dismissals that accepted the allegations as true and are now on  appeal in Nos. 26-1357 and 26-1424, and not as "final Judgments" for preclusion. Plaintiffs request such other relief as is just.

**RESPECTFULLY SUBMITTED.**
In San Juan, Puerto Rico, this 15th day of June, 2026.
Counsel for Plaintiffs Gregory S. Boyd and Jonathan Lassers

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
Law Offices of Jane Becker Whitaker
1st Cir. Bar No. 35763 / USDC-PR No. 205110 / RUA 9352
VIG Tower, 1225 Ave. Ponce de León, Suite 1102
San Juan, PR 00907
Tel. (787) 585-3824 (office) / (787) 945-2406 (cell)
jbw@beckervissepo.com

/s/ Luis E. Miñana
LUIS E. MIÑANA
Espada, Miñana & Pedrosa Law Offices, P.S.C.
1st Cir. Bar No. 118149 / USDC-PR No. 225608 / RUA 16,297
122 Calle Ing. Manuel Domenech, Altos, Urb. Baldrich
San Juan, PR 00918
Tel. (787) 758-1999 / (787) 402-2226
minanalaw@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date the foregoing was filed with the Clerk of the Court

through the CM/ECF system, which will serve electronic notice on all counsel of record.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER