# EXHIBIT 1

Rule 11 Safe-Harbor Letter (April 10, 2026)



April 10, 2026

VIA EMAIL

Mrs. Jane A. Becker Whitaker
P.O. Box 9023914
San Juan, PR 00902-3914
Tel: (787) 585-3824
Email: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

Mr. Luis E. Miñana
ESPADA, MIÑANA, & PEDROSA LAW OFFICES, PSC
123 Calle Manuel Domenech Altos
Urb. Baldrich
San Juan, PR 00918
Tel: (787) 758-1999
Email: minanalaw@yahoo.com

### RE: <u>GREGORY BOYD and JONATHAN LASSERS, et al. V. BANCO POPULAR DE PUERTO RICO et al.</u>, Case 3:26-cv-01066-MAJ

Dear Mrs. Becker Whitaker and Mr. Miñana:

As you are aware, this firm represents Rafael Rojo, Carlos Penzini, Diego Rodríguez, VRM Penzini Capital L.L.C., VRM Penzini Fund I L.L.C., VRM Penzini Fund I, LLC, Renewable Series II, Star Power Systems LLC, Humacao RNG, L.L.C., and Ponce RNG, LLC (collectively, the "Defendants") in the above-referenced lawsuit. I am writing pursuant to Rule 11(c) of the Federal Rules of Civil Procedure to request the dismissal of the Complaint filed on behalf of your clients Gregory S. Boyd and Jonathan Lassers (collectively, "Plaintiffs") on February 7, 2026 (the "Complaint"). This letter sets forth Defendants' position on this issue. If you elect not to dismiss the Complaint, Defendants intend to pursue all appropriate sanctions, including attorneys' fees and costs, provided under Rule 11. Additionally, and in compliance with Rule 11(c)(2), please refer to the attached Motion for Sanctions.

As discussed below, the Complaint advances frivolous and facially deficient claims for the purpose of harassing Defendants, increasing Defendants' overall litigation costs, and is in clear retaliation for Plaintiffs' failed legal attacks on Defendants and other related events. Indeed, you filed the Complaint only two (2) weeks after the Court in <u>Gregory Boyd et al v. Olmar López Vidal, et al</u>, Civil No. 22-CV-01190-GMM ("22-1190"), denied Plaintiffs' request to file a *Third Amended Complaint*, which is almost identical to the Complaint filed in the lawsuit subject of this

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

letter, among various other failed legal attacks against Defendants. In sum, the Complaint constitutes vexatious litigation and should be dismissed forthwith.

**The Initial Complaint and Subsequent Attempts to Amend the Pleadings.**

On April 25, 2022, at Plaintiffs' behest, you filed a complaint in the United States District Court for the District of Puerto Rico numbered 22-1190. See 22-1190, Dkt. No. 1. The case stems from a failed effort to construct a landfill-gas-to-energy biorefinery in Humacao, Puerto Rico, spearheaded by GFC Holdings, LLC ("GFC") and Biomass Green Fuels, LLC ("BGF") (collectively, the "Companies"). Plaintiffs were alleged equity holders in the Companies.

The complaint in 22-1190 was amended multiple times. The defendants in 22-1190 moved for dismissal, on various grounds, of the operant *Second Amended Complaint*, see 22-1190, Dkt. No. 145-1. Three years after filing the *Second Amended Complaint*, on January 20, 2026, and while the motions to dismiss were still pending, Plaintiffs asked the Court to amend the complaint in 22-1190 for a **third** time, filing another iteration of the same fact pattern. See 22-1190, Dkt. No. 831.

The *Third Amended Complaint* now included Defendants, and built-upon the *Second Amended Complaint*'s legal theories, this time adding alleged damages regarding some future "Environmental Credits and Tax Benefits" related to an alleged breach of an alleged Revenue Sharing Agreement ("RSA"). 22-1190, Dkt. No. 831-1 at ¶¶ 1009-1010. Notably, these allegations represent a conflict of interest for Plaintiffs' counsel, who were not only directly engaged in the negotiation of the RSA, but also a signing-party to the agreement. Particularly telling is that counsel Jean Paul Vissepó-Garriga, who signed the RSA as managing partner of EFB, LLC ("EFB"), withdrew as counsel for Plaintiffs the exact same day the *Third Amended Complaint* was filed. Clearly, the existence of such patent conflict of interests constitute improper purposes for filing the Complaint, in violation of Rule 11 and other ethical tenets.

Despite counsels' ill-advised intentions, on January 21, 2026, the Court denied Plaintiffs' request to amend the complaint in 22-1190 for a third time. The Court reiterated the holding on January 23, 2026, denying Plaintiffs' motion for reconsideration. On February 7, 2026, just fifteen (15) days after the Court denied Plaintiffs motion for reconsideration, and with no other intention than to unduly harass and increase costs of litigation, Plaintiffs' counsel filed yet another version of the same allegations, but this time as a new and separate Complaint in Gregory Boyd et al. v. Banco Popular de Puerto Rico et al., Civil No. 26-cv-01066-MAJ ("26-1066"). The Complaint in 26-1066 essentially copied the *Third Amended Complaint* that Plaintiffs attempted to file in case 22-1190, which in itself was a rehash of the *Second Amended Complaint*, the operative complaint in 22-1190.

**Other related legal proceedings**

Plaintiffs have presented the same, or very similar claims and/or arguments, in a myriad of related legal proceedings. **None have prospered**. For example, out of many, in Boyd, et al v. Banco Popular de Puerto Rico, 24-cv-1569-PAD ("24-1569"), Plaintiffs alleged Banco Popular de Puerto Rico ("BPPR") violated the anti-tying provisions of the *Bank Holding Company Act* ("BHCA"). On December 22, 2025, the Court in 24-1569 dismissed the claims filed on behalf of

the Companies because of counsels'[1] reliance on a Written Consent was invalid. See 24-1569, Dkt. No. 131.[2] Furthermore, on December 22, 2025, the Court in 24-1569 also dismissed Plaintiffs' claims under the BHCA for lack of standing. See 24-1569, Dkt. No. 131. "To summarize, at the end of the day, the SAC does not allege any direct injury to Boyd or Lassers; and fails to adequately plead a derivative action.  In that regard, Boyd and Lassers lack standing to assert anti-tying claims under the BHCA. Correspondingly, their claims must be dismissed." 24-1569, Dkt. No. 131 at 22. Having all federal claims dismissed with prejudice, Judgment was issued accordingly. See 24-1569, Dkt. No. 133. Subsequently, the Motion for Reconsideration was denied on March 10, 2026. See 24-1569, Dkt. No. 140.

**The Court Dismisses Case No. 22-1190 in its entirety.**

On March 18, 2026, the Court in 22-1190 issued an *Opinion and Order* granting several motions to dismiss and, accordingly, dismissed all federal claims with prejudice and dismissed the remaining state law claims without prejudice. See 22-1190,  Dkt. No. 874. The *Opinion and Order* is fatal to Plaintiffs' asserted claims in 26-1066. In short, and after sifting through Plaintiffs' allegations for well-plead averments, the Court concluded that Plaintiffs' federal claims fail as a matter of fact because the *Second Amended Complaint* "fails to bridge the gap between alleged misconduct and legally cognizable federal claims." Id. at 35. Specifically, the *Opinion and Order* dismissed the declaratory judgment claim for lack of a justiciable controversy regarding trade secrets, dismissed the securities violations claims for failure to state a plausible claim, and dismissed the RICO claims for lack of standing.

As the Court noted in the *Opinion and Order* dismissing all claims, the *Second Amended Complaint* is replete with contradictory and insufficient pleadings. For example, the *Opinion and Order* emphasized that "Plaintiffs' theory of the alleged purpose is internally inconsistent, alternately asserting that Defendants sought to profit from the project's success and from its failure." Id. at 17. Accordingly, "[s]uch contradictory allegations further undermine the plausibility of a coherent RICO enterprise or common unlawful purpose." Id. at 17-18. More importantly, the *Opinion and Order* concludes that Plaintiffs lack standing to assert claims under RICO. Id. at 23-34. In sum, the Court held that "[l]abeling a series of business disputes or alleged contractual breaches as 'racketeering' does not transform them into RICO violations. Courts must be cautious not to allow ordinary commercial disagreements to be recast as federal racketeering claims." Id. at 27.

The *Opinion and Order* and accompanying Judgment in 22-1190 are a clear refutation and rejection of Plaintiffs' legal theories. As explained in greater detail below, the Court's reasoning in the *Opinion and Order* is equally applicable to the Complaint in 26-1066.

## DISCUSSION

The Complaint in case number 26-1066 runs afoul of Rule 11(b). Fed. R. Civ. P. 11(b)(1)-(2). The Complaint presents frivolous claims against Defendants for the purpose of harassing them

---

[1] Jane A. Becker-Whitaker, Jean Paul Vissepo-Garriga and Luis E. Miñana.
[2] The Court further noted that the Court in 22-1190 had reached a similar conclusion on August 12, 2025. See 22-1190, Dkt. No. 800.

and increasing Defendants' litigation costs in related proceedings, among other improper purposes. Rule 11 further provides that sanctions may be imposed on the violating party. Id. at 11(c)(1).

## A.  Plaintiffs' Claims are Frivolous

The Complaint in 26-1066 is a house of cards built on legally insufficient averments. The Complaint fails as a matter of law because the underlying factual assertions and legal theory have been dismissed through final Judgments in parallel cases. Thus, issue preclusion and/or claim preclusion applies to the majority of allegations and legal theories proffered by Plaintiffs.

Rule 11(b)(2) prohibits legally unwarranted "claims ... and other legal contentions." A filing subject to Rule 11 also must be the result of a reasonable "pre filing inquiry," one that must be more rigorous "when an attorney has months to prepare a complaint." Cooter & Gell v. Harmwrx Corp., 496 U.S. 384, 401 (1990). Here, there were multiple attorneys involved in the various complaints, including the Complaint in 26-1066, and you also had many months to conduct a fulsome prefiling inquiry prior to requesting waiver of service of the Complaint in 26-1066, including the several months the Court noted in 22-1190 that Plaintiffs had before filing the *Third Amended Complaint*. The same *Third Amended Complaint* which was denied just weeks before filing the Complaint in 26-1066.

A cursory review of the Complaint confirms that this prefiling inquiry did not occur. Every single cause of action is legally invalid and barred by *res judicata* and/or collateral estoppel. As the Court noted in 22-1190, the pleadings' core theory is nonsensical, with the Enterprise operating in "opposing and competing directions". This is further obfuscated in the Complaint in 26-1066, wherein Plaintiffs allege "two distinct but related schemes" that still, somehow, share a "common purpose". 26-1066, Dkt. No. 1, *Complaint* at ¶ 991. The inconsistencies are insurmountable. Moreover, not only is the core theory nonsensical and legally insufficient, this and other issues have been subject to a final judgment and, accordingly, issue and claim preclusion apply. Additionally, the claims asserted fail as a matter of law on several other grounds. Lastly, the Complaint in 26-1066 was clearly filed for improper purposes, that is, to harass and augment legal costs on Defendants in retaliation because of Plaintiffs' lack of return on their investment in the Companies. Just as the Court in 22-1190 concluded: "Labeling a series of business disputes or alleged contractual breaches as 'racketeering' does not transform them into RICO violations. Courts must be cautious not to allow ordinary commercial disagreements to be recast as federal racketeering claims." 22-1190, Dkt. No. 874 at 27.

### 1.  The Complaint in 26-1066 is precluded by previous Judgments.

The following is a consolidated summary of the final judgments that preclude the claims asserted in the Complaint: (1) On December 22, 2025, the Court in case number 24-1569 dismissed all BHCA claims with prejudice for lack of standing and entered Judgment accordingly (Dkt. Nos. 131, 133), with the Motion for Reconsideration denied on March 10, 2026 (Dkt. No. 140); (2) On January 21, 2026, the Court in case number 22-1190 denied Plaintiffs' request to file a *Third Amended Complaint* on grounds of undue delay and prejudice (Dkt. No. 847), and reaffirmed that denial on January 23, 2026 (Dkt. No. 855); (3) On March 18, 2026, the Court in case number 22-1190 issued an *Opinion and Order* dismissing all federal claims with prejudice, including all RICO

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414  |  Fax 787-764-8241
www.delgadofernandez.com

claims for lack of standing and all securities claims for failure to state a plausible claim (Dkt. No. 874); and (4) Two separate federal Courts have ruled that the "Written Consent" purporting to grant Plaintiffs authority to act on behalf of the Companies is invalid (22-1190, Dkt. No. 800; 24-1569, Dkt. No. 131). Each of these rulings constitutes a final Judgment for purposes of issue preclusion and/or claim preclusion.

      i.      Anti-Tying allegations under the BHCA.

Plaintiffs' Complaint in 26-1066 is replete with references to BPPR alleged violations of the BHCA, and based on these allegations, bootstraps its entire theory of damages. See *Complaint* at ¶ 9 ("This tying, in violation of 12 U.S.C. § 1972, enabled BPPR's illegal gains and ESG credits while destroying BGF's value through ongoing fraud and inability to recover the project because of that fraud and subsequent failure to enable a valid claim on the pay and performance bond.") These are not mere references, these allegations seem central to Plaintiffs factual assertions[3] and legal theory for recovery.[4] More significantly, despite predating Plaintiffs contact with Defendants, those allegations of BHCA violations serve as the basis to assert RICO violations regarding Defendants' alleged involvement in the assignment of a Credit Agreement. See *Complaint* at ¶¶ 27, 30-31 That is, the alleged release of anti-tying claims of the Credit Agreement constitute, according to Plaintiffs, predicate acts by Defendants. See id.; see also *Complaint* at page 235. Therefore, the alleged violations of the BHCA have a central role in Plaintiffs legal theory of Defendants' wrongdoing.

Plaintiffs anti-tying claims under the BHCA are, however, legally invalid and facially insufficient. More specifically, the Court in case number 24-1569 has issued a final Judgment dismissing all of Plaintiffs' claims under the BHCA. The Court held that Plaintiffs lack standing to assert claims under the BHCA, and dismissed the claims with prejudice. These constitute final Judgments for purposes of issue preclusion and/or claim preclusion. That is, Plaintiffs lack standing to assert the underlying allegation, an anti-tying claim against BPPR, that allegedly gives rise to Defendants' supposed RICO violation, a release of anti-tying claims. Accordingly, the Complaint is premised on a legally invalid theory. As such, the same must be dismissed forthwith.

      ii.     Plaintiffs' derivative claims.

In its *Opinion and Order*, the Court in case number 24-1569 also dismissed any and all derivative claims filed by Plaintiffs and specifically held that Plaintiffs cannot act on behalf of the Companies because "the Written Consent on which Attorneys Becker and Vissepó rely to justify their purported representation of GFC and BGF is invalid." 24-1569, Dkt. No. 131 at 14. Similarly, the Court in 22-1190, as early as August 12, 2025, had already issued a *Memorandum and Order* denying Plaintiffs' counsels from representing the Companies and filing derivative claims. See 22-1190, Dkt. No. 800 at 19. Accordingly, two separate federal Courts have already ruled that the "Written Consent" that allegedly attributes majority control of the Companies to Plaintiffs is invalid pursuant to the relevant Operating Agreement.

---

[3] 26-1066, Dkt. No. 1, *Complaint* at ¶¶ 9-11, 27, 30-31, 39, 45, 177, 189, 195, 664-666, 763, 765, 865, 877, 949, 984-987
[4] Id. ¶¶ 1002, 1006, 1045, 1048, 1059.

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

However, the Complaint in 26-1066 purports to use the same invalid "Written Consent" to establish Plaintiffs alleged authority to act on behalf of the Companies. See *Complaint* at ¶¶ 121, 975, 1090-1100. Moreover, the Complaint in 26-1066 asserts the same alleged injuries stemming from the Companies business dealings that were asserted in the *Second Amended Complaint* in 22-1190 and that were deemed legally insufficient for lack of standing. See *Complaint* at ¶¶ 1009, 1012-1013. In sum, not only do Plaintiffs lack standing to assert the underlying BHCA claims used to prop up the alleged RICO violations, but they also further lack standing to assert the RICO claims against Defendants. Accordingly, the Complaint is premised on a legally invalid theory. As such, the same must be dismissed forthwith.

iii.    Plaintiffs' individual claims.

The *Opinion and Order* in 22-1190 also addressed the various alleged injuries sustained by Plaintiffs and the predicate acts allegedly perpetrated by defendants in 22-1190. The result of the Court's analysis, as discussed above, was dismissal of all claims. In the *Opinion and Order* in 22-1190, the Court concluded that the following injuries were legally insufficient to establish RICO standing: the alleged loss of Lassers' SAFE Note; Boyd's exposure as Guarantor; alleged loss of ownership interest in the Companies; and Boyd's alleged loss of a Board seat. Additionally, the Court denied the proposed amendments that intended to include allegations regarding "Environmental Credits and Tax Benefits." These constitute final Judgments for purposes of issue preclusion and/or claim preclusion.

Nevertheless, the same and already-deemed-invalid alleged injuries are re-asserted in the Complaint in 26-1066. Moreover, the alleged predicate acts that occurred between 2023 and 2025 were already rejected by the Court in 22-1190. In sum, the injuries asserted in the Complaint have already been adjudicated as legally deficient elsewhere. Nothing has changed, and Plaintiffs continue to rely on the same legal theories. Accordingly, the Complaint is premised on a legally invalid theory. As such, the same must be dismissed forthwith.

2.    *The Complaint should be dismissed under the* Colorado River *doctrine.*

Federal Courts may abstain from exercising jurisdiction by providing deference to local forums who have before them the same or similar issues as the federal court. The Complaint in 26-1066 asserts several legal theories and causes of action already asserted by Plaintiffs in State Court, specifically, in SJ2024CV04616. Accordingly, all relevant factors for applying the Colorado River doctrine weigh heavily in favor of abstention. As such, this is yet another reason to dismiss the Complaint in 26-1066.

3.    *Failure to allege a pattern of racketeering activity and Enterprise.*

The only basis for exercising federal jurisdiction over the Complaint in 26-1066 are the alleged RICO claims.[5]  The Complaint, however, fails to state a plausible RICO claim on various grounds. That is, in addition to a lack of standing espoused above, the Complaint's allegations lack

---

[5] Because the Complaint is yet another iteration of the *Second Amended Complaint* in 22-1190, it includes references and allegations pertaining to violations of the *Securities Exchange Act*, but those allegations were already addressed by the Court in 22-1190 and dismissed though its *Opinion and Order*.

other essential components of a valid RICO claim. For example, the Complaint fails to properly allege a pattern of racketeering activity and also fails to properly allege a RICO Enterprise. These are just some of the most salient deficiencies of the Complaint. Accordingly, the Complaint is premised on a legally invalid theory. As such, the same must be dismissed forthwith.

4. *The alleged breaches to the NDA and RSA are legally implausible.*

The *Third Amended Complaint*, that was rejected by the Court in 22-1190, already included allegations of breaches to the NDA and RSA. Under claim preclusion grounds, and as discussed above, this is enough to warrant the voluntary dismissal of those claims and the Complaint in 26-1066. However, there are additional reasons for dismissing the Complaint and any claims pertaining to alleged breaches of the NDA and RSA including but not limited to the fact that the legal theory underlying them is non-sensical and contradictory.

As to the NDA, Plaintiffs allege that Defendants "used confidential information obtained under the NDA to plan and execute the acquisition of BGF's assets" in violation of the NDA's "Business Purpose" because it was done for Defendants own benefit "without Boyd and Lassers' participation." *Complaint* at ¶ 168. But the "Business Purpose" of the NDA is, precisely, for the possible acquisition of the Companies and related entities. See *Complaint*, Exhibit 13 page 3. Therefore, under Plaintiffs' theory, Defendants' achievement of completing the "Business Purpose," the *raison d'etre* of the NDA, constitutes a violation of the NDA itself. Further, Plaintiffs' logic is flawed because the "Business Purpose" does not preclude Defendants benefitting from the transaction, nor does it require Boyd and/or Lassers' participation in the transaction, nor does it bar the acquisition of the Companies. Arguing otherwise runs afoul of Rule 11 principals.

The RSA, on the other hand, was not included as an exhibit to the Complaint, and no excerpts were incorporated into the allegations. This is no surprise. Plaintiffs' counsel, Vissepó-Garriga, executed the RSA as Managing Member of the signing entity EFB, and Becker-Whitaker was listed as EFB's legal counsel. On the same exact day that the *Third Amended Complaint* was filed in 22-1190, asserting breaches to the RSA, counsel Vissepó-Garriga withdrew as Plaintiffs' counsel. Becker-Whitaker remained. Moreover, the RSA's benefits accrue in favor of EFB only if Plaintiffs' case in 22-1190 were resolved through a settlement agreement, further evidence of (1) a clear conflict of interest for Plaintiffs' counsel and (2) the flawed logic behind Plaintiffs' theory. That is, the condition precedent for the alleged RSA benefits never occurred, further damning Plaintiffs' theory.

Yet another example of the flawed logic underscoring the Complaint is that, therein, Plaintiffs allege the Companies were destroyed, see *Complaint* at ¶¶ 9, 651, 743, but then claim a percentage of potential future gains for the Companies' production, see *Complaint* at ¶¶ 1008-1009, 1012-1013. At the very least, this alleged claim is not ripe but, more importantly, the legal theory is implausible. In sum, the flaws are numerous and impact the soundness of the Complaint in a myriad of ways. As such, the Complaint must be dismissed.

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

5. *Plaintiffs lack standing to assert RSA claims because the alleged injury belongs to a non-party.*

Beyond the implausibility of the RSA claims discussed above, there is a fundamental standing defect that independently warrants dismissal. The Complaint itself acknowledges that the alleged future revenues under the RSA, and the alleged environmental credits and tax benefits, pertain to a non-party entity called "EFB." See *Complaint* at ¶ 79. EFB is not a plaintiff in this action. Accordingly, Plaintiffs lack standing to assert any claims for damages arising from the RSA because the direct loss, if any, belongs to EFB, not to Plaintiffs. This constitutes an independent and dispositive jurisdictional defect that requires dismissal of the RSA-related claims. As the Court in 22-1190 repeatedly held, derivative injuries cannot be repackaged as individual harms to circumvent standing requirements. The same principle applies here with equal force.

## B. The Complaint was Filed for Improper Purposes

The frivolous nature of the claims asserted in the Complaint in 26-1066 warrant dismissal, as discussed above, but Rule 11 also bars a complaint "being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). As an initial matter, the frivolous nature of Plaintiffs' claims help demonstrate their improper purpose. The timing of this litigation further demonstrates the improper purpose of the Complaint. The timeline is telling: on January 21, 2026, the Court denied Plaintiffs' request to file the *Third Amended Complaint* in case 22-1190; just fifteen (15) days later, on February 7, 2026, Plaintiffs filed the Complaint in 26-1066.

Notably, the *Third Amended Complaint* intended to add Defendants as defendants to the case in 22-1190. Instead of filing an appeal of the denial to amend, Plaintiffs filed the unmeritorious Complaint in 26-1066 with essentially the same allegations that were already rejected by the Court on various grounds. Therefore, the act of filing the Complaint, instead of filing an appeal, further demonstrates Plaintiffs' intent to harass Defendants.

The Complaint in 26-1066 also includes alleged breaches to the RSA which, as discussed herein, are claims that constitute a conflict of interest for Plaintiffs' counsel. This is further evidence that the Complaint was filed for improper purposes.

Moreover, Plaintiffs' litigation activity demonstrates, first, Plaintiffs' shotgun approach of asserting same or similar claims/arguments in multiple forums and, second, the numerous deficiencies with Plaintiffs' claims/arguments. The several litigation fronts manned by Plaintiffs evidences a disposition for vexatious litigation. Further, the multiple dismissals undercut Plaintiffs' legal theories. As such, it is clear that the Complaint was filed for improper purposes, such as harassing Defendants, delaying related litigation and increasing Defendants' litigation costs. Accordingly, the Complaint must be dismissed.

## C. Counsels' Conduct Raises Serious Ethical Concerns.

As discussed above, filing the Complaint in 26-1066 violates the Rule 11 mandate that bars frivolous claims and prohibits using the legal process for improper purposes. But serious additional ethical concerns are also present. The ABA's Model Rules and the Puerto Rico Canons of

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

Professional Ethics prohibit direct communications with other parties without their counsel and also prohibit counsel's conflicts of interest, among other prohibitions. Yet Plaintiffs' counsels' conduct in the above-referenced case and other related proceedings has also run afoul of these central tenets of the legal profession.

Particularly, ABA Model Rule 1.7(a)(2) and Canons 21 and 23 prohibit situations where counsel may have a personal stake in the litigation. Defendants are aware that Plaintiffs' counsel have a significant personal interest in the breach of the RSA claims because, not only were they involved in the negotiation of the RSA, but provisions of that same agreement inure in their favor through EFB, such as the environmental attributes alleged in the Complaint. Therefore, counsel is in violation of the aforementioned ethical rules.

Similarly, Plaintiffs' counsels have violated ABA Model Rule 4.2 and Canon 28 which prohibit communications with parties who are represented by counsel without their counsel's presence or acquiescence. We have obtained documentary evidence of numerous *ex parte* written communications between Plaintiffs' counsel and Defendants, as well as evidence of in-person *ex parte* meetings concerning the subject matter of this litigation. For example, counsel Becker-Whitaker texted one of Defendants after a conversation that, "**Btw, you and I never spoke**." These undisclosed communications, undertaken outside the presence of and without notice to opposing counsel, raise serious concerns regarding counsel's compliance with their duties of candor and fairness. Compounding these violations, the evidence further demonstrates that Plaintiffs' counsel holds a direct financial interest in the outcome of the litigation, creating an impermissible conflict that calls into question the integrity of their conduct and the proceedings as a whole. Therefore, counsel is in violation of the aforementioned ethical rules.

By prosecuting Case No. 26-1066, Plaintiffs' counsel has continued and further compounded these ethical violations. Accordingly, Defendants are prepared to pursue all appropriate remedies, including the filing of formal ethical complaints against Plaintiffs' counsel before the relevant disciplinary authorities.

In sum, the claims asserted in the Complaint are not warranted by existing law or any nonfrivolous argument for its extension, modification, or reversal, and instead appear calculated to harass Defendants and needlessly increase the costs of litigation. Such conduct violates Rule 11(b)(1) and (b)(2). Defendants therefore demand that Plaintiffs dismiss the Complaint within twenty-one (21) days of this letter. Should Plaintiffs decline to do so, Defendants will seek all relief available under Rule 11, including the imposition of appropriate sanctions. Please refer to the attached Motion for Sanctions.

Sincerely,

s/Alfredo Fernández Martínez
afernandez@delgadofernandez.com

s/Pedro Hernández Freire
phernandez@delgadofernandez.com

9

<u>s/Daniel Limés Rodríguez</u>
<u>dlimes@delgadofernandez.com</u>

Enclosures

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com