IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY BOYD and JONATHAN
LASSERS, et al.,

      Plaintiffs,                            Civil Action No.: 3:26-cv-01066-MAJ

v.

BANCO POPULAR DE PUERTO RICO.,
et al.

      Defendants.

---

**REPLY TO "PLAINTIFFS' OPPOSITION TO VRM PENZINI DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS (ECF NO. 68)"**

---

**TO THE HONORABLE COURT:**

    **COME NOW**, codefendants, VRM Penzini Capital L.L.C., VRM Penzini Fund I L.L.C., VRM Penzini Fund I, LLC, Renewable Series II, and Star Power Systems, LLC (collectively, the "Defendants") by and through their undersigned counsel and respectfully file a Reply to "Plaintiffs' Opposition to VRM Penzini Defendants' Motion for Rule 11 Sanctions (ECF.68)" (the "Opposition") at docket number 100.[1]

    1.    Plaintiffs' Opposition is telling for several reasons, but most notably for acknowledging that Plaintiffs are currently appealing a denial of leave to amend the same set of facts and circumstances that are now asserted in the captioned Complaint. See Dkt. No. 100 at 7. Plaintiffs admit the abundant similarities between the pleadings in the captioned case and those in case 22-1190 which is currently on appeal for, among other reasons, **the denial of leave to amend the complaint for a third time in order to assert the same facts now alleged in the captioned**

---

[1] Plaintiffs waived any objections to Defendants' Motion for Sanction at docket number 68 by failing to file a timely opposition. See Dkt. No. 101. In the alternative, Defendants hereby submit their Reply to the Opposition.

**Complaint in this case**. The doctrines of claim and issue preclusion were developed to eviscerate the practice of multiple and parallel litigation shown by Plaintiffs here, attempting a collateral attack on matters they admit are currently before the U.S. Court of Appeals for the First Circuit, and elsewhere.

2.      Likewise, the Opposition also acknowledges that Defendants herein are not the only ones raising similar arguments regarding Plaintiffs' deficient pleadings in the captioned case. The Opposition attempts to explain away the multiple independent attacks on the Complaint by ostensibly construing a conspiracy theory that all parties are acting in collusion. See Dkt. No. 100 at 14-16. But this fabrication only serves to highlight the baseless and unfounded assertions that plague the Complaint, and the fact that multiple parties agree on the frivolousness and improper use of the judicial system that the Complaint embodies.

3.      Regarding the multiple judicial forums where Plaintiffs have asserted the same or similar arguments, it is worth noting that in one of the cases before the Puerto Rico Court of First Instance, in case numbered SJ2024CV04616, see Dkt. No. 68 at 8-9, the State Court held that the "irrevocable proxy" Plaintiffs also invoke here in the captioned Complaint is ineffective under Puerto Rico law. More specifically, on May 26, 2026, a Puerto Rico State Court, interpreting Puerto Rico's General Corporations Act (Law 164-2009), held that Plaintiffs' "irrevocable proxy" does not grant them the authority to represent the relevant Companies. See **Exhibit 1** at 7-8. Yet on June 15, 2026, Plaintiffs still *falsely* insist that "no court has ever adjudicated" the validity of the "irrevocable proxy," Dkt. No. 100 at 7, and invoke the proxy to bootstrap standing and, again, *falsely* assert that they are pleading "new" conduct in the captioned Complaint, when the irrevocable proxy was included in Plaintiffs' third attempt to amend the complaint in case 22-1190, an amendment *the court denied*. These are just a few glaring examples of the collateral attacks on parallel litigation, in both State and federal court, that the captioned Complaint intends.

2

4.      Additionally, the Opposition simply fails to present accurate counterarguments to Defendants' Motion for Sanctions. For example, although the Opposition summarily argues that Defendants were not parties to prior federal cases for claim/issue preclusion to apply, or that prior dismissals were not decisions on the merits, the Opposition does not address Defendants' case law holding otherwise. In sum, Plaintiffs muddle the water in an attempt to get away with abusing the judicial system. The Court cannot permit such abuse. The case must be dismissed and sanctions imposed on Plaintiffs.

## DISCUSSION

5.      The Opposition begins and ends by referencing the supposed common ties between the various parties objecting to the captioned Complaint. See Dkt. No. 100 at 6-9 and 14-16. However, the Opposition misrepresents Defendants' position for literary effect. For example, Defendants never stated that federal courts "decided the facts against Plaintiffs", id. at 6, as Plaintiffs imply in their Opposition, but, instead, Defendants correctly asserted that "[t]wo separate federal Courts in this district have already ruled that the allegations of the Complaint are legally insufficient". Dkt. No. 68 at 1. Further, the Opposition erroneously asserts that Defendants "put[] a derogatory word in the Court's mouth", Dkt. No. 100 at 7, but Plaintiffs are simply misquoting Defendants' Motion for Sanctions. These unfounded conspiratorial characterizations misrepresent Defendants' position as espoused in the Motion for Sanctions, and should not be given any credence.

6.      After said ill-advised introduction, the Opposition disingenuously posits that "[t]he Complaint was not frivolous when filed." Dkt. No. 100 at 10.  Specifically, the Opposition argues that because the Complaint was filed "thirty-nine days *before* the March 18, 2026 Opinion the Motion [for Sanctions] relies on most," id., then somehow that bars the possibility that the Complaint could be deemed frivolous. That is not the case. Defendants submit that the Complaint

runs afoul of Rule 11 regardless of the prior court cases because counsel's "reasonable inquiry" prior to filing should have shown the frivolous nature of the claims and the improper purpose for the action. See Fed. R. Civ. P. 11. Moreover, the Opinion and Order in case 22-1190 is just *one of two* federal court opinions dismissing Plaintiffs' claims, that is, at the time of filing the captioned Complaint, Plaintiffs were aware of the baseless nature of the claims asserted in case number 24-1569, yet still proceeded to file the frivolous pleading for improper purposes.

7.      Nevertheless, whether the captioned Complaint was filed before or after the Opinion and Order of case 22-1190 was issued is a smoke screen to distract from the fact that the Rule 11 letter and Motion for Sanctions served on Plaintiffs *did* include ample references to the Opinion and Orders issued in both cases, 22-1190 and 24-1569. Moreover, that is the reason for the safe harbor provision of Rule 11, providing an opportunity for the filing party to withdraw or correct the defective pleading in the genuine case where the party's reasonable inquiry may have failed to show the frivolous nature of the claims or their improper purpose. Plaintiffs here had ample opportunity to consider the impact that the Opinion and Order in 22-1190 had on the captioned Complaint, especially after Defendants specifically highlighted the preclusive effect of the applicable Opinions and Orders through serving the Rule 11 letter and Motion for Sanctions. Plaintiffs did not withdraw nor correct their pleadings. Accordingly, their argument is unavailing.

8.      Furthermore, the timing issue actually works against Plaintiffs. The fact that the captioned Complaint was filed prior to the Opinion and Order in 22-1190, yet contained the same factual underpinnings already submitted to the Court in 22-1190, serves to show yet another improper purpose of filing the captioned Complaint: judge-shopping. See Vaqueria Tres Monjitas, Inc. v. Rivera-Cubano, 341 F. Supp. 2d 69 (D.P.R. 2004). Discussing out-of-circuit case law disapproving of judge-shopping, the honorable judge Casellas noted that "'*[t]his district's docket would become clogged and suffer virtual incapacitation if all litigants were allowed to bring a*

4

*new cause of action every time a motion to amend was denied or partial summary judgment was granted*. Furthermore, to allow the approach plaintiffs advocate would grant this court's seal of approval to a practice of flagrant judge-shopping.'" Id. at 73 (quoting Oxbow Energy, Inc. v. Koch Industries, Inc.,686 F. Supp. 278, 282 (D. Kan. 1988)). Filing a duplicative complaint within the same district while the matter is already before a different judge is sanctionable conduct, and Plaintiffs gladly admit to this. Accordingly, Plaintiffs argument fails on various grounds.

9.    Plaintiffs follow-up in the Opposition by arguing that "preclusion does not apply," Dkt. No. 100 at 10, and set forth four (4) bases for not applying claim/issue preclusion. We address each in turn.

10.    First, the Opposition argues that none of the movant Defendants was a party to the prior federal cases and, thus, there is no mutuality; since the parties are not the same no preclusion can apply. See Dkt. No. 100 at 10. Plaintiffs cite two inapposite Supreme Court cases that address whether claim/issue preclusion could be invoked *against a party who did not have a full and fair opportunity to litigate*. That is not the case here. Plaintiffs had their chance-at-bat, and failed, and said failure is being invoked against them as active participants, not a non-party. In fact, the preclusive effect Defendants assert is precisely the claim/issue preclusion recognized by the Supreme Court,[2] and by the Courts in this district. See Mala v. Palmer, 755 F. Supp. 2d 386, 392 (D.P.R. 2010) ("Accordingly, if a plaintiff that lost an issue in the first case was afforded a full and fair opportunity to litigate the same in the prior case, collateral estoppel precludes reasserting those arguments in a subsequent suit filed against a defendant who was not a party to the first case".) The fact that Defendants were not parties to the other cases does not limit their ability to assert

---

[2] See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329  (1979) ("The *Blonder-Tongue* case involved defensive use of collateral estoppel -- a plaintiff was estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant.").

claim/issue preclusion against Plaintiffs, who were parties to the other cases.

11.     Second, the Opposition argues that the captioned Complaint pleads conduct "that did not exist in the prior pleadings" and, supposedly, Plaintiffs are not asserting the "same cause of action." Dkt. No. 100 at 10-11. But Plaintiffs omit, or choose to ignore, a dispositive fact: the purported "new" conduct was already alleged in pleadings in case 22-1190, specifically, the Third Amended Complaint that the Court rejected. Accordingly, the Opposition does not address Defendants' case law holding that a denial to amend a pleading may constitute a final judgment on the merits of the claims in the proposed amendments, even if the basis for the denial was based on procedural grounds such as timeliness. See Hatch v. Trail King Indus., 699 F.3d 38, 45-46 (1st Cir. 2012)("'It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.'")(quoting King v. Hoover Group, Inc., 958 F.2d 219, 222-23 (8th Cir. 1992)); see, also Satanic Temple v. City of Belle Plaine, 80 F.4th 864, 870-71 (8th Cir. 2023). The fact that the Third Amended Complaint in 22-1190 already asserted the alleged "new" conduct renders this argument untenable and ineffective.

12.     Third, the Opposition next argues that the dismissals in cases 22-1190 and 24-1569 were "standing rulings, not decisions on the merits." Dkt. No. 100 at 11. But Plaintiffs fail to acknowledge that the standing doctrine "involves a collocation of constitutional requirements and prudential concerns." Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. 2006) (citing Valley Forge Christian Coll. v. Ams. United For Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). Moreover, Plaintiffs fail to acknowledge that, while a lack of Article III standing ordinarily is without prejudice, a lack of prudential standing constitutes a decision on the merits. See Katz v. Pershing, LLC, 806 F. Supp. 2d 452, 456 (D. Mass. 2011) aff'd, 672 F.3d 64 (1st Cir. 2012) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule

6

12(b)(6).") (quoting Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 795 n.2 (5th Cir. 2011)).

13.     The prudential dimensions of standing "'ordinarily require a plaintiff to show that *his claim is premised on his own legal rights (as opposed to those of a third party)*, that his claim is not merely a generalized grievance, and that it falls within the zone of interests protected by the law invoked.'" Katz v. Pershing, LLC, 672 F. 3d 64, 72 (1st Cir. 2012)(quoting Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. 2006))(emphasis added). For example, "[t]he shareholder-standing rule is a species of prudential limitation, not a component of the core constitutional standing requirement." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 637 (1st Cir. 2013)(citing Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd., 493 U.S. 331, 336-37, (1990)). Precisely, the Opinions and Orders in cases 22-1190 and 24-1569 concluded that Plaintiffs lacked standing because their claims were not premised on their own legal rights, but those of the relevant Companies, and Plaintiffs' alleged role as members/stockholders did not create standing to assert those rights. See, *e.g.* Civil No. 24-1569, Dkt. No. 131 at 17; Civil No. 22-1190, Dkt. No. 874 at 31-32. In fact, the dismissal of all federal claims in 22-1190 was with prejudice. See Civil No. 22-1190, Dkt. No. 874. As such, the dismissals in both 22-1190 and 24-1569 constitute rulings on the merits for purposes of claim/issue preclusion. Regardless, and in the alternative, even if the prior rulings were premised on Article III standing and not prudential or statutory considerations, the "reasonable inquiry" Rule 11 mandates would, at the very least, caution against filing the same defective theories of standing in a third case, as Plaintiffs have done here in 26-1066, especially with the knowledge that they would appeal said prior rulings.

14.     Fourth, the Opposition erroneously argues that, since the judgments are on appeal, then they are not "final" for preclusion purposes. See Dkt. No. 100 at 11. Plaintiffs conflate the effects of a final judgment with an enforceable judgment. The fact that a judgment is appealable is

7

precisely because it is final, otherwise it would not be appealable (except under certain limited circumstances). See 28 U.S.C. § 1291; Nichols v. Cadle Co., 101 F.3d 1448, 1449 n.1 (1st Cir. 1996) ("Ordinarily, a judgment is final (and, thus, appealable under 28 U.S.C. § 1291) only if it conclusively determines all claims of all parties to the action."). In sum, the filing of an appeal does not turn back the clock on the finality of the judgment; the judgment is still final, but the appeal may merely postpone/affect its enforcement. Moreover, the fact that an appeal was filed in both cases, 22-1190 and 24-1569, highlights the impermissible collateral nature of this third case, 26-1066.

15. Accordingly, claim/issue preclusion also applies, and Plaintiffs were barred from filing the instant Complaint, and a reasonable inquiry should have arrived at the same conclusion. Prosecuting the Complaint despite the preclusive effect of the other cases runs afoul of Rule 11 and warrants the imposition of sanctions.

16. After addressing preclusion, the Opposition then argues that their purportedly new theories are "warranted by existing law", and that some of the frivolous assertions of the captioned Complaint should be addressed in a motion to dismiss, not a motion for sanctions. Dkt. No. 100 at 12-13. Essentially, Plaintiffs seem to argue that this Court should resolve all legal and factual questions before addressing a Rule 11 motion for sanctions. This would render Rule 11 ineffective; any sanctionable pleadings would continue in full force and effect for the life of a case, only to be resolved *after* a final judgment. It would also turn the doctrine of *res judicata* on its head, fostering multiplicity of repetitive legal proceedings. Moreover, we reiterate, they are not "new" theories, but allegations already asserted before the Courts in 22-1190 and 24-1569 and currently pending on appeal before the Court of Appeals for the First Circuit.

17. Lastly, the Opposition argues that the Motion for Sanctions filed by Defendants is not the same as the motion served alongside the letter on April 10, 2026, in accordance with the

8

safe harbor provision of Rule 11. See Dkt. No. 100 at 13-14. Particularly, the Opposition identifies two differences: (1) the filed Motion for Sanctions was filed by four movants, while the draft named eight; and (2) the filed Motion for Sanctions argued that the "appeals themselves were sanctionable." See id. at 14. The Opposition characterizes the latter difference as Defendants' purported intention of adding a "new ground" for sanctions. Id. From the get-go, this is a misrepresentation of what the Motion for Sanctions stated in the two footnotes that it added. See Dkt. No. 68 at n.2-3, pages 7-8. The "sanctionable conduct" was and continues to be, the active prosecution of case 26-1066; no "new grounds" have been asserted. The added footnotes simply clarified that the appeals were filed, and that said filings "further evidences an intention to vexatious litigation with 'multiple fronts' pressing the same (failed) narrative." Id.

18.     Contrary to Plaintiffs' argument, the fact that the filed Motion for Sanctions only includes four (4) movants instead of eight (8), and that two brief footnotes were added does not render the Motion for Sanctions defective for failing to satisfy Rule 11's safe harbor provision. If anything, narrowing the filed Motion to fewer movants benefited Plaintiffs by reducing their exposure. A party cannot claim it was deprived of the safe harbor's protections because the moving party ultimately sought less than it had threatened. Furthermore, Plaintiffs fail to cite to any rule or case law requiring that the served motion be *identical* to the filed motion. That is because case law points the other way: courts consider the safe harbor provision satisfied when the served motion rests on substantially the same grounds as the filed motion.[3] What matters is to give sufficient notice to the opposing party for them to withdraw the frivolous or improper pleading, and this occurs when they are informed that the moving party will seek sanctions, the basis on

---

[3] See, *e.g.*, Lexos Media IP, LLC v. Overstock.Com, Inc., No. 22-2324-JAR-ADM, 2025 LX 101261, at *5-8 (D. Kan. June 16, 2025); Off. Comm. of Unsecured Creditors of Cash Cloud, Inc. v. McAlary (In re Cash Cloud, Inc.), No. 2:23-cv-01738-APG-BNW, 2025 LX 91426, at *5-6 (D. Nev. Apr. 30, 2025); Jones v. Haynes, No. 24-CV-7098 (VM), 2025 LX 250612, at *7 n.2 (S.D.N.Y. Apr. 16, 2025); Merritt v. Lake Jovita Homeowner's Ass'n, No. 8:08-cv-98-T-27EAJ, 2010 U.S. Dist. LEXIS 166149, at *2-3 (M.D. Fla. May 10, 2010).

which Rule 11 had been violated, and the relief requested. See Richter v. Oracle Am., Inc., No. 22-cv-04795-BLF, 2023 LX 189530, at *18 (N.D. Cal. Dec. 8, 2023)(citing Fed. R. Civ. P. 11(c)(2)). And Defendants have done so here, notifying Plaintiffs of the intention of seeking sanctions, identifying the conduct that violated both Rule 11(b)(1) and Rule 11(b)(2) in detail, and specifying the relief requested. See Dkt. No. 68. The inconsequential differences between the filed Motion for Sanctions and the served draft do not render it ineffective.

19.     It is worth noting that the Opposition does not directly address the violations of Rule 11(b)(1) (filing for improper purpose) that Defendants raised in their Motion for Sanctions. Further, the Opposition fails to acknowledge or address the serious ethical concerns raised in the Motion for Sanctions and accompanying letter. See Dkt. No. 68 at 24; Dkt. No. 68-1 at 9-10. These omissions further reinforce Defendants' request for sanctions.

**CONCLUSION**

20.     The Opposition should be deemed waived because Plaintiffs failed to comply with procedural requirements. In substance, the Opposition fails as well; none of the reasons for denying the Motion for Sanctions holds water. In essence, Plaintiffs position that the prior cases have been appealed only further demonstrates the collateral nature of the instant Complaint. As such, and as further described above and in the Motion for Sanctions, the captioned Complaint violates Rule 11(b)(1) and 11(b)(2). Sanctions are warranted and must be imposed to curb the damaging conduct.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant the Motion for Sanctions filed at docket number 68.

Dated: June 29, 2026.

**RESPECTFULLY SUBMITTED.**

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco St., Suite 1000

Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

/s/*Alfredo Fernández-Martínez*
**Alfredo Fernández-Martínez**
USDC-PR #210511
afernandez@delgadofernandez.com

s/ *Pedro A. Hernández Freire*
**Pedro A. Hernández Freire**
USDC-PR No. 231702
phernandez@delgadofernandez.com

/s/ *Daniel Limés-Rodríguez*
**Daniel Limés-Rodríguez**
USDC-PR #307505
dlimes@delgadofernandez.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF System which will send notice of filing to all counsel of record.

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco St., Suite 1000
Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

/s/*Alfredo Fernández-Martínez*
**Alfredo Fernández-Martínez**
USDC-PR #210511
afernandez@delgadofernandez.com

s/ *Pedro A. Hernández Freire*
**Pedro A. Hernández Freire**
USDC-PR No. 231702
phernandez@delgadofernandez.com

11

/s/ *Daniel Limés-Rodríguez*
**Daniel Limés-Rodríguez**
USDC-PR #307505
dlimes@delgadofernandez.com