**COMMONWEALTH OF PUERTO RICO**
**GENERAL COURT OF JUSTICE**
**COURT OF FIRST INSTANCE**
SUPERIOR COURT OF San Juan

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO | CASE NO.  SJ2024CV04616 |
| PLAINTIFF | COURTROOM NO.:  CIVIL COURTROOM 803 |
| VS | |
| BIOMASS GREEN FUELS LLC ET AL. | |
| DEFENDANT | RE:  COLLECTION OF MONEY - ORDINARY AND OTHER |

## NOTICE

TO:   ALFREDO FERNÁNDEZ MARTÍNEZ
AFERNANDEZ@DELGADOFERNANDEZ.COM

CRISTINA SOFÍA VÁZQUEZ RAMÍREZ
CVAZQUEZ@DELGADOFERNANDEZ.COM

DANIEL LIMÉS RODRÍGUEZ
DLIMES@DELGADOFERNANDEZ.COM

DAVID J. GONZÁLEZ CASAS
DGONZALEZ@DELGADOFERNANDEZ.COM

HERIBERTO LOPEZ GUZMAN
HLOPEZ@HLOPEZLAW.COM

JANE A. BECKER WHITAKER
JBW@BECKERVISSEPO.COM

JOSÉ A HERNÁNDEZ MAYORAL
JAHM@MAC.COM

JOSE M MARTINEZ RIVERA
JMARTINEZ@DELGADOFERNANDEZ.COM

LUIS E MIÑANA RODRÍGUEZ-FEO
MINANALAW@YAHOO.COM

MARÍA D. TRELLES HERNÁNDEZ
MTRELLES@PMALAW.COM

MARÍA ELENA MARTÍNEZ CASADO
MMARTINEZ@PMALAW.COM

PEDRO ANTONIO HERNÁNDEZ FREIRE
PHERNANDEZ@DELGADOFERNANDEZ.COM

ROBERTO ABESADA AGÜET
RA@ABESADA.COM

TOMÁS A. ROMÁN SANTOS
TOMAS@ROMAN-SANTOS.COM

YUSEPH LEMUEL LAMBOY LÓPEZ
YUSEPHLAMBOY@GMAIL.COM

The undersigned Secretary hereby certifies and notifies you that, regarding the CASE REFERRED TO ABOVE, this Court issued a RESOLUTION on May 26, 2026.

A copy is attached or a link is provided:
Click here to access the electronic document that is the subject of this notice.  [304]

YOU ARE HEREBY NOTIFIED that, as a party or legal representative in the case subject to this RULING, you may file an appeal, motion for review, or petition for certiorari in accordance with the procedure and within the time limits established by law, rule, or regulation.

OAT 1812 Standard Notification Form - Judgments, Decisions, Orders, and Minutes
(November 2016) / SUMAC

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

I CERTIFY that the determination issued by the Court was duly recorded and filed today, May 26, 2026, and that a copy of this notice was sent to the persons listed above at their addresses on file in the case, in accordance with applicable regulations. A copy of this notice was filed in the case record on this same date.

In San Juan, Puerto Rico, on May 26, 2026.

| GRISELDA RODRIGUEZ COLLADO | By: | s/KAROLYN RIVERA NAVARRO |
|---|---|---|
| Name of Regional Clerk | | Name and Signature of Deputy Court Clerk |

OAT 1812 Standard Notification Form - Judgments, Decisions, Orders, and Minutes (November 2016) / SUMAC

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2024CV04616 05/26/2026 02:33:52 p.m. Page 1 of 6

**COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR COURT**

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br>**PLAINTIFF**<br><br>**V**<br><br>**BIOMASS GREEN FUELS LLC.**<br>**GFC HOLDINGS LLC**<br>**OLMAR LÓPEZ VIDAL, CRISTINA**<br>**RIOS MENA, AND THE COMMUNITY**<br>**PROPERTY HELD BY BOTH; OLMAR**<br>**LÓPEZ GÓMEZ, VIVIAN VIDAL DE**<br>**LÓPEZ, AND THE COMMUNITY**<br>**PROPERTY HELD BY BOTH.**<br>**DEFENDANT** | **CIVIL CASE NO.: SJ2024CV04616**<br><br>**ROOM: 803**<br><br>**RE: BREACH OF**<br>**CONTRACT**<br>**COLLECTION OF MONEY**<br>**ENFORCEMENT OF**<br>**COLLATERAL AND**<br>**GUARANTEES** |

**RESOLUTION**

In response to an order from this court, the parties filed a joint motion reporting on certain motions that were pending resolution (Sumac #299). The order was necessary both due to the volume of motions in the case and because several co-defendants had filed similar claims in different pleadings, and this court was under the understanding that all had been resolved; however, this was not the case. Therefore, we requested and obtained the parties' cooperation to address what was in fact pending. In order to avoid burdening the record more than strictly necessary, we hereby rule on all the issues raised in the joint motion. We have grouped the motions by topic so that each Roman numeral addresses all motions pertaining to each pending issue.

I.   Motion to Dismiss (Sumac #263), the opposition thereto (Sumac #273), and a reply (Sumac #280).

Co-defendant and third-party plaintiff Gregory Boyd filed a motion requesting that any claims brought by Humacao RNG in this case be dismissed. Mr. Boyd alleges that Banco Popular assigned its rights to Humacao RNG in violation of the law and the credit agreement, and therefore the assignment must be declared null and void. Mr. Boyd alleges that the assignment is null and void because Banco Popular

ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026, 1:16:44 p.m.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

did not obtain the consent of the other party (the debtors named as defendants in this case), because Humacao RNG is an affiliate and the Credit Agreement prohibits assignment to affiliates; he further argues that Humacao RNG is not a suitable assignee because it lacks the financial capacity, as it does not have $1,000,000,000 in Tier 1 capital (Sumac #263).

Banco Popular filed a response addressing all the arguments on which Mr. Boyd bases his claim that the assignment is contrary to law (Sumac #273). Regarding the allegation that the Civil Code prohibits the assignment, BPPR argues that the provisions cited by Mr. Boyd address issues of novation that do not apply to the assignment in question, and that the assignment does not replace one debtor with another, but rather one creditor with another creditor, for which the debtor's consent is not required. It argues that neither BPPR nor Humacao RNG are debtors of Mr. Boyd. BPPR challenges the Credit Agreement, particularly regarding the definition of an affiliate, concluding that such definition does not apply to Humacao RNG since it is not a lender, nor an affiliate of a lender, nor a commercial bank, national bank, or savings and loan association, nor a savings bank. Finally, it challenges the requirement regarding Humacao RNG's financial capacity. It argues that Mr. Boyd's interpretation of the Credit Agreement in this case is overly lenient and that, given the clarity of the language, the *ejusdem generis* doctrine, raised by Mr. Boyd in his brief, does not apply.

In his reply, Mr. Boyd reiterates his position that the Credit Agreement prohibits the assignment made to Humacao RNG. He reiterates that the assignment of the loan to Humacao RNG violates the agreement and must be rescinded (Sumac #280). Having carefully reviewed the briefs in entries #263, #273, and #280, and in light of the entire record, the Court hereby Denies Mr. Boyd's motion to dismiss.

II. Informative Motion and Motion for Contempt (Sumac #172).

BPPR reports that the co-defendants have failed to comply with a series of express orders of this court; in particular, it requests that the court order compliance with the ruling issued by the court on October 22, 2024. The ruling was the

ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026, 1:16:44 p.m.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

result of a series of evidentiary presentations and discussions between the parties. In summary, the ruling ordered the Personal Guarantors to "reimburse Banco Popular de Puerto Rico for the advance payment made to maintain the insured property, namely $199,838.00," within 20 days. In addition, the court ordered: "They must also maintain the policy, as agreed in open court, for which they must make subsequent payments directly to First Insurance Funding." The ruling can be found in entry #116 of the Sumac electronic case file.

BPPR alleges that neither Biomass nor the personal guarantors have made the ordered reimbursement, nor did they pay First Insurance Funding, forcing Banco Popular to make two additional payments of $22,216.75 each.

The payments claimed by BPPR arise from the obligation between the parties under the Credit Agreement. The defendant guarantors acknowledged in open court their obligation to maintain insurance on the property, and the ruling issued by the court was the result of voluntary agreements in which the defendants committed to complying with the insurance requirements and scheduled payments. The defendant guarantors' failure to comply with the agreements reached and formalized in a ruling by this court is reckless.

Therefore, this court grants the motion and consequently finds the Guarantors in contempt without the need for a further evidentiary hearing. Accordingly:

1. The Personal Guarantors must, on or before the next 15 calendar days, reimburse BPPR the amount of $199,838.60 for the insurance premium payment; reimburse BPPR the sum of $44,433.50 corresponding to the November and December monthly insurance premium payments made by BPPR to First Insurance Funding; and reimburse BPPR for the accrued interest on the payments made for the insurance policy, which as of December 9, 2024, amounts to $3,529.60, plus any interest that may accrue thereafter.

ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026, 1:16:44 p.m.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

2. Daily penalties are imposed on each Personal Guarantor in the amount of $500 per day, from November 11, 2024, until compliance with the Court's orders is achieved.

3. They are ordered to pay $5,000.00 in attorneys' fees for obstinancy.

III. Motion to strike the *Third-Party Complaint* (Sumac #275) and the second *Third-Party Complaint* (Sumac #281); Motion to order removal of the derivative appearance of Gregory Boyd and his attorneys on behalf of the defendant companies (Sumac #285); Opposition to the motion to strike filed by the minority owners of Biomass Green Fuels, LLC and GFC Holdings, LLC (Sumac #286), Brief (Sumac #287), and Response to the Informative Motion (Sumac #288).

Co-defendant and Counterclaim Plaintiff Mr. Boyd filed a Third-Party Complaint (SUMAC No. 269), and Banco Popular, the Third-Party Defendant, moves to strike the pleading for two reasons: first, because it was untimely filed; and second, because Mr. Boyd is acting on behalf of two corporations that have not authorized him to speak or file suit on their behalf (SUMAC No. 275).

In light of the assignment from Banco Popular to Humacao RNG, on July 15, 2025, this court ordered Mr. Boyd to separate from his counterclaim those allegations against Banco Popular and file them as a third-party complaint. To that end, the court granted him 10 days. However, it was not until September 13, 2025 (Sumac #269) — after the granted extensions had expired — that Mr. Boyd filed the allegations against BPPR. He then filed another third-party complaint, this time including an affidavit, on September 30, 2025 (Sumac #276).

Banco Popular requested that both pleadings be dismissed, for the reasons outlined above. Consequently, GFC Holdings LLC and Biomass Green Fuels LLC appeared before the court to request that Mr. Boyd's pleading be dismissed and that he be prohibited from appearing on behalf of the corporations in the future. The companies allege that the board of directors has not authorized Mr. Boyd to act on

ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026, 1:16:44 p.m.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

his own behalf and that the companies are duly represented by counsel (Sumac #285).

Codefendant-counterclaimant Mr. Boyd filed an opposition to the dismissal of his third-party complaint. In his brief, he did not address BPPR's allegation that the brief was filed late. Mr. Boyd argued that he has standing to act on behalf of the corporations because, by virtue of an irrevocable proxy, he now holds the majority of the shares. He alleged that the Board of Managers is placing its financial interests above those of the companies, that the Operating Agreement has been breached, and requested that he be permitted to litigate on behalf of the companies.

GFC Holdings, LLC and Biomass Green Fuels, LLC filed a motion informing this court that the federal court dismissed a lawsuit, meaning that on two occasions (Civil No. 24-1569 and Civil No. 22-1190), two judges have ruled that Mr. Boyd cannot appear on behalf of the companies (Sumac #287). Mr. Boyd responded to the informative motion and argued that in Case No. 24-1569, the judge did not address the issue of standing (Sumac #288).

In this case, the court granted Mr. Boyd the opportunity to file his claim correctly — that is, to separate the allegations against Humacao RNG, which were raised through a counterclaim, from the allegations against BPPR, which were to be raised through a third-party complaint. This court granted all the extensions requested to file the third-party complaint. Mr. Boyd failed to meet the deadline he himself had requested. In addition, when filing the brief, he did so on behalf of two legal entities that had not authorized him to act on their behalf.

Under our legal system, a corporation is empowered to exercise the rights and powers conferred by Articles 2.01 and 2.02 of the General Corporations Law, 14 LPRA, sections 3521 and 3522. As soon as the corporation has legal personality and, therefore, standing to sue, it may enter into contracts and appear in a civil action as a plaintiff or defendant under its corporate name or participate in any civil,

ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026,



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

administrative, arbitration, or any other type of proceeding, <u>Eagle Security Police Inc. v. Dorado</u>, 211 D.P.R. 70 (2023). Thus, it is not the shareholders who appear on behalf of the corporation. In the absence of a corporate resolution granting Mr. Boyd the authority to represent the corporation, he has no authority to sue on behalf of the legal entity, regardless of whether he is a majority shareholder.

Therefore, considering that Mr. Boyd failed to comply with the prescribed deadline for filing the complaint and that, when he did file it, he abused his authority by suing on behalf of a party that had not authorized him to do so, the complaint is deemed null and void, and the third-party complaint filed against Banco Popular by Mr. Gregory Boyd is hereby dismissed.

**RECORD AND NOTIFY,**

In San Juan, Puerto Rico, on May 26, 2026

[Signature]
**CRISTINA E. SUAU GONZÁLEZ**

**Superior Court Judge**



ID: E13C64EC-D298-40E4-ABCE-9425A1882605 Electronically Signed: May 26, 2026, 1:16:44 p.m.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.