IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS,    CIVIL NO. 3:26-cv-01066(MAJ-MBA)
On their own behalf and in representation of GFC
Holdings, LLC and Biomass Green Fuels, LLC, and
EFB, LLC
    Plaintiffs,

    v.

BANCO POPULAR DE PUERTO RICO, et al.,
    Defendants.

---

**PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO STAY OR
HOLD IN ABEYANCE (ECF NOS. 88, 92, 93, 94, 96) AND
TO STRIKE (ECF NOS. 95, 98),
AND PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE (FED. R. CIV. P. 6(b)(1)(B))**

**TO THE HONORABLE COURT**:

**COME NOW** Plaintiffs Gregory S. Boyd and Jonathan Lassers, on their own behalf and

derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies")

and EFB, LLC, through undersigned counsel, and respectfully state and pray:

**INTRODUCTION**

Seven  motions filed by seven different Defendants are now before the Court, and they

seek  the same thing: they ask the Court to **wait**. Five ask the Court to stay or "hold in abeyance"

a ruling. ECF Nos. 88, 92, 93, 94, 96. Two ask the Court to strike Plaintiffs' papers ECF Nos. 95,

98. None of them defends anything on the merits. How could they? They cannot deny that Atty.

Abesada represented Banco Popular for decades: it is part of the public record. They have not

denied it. Instead, their unified motivation is to stop the Court from deciding the one motion the

defendants fear being decided — the motion to remove the bank's own lawyer from the Companies

(ECF No. 74) and the motion for limited discovery into who pays him. ECF No. 75 because such

1

a decision will confirm the conspiracy. Ironically, their ironclad, lockstep opposition to a decision being made points the same way.

Plaintiffs oppose all seven motions. Plaintiffs also ask the Court, under Federal Rule of Civil Procedure 6(b)(1)(B), to accept this opposition and Plaintiffs' short replies as filed, so the Court can reach the merits. Because the Court has not yet ruled on anything, no one is harmed by deciding now. Delay only exacerbates the harm to the integrity of these proceedings.

## I. THE STAY AND ABEYANCE MOTIONS SHOULD BE DENIED (ECF NOS. 88, 92, 93, 94, 96)

### A. A Stay Is The Exception, And The Party Who Asks For It Carries A Heavy Burden.

A stay is not granted for the asking. The party who wants one "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay … will work damage to some one else." *Landis v. North American Co*., 299 U.S. 248, 255 (1936). The Supreme Court has said it again plainly: "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

And a stay cannot be open-ended. It "is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 257. A stay that simply defers a ruling "pending" some future event, with no end in sight, is an abuse of discretion when it ignores the other side's interest in a timely decision. *Clinton*, 520 U.S. at 707–08.

### B. The Defendants Argue No Hardship — Only Delay.

Measured against that standard, these motions fail on their collective face. ECF No. 88, filed by Attorney Abesada for the Companies, asks the Court to "stay a ruling on ECF No. 74-75"

— that is, to freeze the very motions that ask the Court to remove him. ECF Nos. 92, 93, and 96 are joinders that ask for the same freeze and to hold the defendants' own answer deadlines in abeyance "pending threshold ruling." ECF No. 94 asks to hold Banco Popular's answer deadline in abeyance. Not one of them shows any hardship from going forward. Not one proposes an end date. They ask for exactly the open-ended, indefinite freeze that *Landis* forbids.

**C. What They Want Frozen Is A Conflict That Gets Worse Every Day.**

The motion to disqualify, ECF No. 74, is not an ordinary motion. It shows that the bank's own long-time lawyer, Roberto Abesada, is appearing for the Companies — the plaintiffs whose value this case seeks to vindicate — while he is concurrently paid in the bank's interest.The Companies' own Operating Agreement is what foots the bill. It requires the Companies to indemnify their Managers and agents (the "Covered Persons") "from the Company," and it provides that any such indemnity "**shall be provided out of and to the extent of Company assets only**." Operating Agreement § 6.5(a)–(b).[1] In plain terms, the Companies are made to pay — out of their own assets — for the very lawyer who is working against them.[2] Every day the Court's ruling is frozen, that conflicted representation continues, and the Companies keep being "represented" by a lawyer aligned with their adversary.

Delay here is not neutral — it entrenches an ongoing wrong. This is a RICO case, and the conflicted-counsel arrangement is pleaded as part of the enterprise's ongoing conduct. The Supreme Court has explained that a "threat of continued" racketeering is shown when the challenged acts "are a regular way of conducting [the] ongoing … business." *H.J. Inc. v.*

---

[1] Subsection (b)'s internal reference to "this Section 6.4" is a typographical error; the indemnification provision is part of Section 6.5, as both the section heading ("Liabilities. Exculpation and Indemnification of Members, and Managers") and the Agreement's table of contents confirm.

[2] Of course, the Companies are not paying anything because they are bereft of assets, thanks to Defendants.

*Northwestern Bell Tel. Co.*, 492 U.S. 229, 242–43 (1989). A stay does not pause that conduct; it protects it. The defendants ask the Court to hold still while the very malfeasance that Plaintiffs beseech this Court to stop keeps happening.

**D. Defendants Seek DiscoveryTo Be Frozen For The Same Reason — To Keep The Answer Hidden. (ECF No. 75)**

ECF No. 75 asks for limited discovery into who actually pays Attorney Abesada — and whether the Companies' own indemnity under Operating Agreement § 6.5 is the source. That is the question at the heart of the conflict. The defendants' move to freeze it tells the Court something: they would rather the Court not know the answer than answer it. Delay here is not case management — it is concealment of the threat of continued racketeering activity.

**E. There Is No Prejudice In Deciding Now; The Prejudice Runs The Other Way.**

Deciding ECF Nos. 74 and 75 now costs the defendants nothing — they have fully briefed both. Waiting, by contrast, costs the Companies their right to loyal, conflict-free counsel and risks the loss of evidence and the dissipation of assets while the clock runs. *Clinton* teaches that delay "increase[s] the danger of prejudice," 520 U.S. at 707–08. The balance *Landis* requires tips entirely against a stay.

**II. THE MOTIONS TO STRIKE SHOULD BE DENIED (ECF NOS. 95, 98)**

The strike motions fare no better. ECF No. 95 (Banco Popular) and ECF No. 98 (Semillero/Borschow) both ask the Court to strike Plaintiffs' reply briefs as "untimely." Three things are wrong with that.

**First, a motion to strike is the wrong tool.** Rule 12(f) lets a court strike material only "from a pleading." Fed. R. Civ. P. 12(f); see *Gitto v. Worcester Telegram & Gazette Corp.*, 422

4

F.3d 1 (1st Cir. 2005). A reply brief is not a pleading. Fed. R. Civ. P. 7(a). The defendants cite no rule that allows the Court to strike a brief, because there is none.

**Second, the Court already authorized the replies.** The Court granted Plaintiffs leave to file them (ECF Nos. 89, 90). ECF No. 98 goes so far as to ask the Court to reconsider its own order granting that leave — to undo what the Court already decided. A litigant's disagreement with the Court's scheduling order is not a basis to strike the other side's papers.

**Third, the remedy for a late brief is to read it, not to strike it.** When a filing is said to be out of time, the proper course is to give the other side a chance to be heard, not to silence it. *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc*., 754 F.2d 404, 410 (1st Cir. 1985). Moreover, any delay traces to the same blizzard of defense motions addressed here.

**These strikes are part of a pattern.** Striking the paper to avoid the merits is the same tactic the defendants run in every forum, and it needlessly multiplies these proceedings. See 28 U.S.C. § 1927; *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990); *Montoyo-Rivera v. Pall Life Sciences PR*, LLC, 245 F. Supp. 3d 337, 342 (D.P.R. 2017). Plaintiffs address that pattern more fully in their separately filed motion for sanctions.

## III. PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE (FED. R. CIV. P. 6(b)(1)(B))

To the extent any deadline to respond to these seven motions, or to file Plaintiffs' replies at ECF Nos. 84-1 and 86-1, has passed, Plaintiffs respectfully move under Rule 6(b)(1)(B) for leave to file, and ask that these papers be accepted nunc pro tunc.

The standard is excusable neglect, an equitable, "elastic" test weighing the danger of prejudice, the length of the delay, the reason for it, and the movant's good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Every factor favors Plaintiffs.

The delay is short and the Court has not ruled, so there is no prejudice. Plaintiffs act in good faith. And the reason is the very conduct opposed here: in a few weeks, the defendants filed this wave of stay, abeyance, and strike motions (ECF Nos. 87, 88, 92, 93, 94, 95, 96, 98, 99) on top of parallel deadlines in two First Circuit appeals and the Commonwealth courts, all answered by a two-lawyer team. A party cannot bury its opponent in paper and then complain that the opponent answered a few days late.

## IV. RELIEF REQUESTED

1**WHEREFORE**, Plaintiffs respectfully request that the Court:

a. DENY the motions to stay or hold in abeyance at ECF Nos. 88, 92, 93, 94, and 96;

b. DENY the motions to strike at ECF Nos. 95 and 98;

c. GRANT Plaintiffs leave under Rule 6(b)(1)(B) to file this Omnibus Opposition and Plaintiffs' replies (ECF Nos. 84-1, 86-1) and accept them nunc pro tunc;

d. Promptly decide the motion to disqualify counsel (ECF No. 74) and the motion for limited discovery (ECF No. 75) on their merits; and

e. GRANT such other and further relief as is just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of July 2026.

Counsel for Plaintiffs Gregory S. Boyd and Jonathan Lassers

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
Law Offices of Jane Becker Whitaker
 USDC-PR No. 205110
VIG Tower, 1225 Ave. Ponce de León, Suite 1102, San Juan, PR 00907
Tel. (787) 585-3824 · jbw@beckervissepo.com

6

/s/ Luis E. Miñana
LUIS E. MIÑANA
Espada, Miñana & Pedrosa Law Offices, P.S.C.
 USDC-PR No. 225608
122 Calle Ing. Manuel Domenech, Altos, Urb. Baldrich, San Juan, PR 00918
Tel. (787) 758-1999 · minanalaw@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER

7