IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREGORY S. BOYD and JONATHAN LASSERS, MBA) on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC and EFB, LLC, | CIV, NUMcv-01066(MAJ- |
| Plaintiffs, | |
| v. | RE: RULE 11 SANCTIONS |
| BANCO POPULAR DE PUERTO RICO, et al., Defendants. | |

**PLAINTIFFS' OPPOSITION TO THE MOTION TO DEEM UNOPPOSED (ECF NO. 99)
AND THE MOTION TO STRIKE (ECF NO. 101)
AND MOTION FOR LEAVE TO FILE A SUR-REPLY TO THE REPLY (ECF NO. 106),**

**TO THE HONORABLE COURT**:

**COME NOW** Plaintiffs Gregory S. Boyd and Jonathan Lassers, on their own behalf and

derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies")

and EFB, LLC, through undersigned counsel, and respectfully state and pray:

**INTRODUCTION**

This motion does asks the Court to keep Plaintiffs' Opposition to the Rule 11 sanctions

motion, ECF No. 100, on the record, and to deny the VRM Penzini Defendants' Motion to Strike

it, ECF No. 101, and their earlier Motion to Deem the sanctions motion unopposed. ECF No. 99.

Plaintiffs also  ask for leave to file a short sur-reply, because the Defendants' Reply ECF No. 106

provided this Court with untrue information about a Puerto Rico court order.

Yesterday, Plaintiffs sought a seven-day extension to present it, ECF No. 112, and this

motion is filed within that period. (ECF No. 112 inadvertently described the movants as the

"Humacao RNG Defendants"; the Reply at issue is the VRM Penzini Defendants' Reply, ECF No. 106.)

The untrue statement matters. In their Reply, the Defendants told this Court that a Puerto Rico court "held that the 'irrevocable proxy' … is ineffective under Puerto Rico law." (ECF No. 106 ¶ 3.) **That did not happen.** The order they rely on — which they themselves attached as Exhibit 1 — never says the proxy is ineffective. It is a contempt order about unpaid insurance money and a late pleading. Plaintiffs ask for a brief chance to set the record straight.

## PART I — THE MOTION TO STRIKE SHOULD BE DENIED

### A. The Late Opposition Does Not Hand Defendants A Sanctions Order.

The Motion to Strike asks the Court to treat the sanctions motion as "unopposed and adjudicated on its merits." ECF No. 101 ¶ 8. But "unopposed" is not the same as "granted." Even when a party does not respond, the Court must still decide whether the moving party is entitled to the relief it seeks. Rule 11 itself permits sanctions only "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). A missed local-rule deadline cannot supply that determination. And the Defendants' own lead authority recognizes the same limit: a local rule's waiver provision permits summary disposition of an unopposed motion "at least when the result does not clearly offend equity." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002), *citing Pinto v. Universidad de Puerto Rico,* 895 F.3d 18, 19, n.1 (1st Cir. 1990) *NEPSK quoted* in *Hawke Capital Partners, L.P. v. Aeromed Servs. Corp.*, 300 F.R.D. 52, 56 (D.P.R. 2014), the very case the Defendants cite. ECF No. 99 ¶ 3. In *Hawke*, the losing party had ignored two motions for default judgment and the court's own show-cause order. Nothing like that happened here.

2

That rule has special force here. Rule 11 requires the Court itself to find that a filing was frivolous or filed for an improper purpose before it may impose sanctions. Fed. R. Civ. P. 11(c). A missed deadline cannot supply that finding. So even if the Opposition were stricken, the Court could not grant sanctions without examining the merits — and the merits, as the Opposition shows, do not support sanctions.

The Court also already has full briefing. The Defendants filed a twelve-page Reply, ECF No. 106, answering the Opposition point by point. Defendants were not prejudiced in any way. Striking the Opposition now would only hide from the Court one side of an argument the Defendants have already answered. For the same reasons, the Defendants' earlier Motion to Deem Unopposed ECF No. 99 — which seeks the same relief on the same Local Rule 7(b) theory and the same authority — should likewise be denied.

### B. Plaintiffs Ask This Court to Excuse Their Short Delay.

If the Court reaches the question, the delay is excusable. The standard is equitable and "elastic." Courts weigh four things: the risk of harm to the other side, the length of the delay and its effect on the case, the reason for the delay, and the moving party's good faith. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)(Applying Bankruptcy Rules and Fed.R.Civ.Proc.60(b).

Each factor favors Plaintiffs. The delay was short — the Opposition was filed days after the deadline and before the Court had ruled. There was no harm to the Defendants: they answered in full with their Reply. Plaintiffs acted in good faith. And the reason for the delay is plain from the docket. During the same short window, Plaintiffs' two-lawyer team was preparing and filing Plaintiffs' own motions — the May 26, 2026 motion to disqualify counsel and the motion for limited discovery ECF Nos. 74–75 — and then immediately fielding the Defendants' coordinated

wave of motions filed on June 8, 9, and 10, 2026, ECF Nos. 87–88, 92–96, while also meeting deadlines in two First Circuit appeals, Nos. 26-1357 and 26-1424, and in the Puerto Rico Court of Appeals as well as their other professional responsibilities. In that crush, the response date on the sanctions motion was inadvertently missed and then promptly cured. If the Court wishes, counsel will submit a short declaration detailing these deadlines.

Plaintiffs respectfully ask the Court to accept the Opposition, ECF No. 100. as filed, nunc pro tunc, under Federal Rule of Civil Procedure 6(b)(1)(B). Out of caution, Plaintiffs make the same request for this combined filing itself: the response date on the Motion to Strike fell on June 30, 2026, and the same crush of parallel deadlines described above — which has since grown to include the Defendants' second Rule 11 motion, ECF No. 108, filed June 30 — is the reason.

### C. A "Motion To Strike" Is The Wrong Tool For An Opposition Brief.

Rule 12(f) — the rule that authorizes "striking" — lets a court strike matter only "from a pleading." Fed. R. Civ. P. 12(f). *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). An opposition brief is not a "pleading." Pleadings are the complaint, the answer, and the short list of similar documents named in Rule 7(a). Fed. R. Civ. P. 7(a). The Defendants cite no rule that allows the Court to strike an opposition brief, because there is none.

### PART II — LEAVE TO FILE A SUR-REPLY SHOULD BE GRANTED

When a reply brief raises new arguments or relies on new evidence, the party who cannot otherwise respond should be allowed to answer. The First Circuit has held that when a moving party's reply "advanced new reasons" and "relied on" new materials, the court had "two choices … it could strike the brief or grant [the nonmoving party] … the opportunity to respond to it." *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985).

That is exactly this situation here. The Reply introduced two things that were not in the sanctions motion ECF No. 68:

(1)  Exhibit 1 — a Puerto Rico court Resolution dated May 26, 2026. That Resolution did not even exist when the sanctions motion was filed on May 21, 2026. A motion filed on May 21 could not have contained a ruling dated May 26. Tellingly, the Reply cites both "Dkt. No. 68 at 8-9" and "Exhibit 1" for the same May 26 ruling (ECF No. 106 ¶ 3) — but the motion predates the ruling by five days.

(2)  A new argument — that a Puerto Rico court "held" the "irrevocable proxy" "ineffective." That argument appears for the first time in the Reply.

Because this material is new, Plaintiffs are entitled to respond. *See Petrolera Caribe.* The proposed sur-reply is short and is set out in Part III. In the alternative, Plaintiffs respectfully ask the Court to disregard the new matter raised for the first time in the Reply.

**PART III — PROPOSED SUR-REPLY: SETTING THE RECORD STRAIGHT**

**A. The Defendants' Central New Claim Is False: No Puerto Rico Court Held The Proxy "Ineffective."**

The Reply states: "the State Court held that the 'irrevocable proxy' … is ineffective under Puerto Rico law," and that "on May 26, 2026, a Puerto Rico State Court, interpreting Puerto Rico's General Corporations Act (Law 164-2009), held that Plaintiffs' 'irrevocable proxy' does not grant them the authority to represent the relevant Companies." ECF No. 106 ¶ 3. The Defendants cite their own Exhibit 1. **Exhibit 1 does not say that.**

**What Exhibit 1 actually is.** Exhibit 1 is a certified translation of a May 26, 2026 Resolution by the Honorable Cristina E. Suau González in Banco Popular de P.R. v. Biomass Green Fuels LLC, No. SJ2024CV04616. The Resolution decides three matters, none of which

5

concerns the proxy: it denies Mr. Boyd's motion to dismiss Humacao RNG's claims; it finds the guarantors in contempt for not reimbursing insurance payments (ordering money, a daily penalty, and fees); and it dismisses Mr. Boyd's third-party complaint as late and unauthorized by the Court. ECF No. 106-1 at 3–8. It is not a ruling about the validity of the proxy.

**The word "proxy" appears once — and only to describe Mr. Boyd's argument, not the court's holding.** The Resolution says: "Mr. Boyd argued that he has standing to act on behalf of the corporations because, by virtue of an irrevocable proxy, he now holds the majority of the shares." ECF No. 106-1 at 7. A court repeating a party's argument is not a court ruling on it.

**The court's actual holding says the opposite of what the Defendants claim.** The court held that owning a majority does not matter — what was missing was a company resolution authorizing Mr. Boyd to appear: "In the absence of a corporate resolution granting Mr. Boyd the authority to represent the corporation, he has no authority to sue on behalf of the legal entity, regardless of whether he is a majority shareholder." ECF No. 106-1 at 8. The court never weighed the proxy, never construed it, and never called it "ineffective."

**The Authority the Court Cited Does Not Support Its Ruling.** The Court based its decisionon Articles 2.01 and 2.02 of the General Corporations Law, 14 L.P.R.A. §§ 3521–3522, and *Eagle Security Police, Inc. v. Efrón Dorado, S.E.*, 2023 TSPR 5, 211 D.P.R. 70 (2023). ECF No. 106-1 at 7–8. But that case decided something else entirely. Eagle Security was a debt-collection suit in which the Puerto Rico Supreme Court **reversed** a dismissal and held only that a corporation's **change of name** does not extinguish its juridical personality, its standing to sue, or its contracts. It says nothing about who may authorize or direct an entity's litigation; it imposes no "corporate resolution" requirement; and it never mentions a proxy.

*Eagle Security* is also a corporation case — about shareholders and a certificate of incorporation — despite the Companies in the instance case being limited liability companies, governed by the LLC chapter (14 L.P.R.A. § 3951 et seq.) and their Operating Agreement, under which management may rest with the members 14 L.P.R.A. § 3973. There is thus no holding "interpreting" the proxy, and none "under Law 164-2009," that the proxy is "ineffective." The Defendants put words in the Puerto Rico court's mouth.

**Plaintiffs' statement was therefore true.** Plaintiffs wrote that the proxy's validity has never been adjudicated: "Plaintiffs' present authority rests on the June 2, 2025 Irrevocable Proxy, the validity of which no court has ever adjudicated." ECF No. 100 at 7. That remains true. The Reply brands this statement "false" (ECF No. 106 ¶ 3) — but it is Defendants, not Plaintiffs, who have misread their own exhibit.

**The order misread even that authority — and it is not final.** Eagle Security applied the liberal motion-to-dismiss standard of Rule 10.2(5) to **deny** dismissal and let the case proceed; the May 26 Resolution invoked it to **strike** Mr. Boyd's pleading — the opposite use. Moreover, the principle that a corporation has a personality separate from its shareholders is a rule of limited liability — the entity's assets and debts are not its owners' — not a rule about who controls the entity.

A majority member acting through the June 2, 2025 irrevocable proxy pursuant to 31 L.P.R.A. § 6291 and the members' resolutions acts **for** the Companies, consistent with that principle. The Resolution never resolved anything about the LLC Act, the Operating Agreement, the members' resolutions, or the proxy, and it is not final. Its enforcement is under active challenge: a timely motion for reconsideration in the consolidated appeals TA2025AP00276/277, Entrada No. 27, filed June 30, 2026, asks the Puerto Rico Court of Appeals to stay all enforcement below

7

— expressly including this May 26 Resolution — while reconsideration and any certiorari review by the Puerto Rico Supreme Court proceed. A non-final order that misapplies a corporate-name-change case and never mentions the proxy cannot be the proxy-invalidating ruling the Defendants describe.

**B. This Is Part Of A Pattern — The Reply Repeats Other Misstatements Of The Record.**

The proxy statement is not an isolated slip. The Reply continues a habit of describing the record as the Defendants wish it would read, rather than as it is.

**The "business dispute" quote.** The Reply insists the Defendants never attributed the phrase "business disputes masquerading as a purported RICO enterprise" to any court, and that Plaintiffs are "simply misquoting Defendants' Motion for Sanctions." ECF No. 106 ¶ 5; see ECF No. 68 at 2. Taken at its word, that denial concedes the point that matters: "masquerading" is counsel's own characterization, not a judicial finding. The federal opinion said only that the allegations "describe serious business disputes," while accepting them as true for purposes of a motion to dismiss. ECF No. 874 at 2. A sanctions motion built on counsel's rhetoric rather than the courts' words should be weighed accordingly.

**The "final Judgment" label.** The Reply's preclusion theory treats the two standing dismissals as merits adjudications with full preclusive effect, ECF No. 106 ¶¶ 13–14, when each order accepted Plaintiffs' allegations as true and dismissed on standing grounds, and both orders are on direct appeal (Nos. 26-1357 and 26-1424). The pattern predates the Reply: the Defendants' April 10, 2026 safe-harbor letter omitted the April 1 notice of appeal altogether. ECF No. 100 at 7, 11–12.

**The "we never said that" defense.** The Reply accuses Plaintiffs of "misquoting" the Defendants. (ECF No. 106 ¶ 5.) Plaintiffs quoted the court orders themselves: the 22-1190 opinion recites that the allegations are "accepted as true solely for purposes of resolving the Motions to Dismiss" (ECF No. 874 at 5), and the 24-1569 opinion took the SAC's "well-pleaded facts as true" under the Rule 12(b)(6) plausibility standard before dismissing on standing (ECF No. 131 at 15). Plaintiffs stand on those quotations.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court:

a. DENY the Motion to Deem Unopposed (ECF No. 99) and the Motion to Strike (ECF No. 101);

b. ACCEPT Plaintiffs' Opposition (ECF No. 100) as timely filed, nunc pro tunc, under Federal Rule of Civil Procedure 6(b)(1)(B), together with this filing;

c. GRANT leave to file the sur-reply set out in Part III (or, in the alternative, disregard the new matter raised for the first time in the Reply);

d. In deciding the sanctions motion (ECF No. 68), DISREGARD the false statement that a Puerto Rico court held the "irrevocable proxy" "ineffective";

and

f. GRANT such other and further relief as is just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 3rd day of July 2026.

Counsel for Plaintiffs

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
Law Offices of Jane Becker Whitaker
USDC-PR No. 205110

VIG Tower, 1225 Ave. Ponce de León, Suite 1102, San Juan, PR 00907
Tel. (787) 585-3824  ·  jbw@beckervissepo.com


/s/ Luis E. Miñana
LUIS E. MIÑANA
Espada, Miñana & Pedrosa Law Offices, P.S.C.
USDC-PR No. 225608
122 Calle Ing. Manuel Domenech, Altos, Urb. Baldrich, San Juan, PR 00918
Tel. (787) 758-1999  ·  minanalaw@yahoo.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notice of such filing to all counsel of record.


/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS,                CIVIL NO. 3:26-cv-01066-MAJ
    Plaintiffs,

    v.

BANCO POPULAR DE PUERTO RICO, et al.,
    Defendants.

---

### DECLARATION OF JANE A. BECKER WHITAKER
(28 U.S.C. § 1746)

1. I, Jane A. Becker Whitaker, am lead counsel of record for Plaintiffs Gregory S. Boyd and Jonathan Lassers in this action. I make this declaration in support of Plaintiffs' Opposition to the Motion to Strike. The facts stated below are based on my personal knowledge, and if called to testify I could and would testify competently to them.

2. The VRM Penzini Defendants filed their Motion for Rule 11 Sanctions (ECF No. 68) on May 21, 2026. The deadline to respond under Local Rule 7(b) fell on June 4, 2026.

3. During that same period, our two-lawyer team was preparing and filing Plaintiffs' own motions in this case — the motion to disqualify counsel and the motion for limited discovery filed on May 26, 2026 (ECF Nos. 74–75) — and then responding to the coordinated set of motions the Defendants and their co-parties filed on June 8, 9, and 10, 2026 (ECF Nos. 87–88, 92–96). During the same weeks, the same two lawyers were meeting briefing deadlines in two appeals before the United States Court of Appeals for the First Circuit (Nos. 26-1357 and 26-1424) and in the Puerto Rico Court of Appeals.

11

4. In the press of these overlapping deadlines, the date to respond to ECF No. 68 was inadvertently overlooked. The oversight was not willful, was not for any improper purpose, and was not an attempt to gain any tactical advantage.

5. As soon as I realized that the response had not been filed, we promptly prepared and filed Plaintiffs' Opposition (ECF No. 100) on June 15, 2026 — before the Court had ruled on the sanctions motion or on the Defendants' June 12, 2026 motion to deem it unopposed (ECF No. 99).

6. The Defendants were not harmed by the short delay. On June 29, 2026, they filed a twelve-page Reply (ECF No. 106) responding to the Opposition on the merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 30, 2026, in San Juan, Puerto Rico.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER