# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS, on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC and EFB, LLC,

    Plaintiffs,

    v.

BANCO POPULAR DE PUERTO RICO, et al.,
    Defendants.

CIVIL NO. 3:26-cv-01066 (MAJ-MBA)

RE: FED. R. CIV. P. 4(m)

---

**PLAINTIFFS' OPPOSITION TO PCC SUB-CDE 13, LLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 4(m) (ECF NO. 87), WITH REQUEST FOR LEAVE TO FILE OUT OF TIME UNDER RULE 6(b)(1)(B)**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Gregory S. Boyd and Jonathan Lassers, on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies") and EFB, LLC, through undersigned counsel, and respectfully state and pray:

**INTRODUCTION**

PCC Sub-CDE 13, LLC ("PCC") asks the Court to dismiss the claims against it because service arrived nine days after the Rule 4(m) deadline. The sworn return of service and PCC's own motion, read together, answer the request. Banco Popular's Legal Division— PCC's parent's own in-house legal department— date-stamped receipt of the summons on May 18, 2026: actual notice, in the parent's own ink. And PCC's motion argues both that dismissal costs Plaintiffs nothing because it is "without prejudice," ECF No. 87 at 5, and that the statute of limitations would bar

any refiled claim. *Id*. at 5–6. Under the Advisory Committee Note to Rule 4, that second argument is the textbook reason to grant an extension rather than dismiss. Plaintiffs ask the Court to deny the motion and deem the completed May 17, 2026, service effective. Plaintiffs also ask that this opposition be accepted upon a finding of excusable neglect under Rule 6(b)(1)(B).

## PART I — THE FACTS OF SERVICE

The Complaint was filed on February 7, 2026; the Clerk issued PCC's summons on February 11, 2026 (ECF No. 27 at 55); and the ninety-day service period ran through May 8, 2026. Fed. R. Civ. P. 4(m).

The sworn return (ECF No. 82 at 2) shows the following. Process server Orlando Díaz Rodríguez received the summons on May 1, 2026. He served PCC— which is "a wholly-owned subsidiary of BPPR" (ECF No. 87 at 5)— at Banco Popular's Señorial location, through Lcda. Noelia Pérez, and signed the return under penalty of perjury on May 17, 2026. Banco Popular's Legal Division date-stamped the summons "RECEIVED" at 11:15 a.m. on May 18, 2026. (ECF No. 82 at 1.) Service was therefore completed nine days after the deadline— and three weeks before PCC filed this motion. Counsel filed the executed return on June 2, 2026 (ECF No. 82), which was received from the process server on June 1, 2026. — see Declaration of Counsel, Exhibit 1].

**The docket-text entry.** PCC devotes a footnote to accusing Plaintiffs of "purposeful misrepresentation" because the CM/ECF docket text for ECF No. 82 states "served on 5/1/2026." ECF No. 87 at 1 n.1. The accusation is refuted by its own citation. The return's first date field reads "received by me on" May 1, 2026— the date the server received the papers for service. The docket text transcribes that first field, and its companion entry— "answer due 5/22/2026"— is mechanically twenty-one days from May 1. A transcription of the wrong field on a two-date form

is a clerical slip, not a misrepresentation. Plaintiffs themselves filed the very page that displays the May 17 date in plain view; a party concealing a date does not file the document that discloses it. To remove any doubt, Plaintiffs are contemporaneously asking the Clerk to correct the ECF No. 82 docket text to reflect the May 17, 2026 service date, which moots the footnote entirely.

**PART II — THE COURT SHOULD DENY DISMISSAL AND DEEM THE COMPLETED SERVICE EFFECTIVE**

Rule 4(m) gives the Court two paths when service is late: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Where good cause is shown, an extension is mandatory. Even without good cause, the Supreme Court has explained that under the 1993 amendments "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States,* 517 U.S. 654, 662–63 (1996) (quoting the Advisory Committee's Notes on Fed. R. Civ. P. 4); the 2015 amendments shortened the service period to ninety days. PCC's own principal authority states the same two-track rule and applied it: in *Moreno-Pérez v. Toledo-Dávila*, 266 F.R.D. 46, 49–50 (D.P.R. 2010), this Court vacated a Rule 4(m) dismissal where service arrived five days late, finding good cause where the plaintiff had acted diligently and the delay was attributable in part to third parties, and emphasizing that the defendants had actual notice of the lawsuit and suffered no prejudice from the delay.

The good-cause inquiry comes first, and it is mandatory: "[b]ecause the good cause inquiry is mandatory, not discretionary, it was legal error to rule without that inquiry." *Hewes v. Pangburn*, 162 F.4th 177, 201 (1st Cir. 2025). Good cause exists here. The Clerk issued PCC's summons on February 11, 2026 Good cause is likely to be found where the failure to complete timely service

is attributable to a third person such as the process server, or where the plaintiff acted diligently amid mitigating circumstances. *Moreno-Pérez*, 266 F.R.D. at 50. Mr. Díaz Rodríguez received the summons on May 1— within the service period— and completed service nine days after it closed because initially the bank's attorney refused to accept service on behalf of PCC.

PCC makes much of the fact that Plaintiffs did not move for an extension. That failure "may also weigh against a plaintiff's showing of good cause when the plaintiff is aware that service will not be timely," *Yordan v. Am. Postal Workers Union, AFL-CIO*, 293 F.R.D. 91, 95 (D.P.R. 2013), but it forecloses nothing: "This court does not agree that the [plaintiff] was required to move for an enlargement of time before the court may extend service deadlines." *United States v. Tobins*, 483 F. Supp. 2d 68, 81 (D. Mass. 2007). Courts in this Circuit have granted post-deadline extensions on facts like these— limitations period run, actual notice, no prejudice— even where the plaintiff had not been diligent. *See Gonsalves v. Derderian*, 2007 U.S. Dist. LEXIS 7479 (D.R.I. Jan. 26, 2007); *Gray v. Derderian*, 2007 U.S. Dist. LEXIS 5934 (D.R.I. Jan. 26, 2007)(The delay in *Derderian* was five months, and counsel conceded he did not have a valid excuse.)

The Advisory Committee Note supplies the paradigm case for the discretionary track: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment. PCC's motion makes Plaintiffs' argument for them. It contends that dismissal is harmless because "[d]ismissal under Rule 4(m) is without prejudice, meaning Plaintiffs could refile," ECF No. 87 at 5— and then contends, on the same and following page, that the four-year limitations period would bar the refiled claims. *Id.* at 5–6. Both cannot be true. If PCC is right about the limitations bar, the Committee Note answers the motion: the proper course is an extension, not a dismissal that PCC itself describes as outcome-determinative. Plaintiffs dispute that any limitations bar applies— the

4

Complaint rests in substantial part on conduct from 2025 and 2026— but the Court need not resolve that question here, because under either party's view of the limitations issue, dismissal is the wrong remedy.

The discretionary factors PCC itself invokes— whether "(a) the party to be served received actual notice of the lawsuit; (b) the plaintiff would be severely prejudiced if his complaint were dismissed; and (c) the defendant would suffer prejudice," ECF No. 87 at 4, *citing Moreno-Pérez*, 266 F.R.D. at 50)— all run against dismissal. Actual notice: Banco Popular's Legal Division stamped receipt of the summons on May 18, 2026, and PCC appears here through the same counsel who have represented Banco Popular and Mr. Ferrer in this case from its early weeks. Prejudice to Plaintiffs: PCC's own limitations argument concedes it would be severe. Prejudice to PCC: none is articulated beyond having to defend; the delay was nine days; no deadline, conference, or ruling occurred in the interval; and the case schedule has in any event been held in suspense by the abeyance motions PCC's co-parties filed on June 8–10, 2026. ECF Nos. 88, 92, 93, 94, 96.

PCC's previews of merits defenses, ECF No. 87 at 5–6, incorporating ECF No. 62, do not bear on Rule 4(m). Arguments that the claims fail on limitations, or other grounds belong in a Rule 12 motion, where they can be answered as such; they do not convert a nine-day service delay into a basis for dismissal. Nor does PCC challenge the manner of service. Its motion rests solely on Rule 4(m) timeliness; any objection under Rule 12(b)(5) to the sufficiency of the method of service— delivery at Banco Popular's Señorial location through Lcda. Pérez— was available when the motion was filed, was omitted from it, and is therefore waived. Fed. R. Civ. P. 12(g)(2), (h)(1)(A).

Finally, PCC asserts that "timely service was purportedly effected on only seven" of the defendants. ECF No. 87 at 2. That is PCC's characterization, not a record finding, and in all events the only service before the Court on this motion is the service on PCC.

**PART III — THE TIMING OF THIS OPPOSITION**

PCC's motion was filed on June 8, 2026, with a response date of June 22, 2026. This opposition arrives after that date for the same reason detailed in the sworn declaration of counsel, attached to this opposition as Exhibit 1 and also filed with Plaintiffs' contemporaneous filing on the Rule 11 motions: between June 8 and June 30, 2026, Plaintiffs' two-lawyer team was served with nine motions by four defense groups (ECF Nos. 87–88, 92–96, 98–99), briefed the Rule 11 sequence (ECF Nos. 100, 105–106, 108), and met deadlines in two First Circuit appeals (Nos. 26-1357 and 26-1424) and in the Puerto Rico appellate courts.[1] Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993), the excusable-neglect standard is equitable and "elastic," and each factor— minimal delay, an absence of prejudice (the next scheduled event is an August 25, 2026 status conference, and nothing has been decided), good faith, and a reason rooted in deadline congestion largely of the movants' side's making— favors acceptance. This is not a plea of a generally crowded calendar; the congestion was generated in a three-week burst by the movants' own side, and the delay is measured in days. *See Wood v. Penobscot County Jail*, 2026 U.S. Dist. LEXIS 133387 (D. Me. June 16, 2026) (accepting a late-filed opposition under *Pioneer* where the equities favored the filing). Plaintiffs accordingly ask that this opposition be accepted upon a finding of excusable neglect under Rule 6(b)(1)(B). Finally, counsel apologize to this Court and opposing counsel for the delay.

WHEREFORE, Plaintiffs respectfully request that the Court:

---

[1] They also had other professional responsibilities.

a. DENY the Motion to Dismiss (ECF No. 87);

b. In the alternative, retroactively EXTEND the Rule 4(m) service period through May 17, 2026, and deem the completed service on PCC effective;

c. ACCEPT this opposition, filed out of time upon a finding of excusable neglect, under Federal Rule of Civil Procedure 6(b)(1)(B); and

d. GRANT such other and further relief as is just.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of July, 2026.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
USDC-PR No. 205110

/s/ Luis E. Miñana Rodríguez-Feo
LUIS E. MIÑANA RODRÍGUEZ-FEO
USDC-PR No. 225,608

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jane A. Becker Whitaker