IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS,
On their own behalf and derivatively on behalf of
GFC Holdings, LLC and Biomass Green Fuels, LLC,
and EFB, LLC                                                    CIV. NO. 26-01066 (MAJ-MBA)
        Plaintiffs,

    v.

BANCO POPULAR DE PUERTO RICO, et al.,
        Defendants.

---

**PLAINTIFFS' OPPOSITION TO PCC SUB-CDE 13, LLC'S MOTION TO STRIKE (ECF NO. 117) AND RENEWED MOTION FOR LEAVE UNDER RULE 6(b)(1)(B)**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Gregory S. Boyd and Jonathan Lassers, on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies") and EFB, LLC, through undersigned counsel, and respectfully state and pray:

PCC Sub-CDE 13, LLC moves to strike Plaintiffs' opposition to its Rule 4(m) motion to dismiss. ECF No. 117 (directed at ECF No. 114, which opposes ECF No. 87). Plaintiffs acknowledge the delay without qualification: ECF No. 114 was filed eleven days late, and it was not their only untimely filing during the June 2026 motion wave. But lateness does not decide this motion. Rule 6(b)(1)(B) asks an equitable, filing-specific question, and the equities here run one way—toward deciding a potentially dispositive motion on both parties' arguments rather than by default.

The circumstances of this filing favor acceptance. ECF No. 114 was filed before the Court ruled on PCC's motion, and it displaced no hearing, no trial, and no case-management deadline. PCC has held the opposition since July 3, 2026; a full reply period will cure any prejudice the late filing could have caused. Most important, the sworn return of service was already on the docket—

at ECF No. 82, six days before PCC moved to dismiss. Striking ECF No. 114 would not remove that evidence. It would remove only Plaintiffs' explanation of what the evidence means. And if the delay warrants any response, the Court has measured tools well short of striking a brief on a dispositive motion decided without the other side heard.

This filing also removes any doubt about the request for leave. ECF No. 114's caption and Part III sought leave under Rule 6(b)(1)(B). ECF No. 114, at 1, 6–7. To the extent that request was not separately docketed as a motion, Plaintiffs renew it now. The original deadline was June 22, 2026; the enlarged deadline Plaintiffs ask the Court to set is July 3, 2026—the day ECF No. 114 was filed. *See* D.P.R. Civ. R. 6, 7(a). The Court should grant leave, accept ECF No. 114, deny ECF No. 117, and allow PCC to reply.

## I. Rule 12(f) does not supply the governing standard.

Rule 12(f) lets a court strike matter "from a pleading." Fed. R. Civ. P. 12(f). An opposition memorandum is not a pleading: Rule 7(a)'s list is exhaustive, and it does not include one. Fed. R. Civ. P. 7(a). So "under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Plaintiffs do not dispute the Court's inherent authority to manage its docket or to disregard an untimely filing. The point is narrower: Rule 12(f) does not carry PCC's motion, which rises or falls on the equitable standard of Rule 6(b)(1)(B).

## II. The Rule 6(b)(1)(B) factors favor accepting ECF No. 114, with a reply or other proportionate condition.

Rule 6(b)(1)(B) permits a late act when the failure to act was the product of "excusable neglect." The inquiry is "at bottom an equitable one" that weighs all the circumstances—prejudice, the length and impact of the delay, the reason for the delay and whether it lay within the movant's

reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 395 (1993). The reason for the delay matters most, and the movant must offer a convincing one. *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38–39 (1st Cir. 2013). Plaintiffs satisfy that standard on this record.

Plaintiffs meet the adverse authority head-on. A crowded docket, standing alone, does not excuse a missed deadline. *Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 7–8 (1st Cir. 2023). And repeated missed deadlines, paired with a failure to alert the court while an extension could still be sought, weigh heavily against relief. *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 117–18 (1st Cir. 2005). Plaintiffs neither treat ECF No. 114 as an isolated slip nor rest on workload alone. That counsel did not seek leave before June 22 is candidly on the other side of the ledger.

But those cases frame the inquiry; they do not end it. *Rivera-Aponte* involved a summary-judgment opposition filed after counsel missed a deadline counsel had requested and represented would be "final." 62 F.4th at 6–8. *Cordero-Soto* involved a string of missed extensions and a silence counsel kept while finding time for other litigation work. 418 F.3d at 116–18. Neither announces a rule that every later paper must be struck regardless of its delay, its effect on the case, its curability, or the stakes of the motion it answers.

Here the reason is specific and documented on the Court's own docket. Between June 8 and June 12, 2026, four defense groups filed nine motions against a two-lawyer team. ECF Nos. 87–88, 92–96, 98–99. The Rule 11 sequence brought still more through June 30. ECF Nos. 100, 105–06, 108. In the same weeks, the same two lawyers carried deadlines in two First Circuit appeals, Nos. 26-1357 and 26-1424, and in related Puerto Rico proceedings. This is not a plea of ordinary busyness. It is a concentrated, adversary-generated surge that explains exactly when and

how this deadline slipped—and it lets the Court weigh this filing on a concrete record rather than a general excuse.

The remaining factors line up behind acceptance.

**Prejudice.** PCC has had ECF No. 114 since July 3. It identifies no lost evidence, no impaired defense, no added discovery, no displaced hearing, and no foreclosed response, *i.e.,* no prejudice whatsoever. A reply period running from the Court's order restores the very opportunity PCC would have had against a timely opposition. Losing the chance to prevail by default is not the same as losing the ability to litigate service—and only the former is on the table.

**Length and effect.** The delay was eleven days. ECF No. 114 landed before any ruling, before the August 25 status conference, and without moving a single scheduled event. Accepting it reopens no discovery, disturbs no scheduling order, and postpones no adjudication.

**Good faith.** ECF No. 114 announced its own lateness in its title, asked for Rule 6(b)(1)(B) relief, and worked through the governing factors. Plaintiffs gained no tactical advantage from the delay; a defensive opposition filed before any ruling offers none. And counsel has owned the other untimely filings rather than dressing this one up as a lone aberration.

Two decisions map the discretion the Court holds. In *Calderón Amézquita v. Rivera-Cruz*, No. 3:17-cv-02197 (RAM), 2026 U.S. Dist. LEXIS 56031 (D.P.R. Mar. 17, 2026), the court struck a late filing backed by nothing but a bare assertion—yet declined to strike another filing sixty days late where the party invoked Rule 6(b)(1)(B), explained the delay in detail, and disrupted no schedule. And in *Bates v. Grant*, 98 F. App'x 11, 13 (1st Cir. 2004), the First Circuit found no abuse of discretion when a district court accepted a late dispositive filing over objection—faulting counsel's caseload excuse but warning, rather than excluding, because the equities did not favor exclusion. The through-line is consistent: a detailed, non-disruptive, good-faith late filing is

accepted, and the consequence for the lawyer, if any, is a warning—not the loss of the client's brief.

That proportionate course is open here. The First Circuit has recognized that a court facing an unauthorized late brief may strike it or, instead, protect the opposing party by allowing a response. *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985). *Cia. Petrolera* arose on summary judgment and does not displace Rule 6(b)(1)(B), but its remedial principle fits precisely: a reply makes PCC whole, while a warning or other lesser condition protects the Court's institutional interest in future compliance. Exclusion advances neither interest that a reply cannot serve.

## III. Accepting ECF No. 114 lets the Court decide the Rule 4(m) motion on a full record—without prejudging it.

The Court need not resolve the Rule 4(m) question to deny the motion to strike. Nothing here asks the Court to decide whether service was valid, whether Plaintiffs showed good cause, or whether a discretionary extension of time for service is warranted. The only question now is whether the Court will have Plaintiffs' opposition before it when it takes up those questions.

The service evidence does not depend on ECF No. 114. Six days before PCC moved to dismiss, Plaintiffs filed the summons and sworn return of service at ECF No. 82. The return shows that the process server received the summons on May 1, 2026, and served PCC on May 17, 2026—nine days after the May 8 deadline. The docketed summons also bears a May 18, 2026 "RECEIVED" stamp from Banco Popular's Legal Division. ECF No. 82, at 1–2. ECF No. 114 does not supply that evidence; it explains what the evidence, already of record, means.

That explanation matters, because Rule 4(m) begins with a mandatory good-cause inquiry. The First Circuit recently held that "the good cause inquiry is mandatory, not discretionary,"

though skipping it may be harmless where no substantial right is affected. *Hewes v. Pangburn*, 162 F. 4th 177 (1st Cir. 2025). The error was harmless in *Hewes* only because a later scheduling order gave the plaintiff more time than the requested extension and cured any prejudice. *Id.* This case is the opposite: PCC argues both that dismissal would be without prejudice and that refiled BHCA and RICO claims would be time-barred. ECF No. 87, at 5–6. The 1993 Advisory Committee Note to Rule 4(m) singles out precisely that limitations bar as a reason to extend rather than dismiss. Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. PCC's own authority makes the point. In *Moreno-Pérez v. Toledo-Dávila*, 266 F.R.D. 46, 49–50 (D.P.R. 2010), the court refused to dismiss where service was five days late—finding good cause and holding, in the alternative, that the discretionary factors (actual notice to the defendant, no prejudice to the defendant, and severe prejudice to the plaintiff) independently justified an extension. *See also Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (the Rule 4(m) service period is not jurisdictional and may be enlarged). Those are the very questions ECF No. 114 joins. Deciding PCC's motion without them—on a service delay far shorter than the permanent limitations bar PCC itself invokes—is exactly what Rule 4(m) counsels against.

None of this predetermines ECF No. 87. It shows why the sounder course is to accept ECF No. 114, let PCC reply, and decide the Rule 4(m) issues on adversarial briefing. Even treated as unopposed, PCC's motion would not win automatically—the Court would still have to measure the record against the governing law. *See Rivera-Aponte*, 62 F.4th at 8. Acceptance simply gives the Court both sides' analysis of evidence that is already before it.

## IV. Requested relief.

For these reasons, Plaintiffs respectfully request that the Court:

1. GRANT their renewed motion under Rule 6(b)(1)(B) and accept ECF No. 114 as filed on July 3, 2026;

2. DENY PCC's motion to strike at ECF No. 117;

3. GRANT PCC leave to file a reply within seven days after the order, or within another period the Court sets;

4. should the Court find some consequence warranted for the delay, impose a warning or other lesser condition rather than exclude ECF No. 114; and

5. decide ECF No. 87 on the completed briefing and the existing record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of July 2026.

Counsel for Plaintiffs Gregory S. Boyd and Jonathan Lassers on their own behalf and derivatively for GFC Holdings, LLC and Biomass Green Fuels, LLC.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
Law Offices of Jane Becker Whitaker
USDC-PR No. 205110
VIG Tower, 1225 Ave. Ponce de León, Suite 1102, San Juan, PR 00907
Tel. (787) 585-3824 · jbw@beckervissepo.com

/s/ Luis E. Miñana
LUIS E. MIÑANA
Espada, Miñana & Pedrosa Law Offices, P.S.C.
USDC-PR No. 225608
122 Calle Ing. Manuel Domenech, Altos, Urb. Baldrich, San Juan, PR 00918
Tel. (787) 758-1999 · minanalaw@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER