IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY S. BOYD and JONATHAN LASSERS,
On their own behalf and in representation of
GFC Holdings, LLC and Biomass Green Fuels, LLC,
and EFB, LLC         CIV. NO. 26-01066 (MAJ-MBA)
  Plaintiffs,

 v.

BANCO POPULAR DE PUERTO RICO, et al.,
  Defendants.

---

**PLAINTIFFS' OPPOSITION TO BANCO POPULAR AND JAVIER FERRER'S
MOTION TO STRIKE ECF NO. 111 AND
ALTERNATIVE REQUEST FOR LEAVE TO FILE A REPLY (ECF NO. 116)**

**TO THE HONORABLE COURT:**

COME NOW Plaintiffs Gregory S. Boyd and Jonathan Lassers, on their own behalf and derivatively on behalf of GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies") and EFB, LLC, through undersigned counsel, and respectfully state and pray:

Banco Popular and Mr. Ferrer ask the Court to strike Plaintiffs' omnibus opposition to eight pending motions (ECF No. 111) and, in the alternative, ask leave to file a reply of their own. ECF No. 116. Granting both halves of that request would decide eight motions on a record from which one side's brief has been removed and to which the other side has just been allowed to add.

Plaintiffs do not dispute that ECF No. 111 was filed after the response periods had run. What Plaintiffs dispute is that removing the brief from the record is the remedy the rules require.

Two provisions govern. To the extent the motion invokes Rule 12(f), that rule authorizes the Court to "strike from a pleading" the matter it specifies, and a memorandum in opposition is not a pleading. Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a). When a brief arrives outside the time allowed, the First Circuit has described the court's options as two: strike the filing, *or* afford the

opposing party an opportunity to respond to it. *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985). Rule 6(b)(1)(B) supplies the standard for accepting a late filing on a showing of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993).

The record answers the motion. ECF No. 111 is itself captioned, in part, as a motion for leave to file late under Rule 6(b)(1)(B); its Part III makes that request and its prayer asks that the paper be accepted *nunc pro tunc*. ECF No. 111, at 1, 5–6. That request is pending and undecided. And Banco Popular's own alternative request — for leave to file a reply — asks for precisely the second option *Cia. Petrolera* describes, which is why the first is unnecessary.

The narrow disposition is straightforward: decide the Rule 6(b)(1)(B) request that ECF No. 111 already presented, deny the motion to strike, and grant Banco Popular leave to file its reply. Striking the opposition would leave eight motions unopposed and decide them on a one-sided record — a result the Rules disfavor and that no defect in ECF No. 111 requires.

**I. To the extent the motion rests on Rule 12(f), that rule by its terms reaches only pleadings.**

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) enumerates the pleadings, and a memorandum in opposition is not among them. Construing the same language, the Ninth Circuit stated: "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). District courts apply the rule as written. *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (denying a Rule 12(f) motion aimed at an opposition memorandum); *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) ("A motion to strike is limited to pleadings."); *Rubin v. Smith*, No. CV-92-273-SD, slip op. at 8–9

(D.N.H. Feb. 5, 1996) (declining to strike a response filed more than a month late because the delay caused no prejudice and the response was not a pleading). At most, a motion to strike a non-pleading is an "invitation" to consider whether the challenged paper "may properly be relied upon." *Crisp*, 190 F.R.D. at 551 (*quoting Monroe v. Bd. of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975)).

Plaintiffs recognize that a district court possesses inherent authority to manage its docket, and that courts sometimes entertain motions directed at non-pleadings under that authority. Those cases involve matter in pleadings and the court's power to act on its own initiative; none makes a brief a pleading. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991). The question then is not power but discretion. Where the filing is a brief, the opposing party can be heard by replying, and the Court has not yet ruled on the underlying motions, the discretionary case for excising the brief is weak — particularly when the movant has asked, in the alternative, for the very relief that cures any asymmetry. Nor does the opposition's consolidated form supply an independent ground to strike: Banco Popular's motion rests on timeliness alone, and it seeks a single consolidated reply of its own.

## II. The Court should decide the Rule 6(b)(1)(B) request ECF No. 111 itself presented, and the governing factor in this Circuit favors acceptance.

ECF No. 111 did not proceed as though no deadline had run. It asked, in terms, for leave under Rule 6(b)(1)(B) and for acceptance *nunc pro tunc*. ECF No. 111, at 5–6 & prayer (c). The ordinary course is for the Court to decide that request; ECF No. 116 asks the Court instead to strike the paper without reaching it. That sequencing is familiar: leave first, merits second. *See Ferguson v. Smith*, No. 3:18-cv-00372-SB, slip op. at 4–7 (D. Or. Mar. 12, 2024) (resolving a motion for

leave to file *nunc pro tunc* as "a preliminary procedural matter," granting it, and only then reaching the merits).

The standard is settled. Excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" — the danger of prejudice, the length of the delay, the reason for it, and the movant's good faith. *Pioneer*, 507 U.S. at 395. The doctrine is not confined to blameless delay: "excusable neglect" reaches omissions caused by "inadvertence, mistake, or carelessness," and the Supreme Court found the neglect in *Pioneer* itself excusable because confusion produced by an irregular, ambiguous notice — not a want of diligence — explained the missed deadline. *Pioneer*, 507 U.S. at 388, 398. Each factor counts. One counts most: "[w]ithin the constellation of relevant factors, the most important is the reason for the particular oversight." *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38–39 (1st Cir. 2013); *accord Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017); *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). Context matters as well. *Skrabec* concerned the deadline for a notice of appeal — a deadline the Supreme Court holds jurisdictional, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007) — while the deadline here governs a response brief, which Rule 6(b)(1)(B) expressly makes extendable on a showing of excusable neglect.

The First Circuit has held that carelessness, or ignorance of a clear rule, is not excusable neglect. *Dimmitt*, 407 F.3d at 24–25 (counsel blamed his unfamiliarity with federal practice; the court answered that Maine's rules imposed the same twenty-one-day deadline and the same counterstatement requirement). A crowded calendar, without more, fares no better. *See Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 5 (1st Cir. 2002) (an attorney with "other fish to fry" must still meet the deadline). But the same court recognizes that lawyers "are not automatons." *United*

*States v. Gates*, 709 F.3d 58, 67 (1st Cir. 2013). Plaintiffs were untimely. They also did what the rules ask of a late filer: they opposed the motions, and they asked for leave.

That cause is documented on this docket, not merely asserted — and it is not ordinary busyness. Between June 8 and June 12, 2026, a five-day span, four defense groups filed nine motions in this Court alone: ECF Nos. 87, 88, 92, 93, 94, 95, 96, 98, and 99. Four were near-identical motions by four separate defendants to "hold in abeyance" the single ruling that threatens them — Plaintiffs' motion to disqualify Banco Popular's own counsel from also acting for the Companies. ECF Nos. 88, 92, 93, 96. In the same period, the same two lawyers were carrying two First Circuit appeals — Nos. 26-1357 and 26-1424, the record in the former running to roughly 700 pages with appendices — and meeting deadlines in the Commonwealth courts, while several of the movants sought and obtained their own enlargements or leave. Those nine motions carried overlapping, staggered response dates, and the movants' own extensions kept resetting them, so the operative deadline for any single opposition was itself a moving target. The short delay here was the product of that confusion over which date governed which response — not indifference to the Court's schedule — and confusion of exactly that kind is what *Pioneer* holds excusable. This is not the single-deadline inadvertence held non-excusable in *Dimmitt* (counsel's unfamiliarity with a clear rule), nor the everyday "other fish to fry" of *Chamorro*; it is an opponent-generated congestion that the movants themselves treated as extension-worthy. A party may not manufacture the congestion that produces a short delay and then move to strike its opponent's brief for arriving a few days late.

The remaining factors follow. The delay — two to ten days — disrupted no schedule; no hearing was continued and no deadline moved. There is no prejudice of any kind: the Court has not ruled on any of the eight motions, Banco Popular briefed each of them fully, and Banco

Popular's own request for leave to reply concedes that any asymmetry can be cured by a reply rather than by removing the opposition. Plaintiffs acted in good faith, which the corrections below confirm rather than undercut. A recent decision of this District did just what Plaintiffs ask. In *Casasnovas-Cortes v. Apex Bank*, No. 3:25-cv-01427-JAW, slip op. at 5–6 (D.P.R. Jan. 21, 2026) (Woodcock, J.), the court found excusable neglect under Rule 6(b)(1)(B), accepted an opposition filed one day late over a holiday-recess calendar, dismissed as moot the motion to deem the underlying motion unopposed, and granted the movant leave to file a reply — the very disposition Plaintiffs propose here. And because striking a brief would mean deciding motions unopposed, the First Circuit's "strong presumption in favor of deciding cases on the merits" controls. *Tubens v. Doe*, 976 F.3d 101, 107 (1st Cir. 2020) (*quoting Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir. 2007)).

Judicial economy points the same way. Striking the opposition would decide eight motions on a record from which one side's brief had been removed, and a ruling entered on one side's papers is the kind most likely to require correction later. Plaintiffs do not raise that concern idly. The dismissal now before the First Circuit in No. 26-1357 was entered on the strength of a related proceeding that Plaintiffs contend was conducted while the Companies' purported counsel labored under a concurrent conflict of interest — representing the Companies while long serving as Banco Popular's counsel — and unwinding that record on appeal has cost the parties and the courts months. Deciding the eight motions here on complete, adversarial briefing is the course that conserves judicial resources and avoids repeating that history.

Plaintiffs correct three statements in ECF No. 111 on their own initiative. First, ECF No. 111 cited *Gitto v. Worcester Telegram & Gazette Corp.*, 422 F.3d 1 (1st Cir. 2005), for the pleadings-only limitation; on review, *Gitto* is a bankruptcy public-access case under 11 U.S.C. §

107(b)(2) that refers to Rule 12(f) only by analogy and does not decide whether the rule reaches papers other than pleadings. Plaintiffs withdraw that citation. Second, the June 8–12 motions were filed by four defense groups, not by "seven different Defendants." Third, the order granting Plaintiffs leave to file the replies at ECF Nos. 84-1 and 86-1 is ECF No. 90; ECF No. 89 granted the Companies leave to reply to ECF No. 73. None of these corrections bears on the excusable-neglect analysis or on the diligence of the late filing; Plaintiffs make them so the Court may rely on the record as it stands. Counsel apologizes for the errors.

A second decision of this District confirms the distinction that decides such motions. In *Calderón Amézquita v. Rivera-Cruz*, No. 17-2197 (RAM), 2026 U.S. Dist. LEXIS 56031 (D.P.R. Mar. 17, 2026), the court analyzed competing late filings under Rule 6(b)(1)(B) and *Pioneer* and split them on the quality of the showing: it struck the filing supported only by a bare, two-or-three-sentence justification, but declined to strike the filing of the party who engaged the factors in detail — even though that party's delay ran to sixty days. Plaintiffs' showing here is of the detailed, docket-verifiable kind, not the conclusory kind, and their delay is measured in days, not months. If a sixty-day delay was excusable on a particularized showing, a two-to-ten-day delay on an equally particularized showing is *a fortiori* excusable.

**III. Banco Popular's alternative request for leave to file a reply confirms that the relief it primarily seeks is unnecessary.**

When a brief is filed outside the time allowed, *Cia. Petrolera* gives the court two courses: strike the filing, or give the opposing party an opportunity to respond. 754 F.2d at 410. The purpose of that choice is to protect the opportunity to be heard — there, the First Circuit faulted a district court for relying on a late brief without allowing a response. *Id.* Here, Banco Popular has asked for that very opportunity, and Plaintiffs do not oppose it. A party that tells the Court it can be made

whole by filing a reply has explained why the opposition need not be removed from the record. But the opportunity to be heard runs first to Plaintiffs. The filing this motion would remove is Plaintiffs' own opposition to eight motions; the due-process interest *Cia. Petrolera* protects is served, in the first instance, by keeping that opposition before the Court so the party facing those motions is heard on them. Banco Popular's reply dissolves any remaining asymmetry — but even if no reply were allowed, due process is served by leaving the opposition in the record rather than deciding eight motions after subtracting the one voice it most requires.

The same relief-pairing has now appeared three times on this docket — ECF Nos. 95, 98, and 116 — each seeking to strike a Plaintiffs' filing while requesting, in the alternative, leave to file a paper in the movant's favor. A fourth motion to strike a Plaintiffs' filing — ECF No. 117, aimed at the opposition to ECF No. 87 — followed on July 10; Plaintiffs will answer it separately. Plaintiffs draw no inference from that; they observe only that a single, symmetrical rule for late or unauthorized briefing is the workable one, and that the rule the movants propose for Plaintiffs is not the one they request for themselves.

## IV. The proportionate disposition closes the record on complete briefing.

Plaintiffs ask the Court to accept ECF No. 111 and to grant Banco Popular leave to file its reply by a date certain. Because a request for leave to file a sur-reply is already pending at ECF No. 113, Part II, and because it raises the same question of symmetrical briefing, Plaintiffs respectfully ask that it be resolved on the same terms if the Court grants leave to reply. That disposition gives every party the opportunity to be heard on the eight pending motions and leaves the Court with the fullest record on which to decide them.

**V. What the Court need not decide.**

Resolving ECF No. 116 requires no ruling on the merits of the motion to disqualify (ECF No. 74), the motion for limited discovery (ECF No. 75), or any pending sanctions motion. It requires no finding about any party's motive. And it does not require the Court to determine the precise date any response period expired, because Rule 6(b)(1)(B) supplies relief on the assumption that it did.

**WHEREFORE**, Plaintiffs very respectfully request that the Court: (a) GRANT the request for leave presented at ECF No. 111, Part III, and accept ECF No. 111 *nunc pro tunc*; (b) DENY the motion to strike at ECF No. 116; (c) GRANT Banco Popular and Mr. Ferrer leave to file a reply within a period the Court sets; (d) if the Court grants leave to reply, resolve Plaintiffs' pending request for leave to file a sur-reply (ECF No. 113, Part II) on the same terms; (e) in the strict alternative, and only if the Court is inclined to strike ECF No. 111, hold the eight underlying motions in abeyance and permit Plaintiffs to re-file their opposition within a short period the Court sets, so that no motion is decided on a one-sided record; and (f) GRANT such other and further relief as is just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of July, 2026.

Counsel for Plaintiffs Gregory S. Boyd and Jonathan Lassers
and derivatively for GFC Holdings, LLC and Biomass Green Fuels, LLC, and EFB, LLC

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
Law Offices of Jane Becker Whitaker
USDC-PR No. 205110 / RUA 9352
VIG Tower, 1225 Ave. Ponce de León, Suite 1102, San Juan, PR 00907
Tel. (787) 585-3824 · jbw@beckervissepo.com

/s/ Luis E. Miñana
LUIS E. MIÑANA
Espada, Miñana & Pedrosa Law Offices, P.S.C.
USDC-PR No. 225608 / RUA 16,297
122 Calle Ing. Manuel Domenech, Altos, Urb. Baldrich, San Juan, PR 00918
Tel. (787) 758-1999 · minanalaw@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER