**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GREGORY BOYD et al.**, | CIVIL NO. 26-1066-MAJ |
| Plaintiffs, | |
| v. | |
| **BANCO POPULAR DE PUERTO RICO et al.**, | |
| Defendants. | |

**BANCO POPULAR DE PUERTO RICO'S AND JAVIER FERRER'S
MOTION TO STRIKE PLAINTIFFS' UNTIMELY OPPOSITION TO MOTION FOR
RULE 11 SANCTIONS, LEAVE TO FILE A REPLY AND EXTENSION OF TIME**

**TO THE HONORABLE COURT:**

**COME NOW** Banco Popular de Puerto Rico and Mr. Javier Ferrer (together, the "BPPR Defendants"), through the undersigned counsel, and without submitting to the Court's jurisdiction or waiving any argument or defense, respectfully state and pray as follows:

1.      Plaintiffs have engaged in a pattern of disregarding this Court's rules and deadlines by filing untimely submissions without requesting extensions of time within the deadline or providing any justification for their failures to comply.

2.      On June 30, 2026, the BPPR Defendants filed their Motion for Sanctions Under Fed. R. Civ. P. 11. See Docket No. 108.

3.      Pursuant to Local Rule 7(b), Plaintiffs' opposition was due no later than July 14, 2026—fourteen (14) days after the filing of the motion. Plaintiffs neither filed a timely opposition nor sought an extension of time within which to do so.

4.      Instead, Plaintiffs waited until July 23, 2026—nine days past the deadline—to file their Opposition (Docket No. 120), without any prior leave of Court or motion for extension.

5.      Although Plaintiffs included the word "instanter" in the title of their Opposition, the filing nowhere acknowledges its untimeliness, offers any explanation for the delay, or demonstrates good cause, or any cause whatsoever, for Plaintiffs' failure to comply with the Court's deadline.

6.      Compliance with this Court's Local Rules is not optional. The Opposition should be stricken as untimely, particularly in light of Plaintiffs' repeated pattern of late and unjustified filings throughout this litigation. To permit such conduct without consequence would undermine the orderly administration of this case.

7.      Without waiving the foregoing request, in the interest of ensuring a complete record, the BPPR Defendants respectfully request leave to file a reply to the Opposition and an extension of seven days in which to do so, on August 6, 2026. Leave to reply is warranted because the Opposition materially misstates the record and the facts, and advances unfounded conclusions that require correction and clarification by the BPPR Defendants. Should the Court grant the motion to strike, this request shall be deemed moot.

**WHEREFORE**, the BPPR Defendants respectfully request that this Court: (1) strike Plaintiffs' Opposition to the Motion for Rule 11 Sanctions (Docket No. 120) as untimely filed in violation of Local Rule 7(b); and (2) grant the BPPR Defendants leave to file a reply to the Opposition and an extension of seven days, until August 6, 2026, in which to file such reply.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 30th day of July 2026.

**IT IS HEREBY CERTIFIED** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

*/s/ María Dolores Trelles Hernández*
María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

*/s/ María Elena Martínez Casado*
María Elena Martínez Casado
USDC-PR Bar No. 305309
mmartinez@pmalaw.com

3