**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

GREGORY BOYD and JONATHAN LASSERS, individually and derivatively on behalf of GFC HOLDINGS, LLC and BIOMASS GREEN FUELS, LLC; and EFB, LLC,

Plaintiffs,

v.

BANCO POPULAR DE PUERTO RICO, et al.,

Defendants.

**Civil No. 26-1066 (MAJ-MBA)**

**NOTICE OF AMENDMENT AS OF RIGHT UNDER FED. R. CIV. P. 15(a)(1)(B), OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE VERIFIED FIRST AMENDED AND SUPPLEMENTAL COMPLAINT AND TO SUPPLEMENT UNDER FED. R. CIV. P. 15(d), FOR ISSUANCE OF SUMMONSES, AND TO SET A SERVICE PERIOD UNDER FED. R. CIV. P. 4(m)**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Gregory Boyd and Jonathan Lassers — individually and derivatively on behalf of nominal defendants GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies") and Gregory Boyd on his own behalf as to Count X and very respectfully state and pray:

1. The appearing Plaintiffs respectfully give notice that they amend their complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) and file the Verified First Amended and Supplemental Complaint attached as Exhibit 1, with its Schedule A (the "Amended Complaint"). In the

alternative, and to the extent the Court concludes that leave is required, Plaintiffs move under Fed. R. Civ. P. 15(a)(2) for leave to file the Amended Complaint and, as to the transactions, occurrences and events after February 7, 2026 that it pleads, for leave to supplement under Fed. R. Civ. P. 15(d).

2. Plaintiffs further request that, if leave is required, the Amended Complaint be deemed filed as of the date of the Court's order; that the Clerk issue summonses for every named Defendant; and that the Court set a service period of ninety days from the issuance of the summonses under Fed. R. Civ. P. 4(m).

**I. BACKGROUND**

3. Plaintiffs filed the original Complaint on February 7, 2026. Docket 1. Not all named Defendants were served within the initial Rule 4(m) period; certain Defendants have appeared, and motion practice addressed to the original Complaint remains pending. No scheduling order has issued, no Rule 16 conference has been held, and no discovery has been taken.

4. Since the original Complaint was filed, the record has materially changed, through events and documents that did not exist or were not available on February 7, 2026. Among them: (a) the May 26, 2026 declaration of Olmar López Vidal under 28 U.S.C. § 1746 — the Founding Members' Manager on GFC's Board and BGF's President — attesting from personal knowledge to the governance facts at the center of this action; (b) the May 26, 2026 order of the Puerto Rico Court of First Instance in No. SJ2024CV04616, addressed in the Amended Complaint with candor; (c) the appellate docket of No. 26-1357 (1st Cir.), opened April 7, 2026, including Banco Popular's informative motion of May 7, 2026 identifying the counsel it regards as the Companies' counsel, from which the Amended Complaint pleads the authority facts (In the First Circuit, Banco Popular "informed" the Court of Appeals that the Companies were not appealing the judgment) (¶¶ 98–

104, 784–788); (d) the executed First Amendment to Confidentiality and Non-Disclosure Agreement effective February 9, 2023 and the e-mail chains of January 17 to February 20, 2023, located and produced in October 2026, on which Predicate Acts 5 through 7 rest; (e) the Puerto Rico Department of State records of Ponce RNG, LLC and Island Renewable Energies, LLC, on which Predicate Act 8 rests; (f) the proceedings since filing in No. SJ2024CV04616, including Humacao RNG's September 18, 2026 motion for summary judgment, and the Supreme Court of Puerto Rico's September 3, 2026 denial of review, pleaded as supplementation; and (g) the declarations of Gregory Boyd and Jonathan Lassers under 28 U.S.C. § 1746 executed on October 10 and October 9, 2026, filed with the Amended Complaint.

5. On August 24, 2026, Plaintiffs filed an informative motion addressing the pending motions and their sequencing, Docket 127, and on August 25, 2026 the Court held a status conference before Magistrate Judge Bauzá-Almonte, Minute Entry, Docket 128. Among other matters, the Court granted Defendants' requests to hold the deadline to answer or otherwise plead in abeyance (Dockets 92, 93, 94, and 96), declined to strike Plaintiffs' reply regarding the order to show cause, and set September 8, 2026 for surreplies. This filing and the attached Amended Complaint follow.

## II. THE PROPOSED AMENDED COMPLAINT

6. The Amended Complaint is verified. It converts the pleading to the posture the prior rulings in the related actions identified as the proper one: the Companies' injuries are asserted *derivatively* by verified derivative plaintiffs under Fed. R. Civ. P. 23.1 and 14 L.P.R.A. §§ 4003–4005, with the Companies joined as nominal defendants, a manager-by-manager statement of demand futility, and a double-derivative structure for the injuries of BGF; Boyd pleads one individual claim, Count X, on his personal guaranty.

7. For the Court's convenience, the Amended Complaint states at the outset exactly what has changed from the original Complaint and what it does not seek (¶¶ 16–25), and collects in a single early section (¶¶ 208–226) the grounds on which Plaintiffs contend the Board actions underlying the prior dismissal rulings were unauthorized and unlawful — including the governance provisions of GFC's Operating Agreement and its executed amendments, the reserved member approvals, and the documented non-consent record. The Amended Complaint engages the adverse rulings directly rather than pleading around them (¶¶ 186–207, 1048–1053), and it concedes record facts that earlier drafts had stated inaccurately, conforming every allegation to the documents it cites.

8. The Amended Complaint pleads eleven counts — civil RICO and RICO conspiracy under 18 U.S.C. § 1962(c)–(d), a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836, declaratory relief, and supplemental Puerto Rico-law claims — supported by references to documents, with each of the eleven predicate acts pleaded from the parties' own instruments, sworn statements and banking records, and with a Schedule A that states the loss ledger, the release matrix and the conduct attributed to each Defendant.

## III. ARGUMENT

### A. The Amended Complaint May Be Filed Once as a Matter of Course Under Rule 15(a)(1)(B)

9. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). For a complaint — a pleading to which a responsive pleading is required — subparagraph (B) governs, and it describes a single, continuous period: the right to amend once as of course arises when the

complaint is filed and does not expire until 21 days after the earlier of the two designated events. Where neither event has occurred, the right continues. Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment (" 'No later than' makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B)"); *United States ex rel. D'Agostino v. ev3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) (the Rule's timing language "merely specifies the point at which the right expires"); *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011) ("[A] party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).").

10. That period has never begun to run here. No Defendant has served a motion under Rule 12(b), (e), or (f). The only motions seeking dismissal invoke Rule 4(m) (Dockets 87, 88); Rule 15(a)(1)(B)'s enumeration is exclusive, and Rule 4(m) is not among the designated motions. Nor does any responsive pleading stand. Every appeared Defendant sought — and at the August 25, 2026 conference obtained — an order holding the deadline "to answer or otherwise plead" in abeyance (Dockets 92, 93, 94, 96; Minute Entry, Docket 128). The sole answer on the docket, Docket 32, was filed on behalf of the two nominal defendant Companies by an attorney who moved two days later to withdraw both his appearance and the answer itself, Docket 34; the Court held that motion in abeyance, Docket 36, it remains unadjudicated, and the authority of counsel purporting to speak for the Companies is itself the subject of Plaintiffs' pending disqualification motion. Docket 74. An answer promptly disavowed by its own filer, entered for nominal defendants whose claims Plaintiffs assert derivatively, is not a responsive pleading that extinguishes Plaintiffs' right to amend — and even if it were given that effect, it would at most bear on the two nominal Companies, not on the more than two dozen Defendants who have never

answered or moved under Rule 12. *See Villery*, 277 F.R.D. at 219–20 (applying the current rule: plaintiff "may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer or a Rule 12(b), (e), or (f) motion," and accepting the amendment as of right as to those defendants while granting leave as to the rest); *cf. Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007) (construing the pre-2009 rule: where "not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer").

11. Plaintiffs accordingly give notice that the Amended Complaint is filed once as a matter of course under Rule 15(a)(1)(B). Mindful, however, of the Court's management of this docket, and to forestall any dispute over the effect of Dockets 32, 87 and 88 on the Rule 15(a)(1)(B) period, Plaintiffs also present the amendment by motion and request, in the alternative, that the Court grant leave under Rule 15(a)(2) — under which the outcome is the same. *See Villery*, 277 F.R.D. at 220 (denying the motion as moot to the extent amendment was of right, and granting leave to the extent it was required).

**B. In the Alternative, Leave to Amend Should Be Freely Given Under Rule 15(a)(2)**

12. Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962); accord *Amyndas Pharms., S.A. v. Zealand*

*Pharma A/S*, 48 F.4th 18, 34–35 (1st Cir. 2022). The standard applies with full force even where motions to dismiss are pending or fully briefed. *D'Agostino*, 802 F.3d at 195 (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

**C. Every Foman Factor Favors Leave**

13. **No undue delay.** This is Plaintiffs' first request to amend, made eight months after filing, before any scheduling order, Rule 16 conference, or discovery. The amendment is keyed to evidence that post-dates the original Complaint: the López Vidal declaration and the Commonwealth order are dated May 26, 2026; the appellate docket of No. 26-1357 was opened on April 7, 2026, and Banco Popular's informative motion there is dated May 7, 2026; the executed First Amendment of February 9, 2023 and the 2023 e-mail chains on which the new predicate acts rest were located and produced in October 2026; and the declarations of Boyd and Lassers were executed on October 10 and October 9, 2026. Plaintiffs moved promptly once that record was in hand.

14. **No bad faith or dilatory motive.** The Amended Complaint is an exercise in candor: it identifies at the outset everything that has changed (¶¶ 16–25); it discloses and addresses the adverse rulings rather than omitting them (¶¶ 186–207, 1048–1053); and it conforms its allegations to the documents it cites, expressly conceding record facts — including the signatures borne by the September 11, 2023 consent that earlier drafts had described as unsigned (¶¶ 537–539) — where the documents so show.

15. **No undue prejudice.** Many Defendants have not yet been served; no Defendant's answer stands (the sole answer on the docket, Docket 32, is the subject of its own filer's still-pending motion to withdraw it, Docket 34); no discovery has been taken; and by the Court's ruling at the August 25, 2026 conference, the appearing Defendants' deadline to answer or otherwise plead is

held in abeyance, Docket 128 — no responsive-pleading deadline is even running. Defendants' pending motions addressed to the original Complaint (Dockets 87 and 88) can be denied without prejudice as moot upon the filing of the Amended Complaint, to be renewed, if at all, against the operative pleading — the ordinary and efficient course at this early posture. Plaintiffs' own pending motions — the motion for an order to show cause (Docket 50), the motion to disqualify (Docket 74) and the motion for limited discovery (Docket 75) — concern who may speak for the Companies and are unaffected by the amendment.

16. **Not futile.** The prior rulings in the related actions turned on who may assert the Companies' injuries, not on the merits, which no court has reached. The Amended Complaint responds on those rulings' own terms: a verified derivative vehicle, contemporaneous and continuous membership, demand futility pleaded manager by manager, a double-derivative structure for BGF, and predicate acts pleaded with Rule 9(b) particularity from documentary sources. Whether those allegations ultimately prevail is for adjudication on a full record; for present purposes it suffices that the amendment squarely addresses the deficiencies previously identified and states claims that are plausible on the documents pleaded.

**D. Summonses Should Issue and a Service Period Should Be Set**

17. Because the Amended Complaint will supersede the original Complaint and is asserted against Defendants not all of whom have been served, Plaintiffs request that this Court order the Clerk to issue summonses for every named Defendant upon the filing of the Amended Complaint, and that the Court set a service period of ninety days from issuance under Rule 4(m). Good cause supports the request: the parties' governance dispute over who may speak for the Companies — itself a subject of this action — and the sequencing of the pending motions counseled against piecemeal service of a pleading about to be superseded.

**WHEREFORE**, Plaintiffs respectfully request that the Court: (a) take notice that the Verified First Amended and Supplemental Complaint attached as Exhibit 1 is filed once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), or, in the alternative, grant leave to file it under Fed. R. Civ. P. 15(a)(2) and deem it filed as of the date of the Court's order; (b) direct the Clerk to issue summonses for every named Defendant; (c) set a service period of ninety days from the issuance of summonses under Fed. R. Civ. P. 4(m); (d) grant leave under Fed. R. Civ. P. 15(d) to the extent the Amended Complaint pleads transactions, occurrences or events after February 7, 2026; and (e) grant such other relief as the Court deems just.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of October 2026.

s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
USDC-PR No. 205110
P.O. Box 9023914
San Juan, PR 00902-3914
Tel.: (787) 585-3824
janebeckerwhitaker@gmail.com

s/ Luis E. Miñana
LUIS E. MIÑANA
USDC-PR No. 225608
Espada, Miñana & Pedrosa Law Offices, PSC
122 Calle Ing. Manuel Domenech, Altos,
Urb. Baldrich, San Juan, PR 00918
Tel.: (787) 758-1999
minanalaw@yahoo.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Jane A. Becker Whitaker